**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| KENNETH JOHNSON and JACQUELYN JOHNSON,  et al., | ) | |
| | ) | |
| Plaintiffs | | |
| v. | ) | Civil Action |
| | | File No. **7:16-CV-00141-WLS** |
| | ) | |
| BRANDEN BELL; et al., | | |
| | ) | |
| Defendants. | | |
| | ) | |

**MOTION FOR EXTENSION OF TIME TO COMPLETE**
**AND PERFECT SERVICE OF PROCESS**

Plaintiffs KENNETH JOHNSON and JACQUELYN JOHNSON, by and

through the undersigned counsel of record, and prior to the expiration of time as set forth by

Federal Rules of Civil Procedure 4(m), moves the Court to extend for a period of ten (10)  days

the time within which plaintiffs must complete service of process upon defendants herein, and as

grounds therefore, respectfully show:

1. Federal Rules of Civil Procedure 4(m) provides that "if a defendant is not served

within 90 days after the complaint is filed, the court - on motion or its own after notice to the

plaintiff - must dismiss the action without prejudice against that defendant or order that service

be made within a specified time."

2. The foregoing subsection of Rule 4 was amended, and as of December 1, 2015 it no

longer allows the plaintiff what had previously been 120 days within which to serve any

defendant.

3. In this case, the undersigned filed the instant action on August 17, 2016 following the plaintiffs' filing of a voluntary dismissal in the Superior Court of Lowndes County on March 18, 2016. Accordingly, plaintiffs had under Rule 4(m) until November 15, 2016 in which to serve the defendants with copies of the complaint.

4. As a result of the aforementioned and recent change in the law regarding the amount of time allowed for serving defendants, plaintiffs' counsel erroneously believed that plaintiffs had 120 days within which to serve each of the 38 defendants named in the instant action, two (2) of whom live outside the State of Georgia . The plaintiffs' reasons for not having served the aforesaid defendants as soon as their action was re-filed in August was due to their desire to take advantage of F.R.C.P. Rule 15(a)(1)(A), which allows the plaintiffs to amend their lawsuit as a matter of course, at any time before they are served with a responsive pleading. Due to the number of defendants, and the complex nature of the claims which were asserted in the complaint, the amendments which plaintiffs are seeking to make to their lawsuit have consumed a great deal of time and research.

5. Plaintiffs' counsel discovered that plaintiffs had only 90 days in which to complete service of process on the evening of November 10, 2016. Inasmuch as Friday, November 11, 2016, was a federal holiday (Veterans' Day), plaintiffs were unable to secure from the clerk's office the summons which must accompany the complaint when it is served.

6. On Monday, November 14, 2016, plaintiffs obtained from the clerk's office signed summons and proceeded to send to the defendants' attorneys copies of the complaint via FedEx Next Day Delivery. In the aforementioned FedEx packages and as a result of the aforementioned circumstances, plaintiffs attached a waiver request which plaintiffs had modified to the enclosed copies of the complaint.

7. On Tuesday, November 15, 2016, plaintiffs sought to serve each of the defendants through their attorneys, each of whom are currently representing the named defendants in ongoing proceedings for attorneys' fees and counterclaims in the Superior Court of Lowndes Count. In this regard, Rule 4(e)(2)(C) allows an attorney to serve as a defendant's authorized agent and, thus, receive service of process on the defendant/client's behalf. It should be noted in this regard, that the plaintiffs will not know whether the defendants have authorized their attorneys to accept service of process on their behalf until responsive pleadings are filed.

8. As a result of the foregoing circumstances, plaintiffs contend that the foregoing circumstances, constitute good cause or, minimally, excusable neglect.

9. Plaintiffs also maintain that if the Court were to consider granting plaintiffs. The additional time in which to perfect service upon the defendants, said defendants would not be prejudiced.

10. Plaintiffs have sought this request for extension of time prior to the expiration of the aforementioned 90-day time period, as set forth by Rule 4.

WHEREFORE, the Court to extend for a period of ten (10) days the time within which plaintiffs must complete service of process upon defendants herein,, and that the plaintiffs have such other and further relief as is just and proper.

This 15th day of November, 2016.

THE C.B. KING LAW FIRM

BY:/Chevene B. King, Jr.

Chevene B. King, Jr.
Attorney for Plaintiffs

Prepared by:
Chevene B. King, Jr.
Post Office Drawer 3468
Albany, GA 31706
(912) 436-0524
State Bar No.: 420105