IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KENNETH JOHNSON and JACQUELYN JOHNSON, et al., )<br>)<br>Plaintiffs )<br>v. )<br>)<br>BRANDEN BELL; et al., )<br>)<br>Defendants. )<br>_____ ) | Civil Action<br>File No. **7:16-CV-00141-WLS** |

BRIEF IN SUPPORT OF PLAINTIFFS' MOTION
FOR EXTENSION OF TIME IN WHICH TO
COMPLETE AND PERFECT SERVICE OF PROCESS

NOW COME the Plaintiffs and in support of their motion for extension of times in which to complete service of process, hereby submit the following for this Court's consideration.

I. Standards for Allowing Additional Time in Which to Complete Service of Process.

Federal Rule of Civil Procedure 4(m) provides that the deadline for service of process was reduced in December 2015 from, 120 days to 90 days, after the complaint is filed:

> "If a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Fed.R.Civ.P. 4(m). This rule has both "mandatory and discretionary components." Boyd v. Koch Foods of Alabama, LLC, No. 2:11cv748–MHT, 2011 WL 6141064, at *2 (M.D.Ala. Dec. 8, 2011) (Thompson, J.). On one hand, if good cause is shown, the court must grant the extension of time for service. See id. On the other hand, if good cause is not shown, then a district court has

discretion whether to extend the time for service. See Horenkamp v. Van Winkle & Co., Inc., 402 F.3d 1129, 1132 (11th Cir.2005). Application of Rule 4(m) may thus involve a two-part analysis.

The first part of this analysis is a good-cause inquiry. The Eleventh Circuit Court of Appeals has explained that, "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.' " Lepone–Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (alteration in original) (quoting Prisco v. Frank, 929 F.2d 603, 604 (11th Cir.1991) (per curiam), superseded in part by rule as stated in Horenkamp, 402 F.3d at 1132, n. 2). To show good cause, then, a plaintiff "must show how he or she '(1) has proceeded in good faith; (2) has a reasonable basis for noncompliance and (3) the basis for the delay was more than simple inadvertence or mistake.' " Welch v. Dale, No. 3:12cv393–MHT, 2012 WL 6725647, at *1 (M.D.Ala. Dec. 27, 2012) (Thompson, J.) (quoting Durgin v. Mon, 659 F.Supp.2d 1240, 1258 (S.D.Fla.2009) (Marra, J.)).

There is a second, alternative analysis, however, which is to determine whether the district court should use its discretion to grant the extension despite the movant's failure to show good cause. See Lepone–Dempsey, 476 F.3d at 1282. "The Eleventh Circuit ... has mandated that a district court examine not only 'good cause' arguments but also whether 'any other circumstances warrant an extension of time based on the facts of the case' before denying an extension." Boyd, 2011 WL 6141064, at *2 (quoting Lepone–Dempsey, 476 F.3d at 1282). Some of the factors potentially justifying relief include whether the suit would be barred by the statute of limitations even if the suit were to be dismissed without prejudice, as well as whether "the defendant is evading service or conceals a defect in attempted service." Lepone–Dempsey, 476 F.3d at 1282

(internal citations omitted). These examples are not exhaustive, and the court may consider other factors. See id.

## CONCLUSION

In the case at bar, the plaintiffs have asserted several claims pursuant to Title 42 USC §§1983 and 1985. In this state, such claims have a two-year statute of limitations. Inasmuch as some of the alleged injuries and misconduct took place more than two (2) years ago, should the Court dismiss at this time their federal law claims, even without prejudice, such a ruling would effectively and forever foreclose the plaintiffs from pursuing such claims in their search for the truth regarding the January 10, 2013 disappearance and death of their 17-year-old son, Kendrick Johnson.

This 15th day of November, 2016.

THE C.B. KING LAW FIRM

BY:/Chevene B. King, Jr.
Chevene B. King, Jr.
Attorney for Plaintiffs

Prepared by:
Chevene B. King, Jr.
Post Office Drawer 3468
Albany, GA 31706
(912) 436-0524
State Bar No.: 420105