**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| KENNETH JOHNSON and JACQUELYN JOHNSON, individually, as personal representative of Kendrick Lamar Johnson, and as administrators for and on behalf of the Estate of Kendrick Lamar Johnson,<br><br>          Plaintiffs,<br><br>     vs.<br><br>BRIAN BELL; in his individual capacity and as child of Rick Bell; BRANDEN BELL, in his individual capacity and as child of Rick Bell; RICK BELL, in is individual capacity and parent of Branden Bell and Brian Bell, *et al.*,<br><br>          Defendants. | Civ. Case No. 7:16-cv-00141-WLS |

___***SPECIAL APPEARANCE* OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO COMPLETE AND PERFECT SERVICE OF PROCESS BY DEFENDANTS BRIAN BELL, BRANDON BELL, AND RICK BELL**___

COME NOW Defendants Brian Bell, Brandon Bell, and Rick Bell (*collectively*, "Bell Defendants") and oppose Plaintiffs' Motion for Extension of Time to Complete and Perfect Service of Process ("Motion for Extension").[1]  Specifically, the Court should deny the Motion for Extension because (1) Plaintiffs have failed to show "good cause" for the failure to perfect service of process within the 90-day period prescribed in Federal Rule of Civil Procedure ("Federal Rule") 4(m) and (2) the circumstances surrounding the instant motion do not warrant an extension of the 90-day period.  Therefore, Bell Defendants respectfully request that the Court deny the Motion for Extension.

---

[1] Bell Defendants make this special appearance without waiving, and expressly preserving, their defenses of failure of service, failure of service of process, and preserving any and all jurisdictional defenses.

## I.  BACKGROUND

Plaintiffs filed the present lawsuit on August 17, 2016, asserting an assortment of claims arising from the death of Kendrick Lamar Johnson.[2]  (Doc. no. 1, Compl.).  The Clerk of the Court did not issue summonses for Bell Defendants until November 14, 2016.  (Doc. nos. 3-5).  On the eve of the Federal Rule 4(m) deadline (on or about November 14, 2015), Plaintiffs sent Bell Defendants copies of the above-captioned complaint and Requests to Waive Service of Summons.  (Doc. no. 42 ¶¶ 5-6).  That same date, Plaintiffs filed the Motion for Extension, seeking a 10-day extension to deadline imposed by Federal Rule 4(m).  (Doc. no. 42, pp. 1, 3).  Plaintiffs have failed to perfect service of process upon Bell Defendants within the 90-day period prescribed by Federal Rule 4(m).

## II.  ARGUMENT AND CITATION TO AUTHORITY

The Court should deny the Motion for Extension because (1) Plaintiffs have failed to show "good cause" for the failure to perfect service of process within the applicable 90-day period and (2) the circumstances surrounding the instant motion do not warrant an extension.  Federal Rule 4 states, in pertinent part, "[I]f the plaintiff shows good cause for the failure [to serve a defendant within 90 days after the complaint is filed], the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).[3]  As the Eleventh Circuit Court of Appeals has stated, "The court must extend the time for service, however, if the plaintiff shows

---

[2] "This action is based upon substantially the same causes of action as asserted in and brought by [P]laintiffs in the Superior Court of Lowndes County, Georgia, Case Numbers 2013 CV 1230, 2014 CV 997, 2014 CV 1592, and 2015 CV 706, and therefore is the result, at least as to some actions contained herein, of [P]laintiffs' voluntary dismissals [filed on March 1, 2016] as set forth and pursuant to O.C.G.A. §§ 9-11-41 and 9-2-63."  (Doc. no. 1, Compl. P. 3).

[3] The Advisory Committee's Notes state, in pertinent part, "Relief *may* be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."  Fed. R. Civ. P. 4(m), Advisory Committee's Note (internal citations omitted) (emphasis added).

"good cause" for the failure." <u>Richardson v. Johnson</u>, 598 F.3d 734, 738 (11th Cir. 2010).  With

regard to "good cause," the Eleventh Circuit has stated,

> Good cause exists when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.  Even if a district court finds that a plaintiff failed to show good cause, the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case.  Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time.  Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause.

<u>Rance v. Rocksolid Granit USA, Inc.</u>, 583 F.3d 1284, 1286 (11th Cir. 2009) (internal quotations

and citations omitted); <u>Lepone-Dempsey v. Carroll Cty. Comm'rs</u>, 476 F.3d 1277, 1282 (11th

Cir. 2007) (holding that, even when a plaintiff fails to show "good cause," the court must

consider whether other circumstances warrant an extension and that, although the running of the

statute does not require an extension, it was incumbent upon the court to consider this factor).

This Court's decision in <u>Pallman Maschinenfabrik GmbH & Co. v. Evergreen Composite

Tech., L.L.C.</u>, Civ. Action No. 5:08-CV-33(HL), 2009 WL 112683, at *3 (M.D. Ga. Jan. 16,

2009) is particularly instructive with respect to a request to extend the Federal Rule 4(m)

deadline.  Because the plaintiff failed to perfect service within five (5) months of commencing

the case, this Court directed, after proof of untimely service was filed, the plaintiff to show cause

why the case should not be dismissed.  <u>Pallman</u>, 2009WL112683, at *1.  Addressing the issue of

untimely service, this Court first quoted Federal Rule 4(m) and concluded that service was

untimely because the show cause order did not extend the Federal Rule 4(m) deadline.  <u>Id.</u> at *2.

Nevertheless, this Court explained that it was required to excuse untimely service upon a

showing of "good cause," which does not include inadvertence or negligence, and that the Court

has the *discretion* to extend the deadline if other circumstances warrant an extension based upon

the facts of the case.  Id.  Specifically, this Court stated that reliance upon a waiver of service did not constitute "good cause" because a defendant is not required to waive service.  Id.  Furthermore, this Court stated,

> As a matter of common sense, [p]laintiff should have either required that [d]efendant execute the waiver prior to the expiration of the deadline, or instead effected formal service and not depended on a waiver at all.  Of course, if Plaintiff wanted to afford Defendant sixty (60) days to return it, Plaintiff could have sent the waiver well before May 1, 2008.  *Either way, Plaintiff's untimely service was its own fault.*

Ultimately, this Court properly granted the defendant's motion to dismiss based upon untimely service of process.  Id. at *3 (emphasis added); see also Tunstall v. Deutsche Bank Trust Co. Am., Civ. Action No. 5:08CV301(HL), 2009 WL 274153, at *2 (M.D. Ga. Feb. 4, 2009) (dismissing complaint for failure to perfect service where the plaintiff had not demonstrated that the statute would bar or the defendants evaded service); Gambuti v. Georgia, Civ. Action No. 7:06CV49 HL, 2007 WL 1087441, at *1 (M.D. Ga. Apr. 9, 2007) (dismissing complaint where the statute has not run and there was no indication that the defendant evaded service or concealed a defect in service).

Here, Plaintiffs commenced this case on August 17, 2016, and thus, they had until November 15, 2016, to perfect service upon Bell Defendants.  Rather than timely perfect service of process, Plaintiffs waited until the eve of the Federal Rule 4(m) deadline to send requests to waive service of summons to Counsel for Bell Defendants and file the instant motion.[4]  (Doc. no. 42 ¶¶ 5-6).  Because Plaintiffs failed to perfect service of process upon Bell Defendants within the period prescribed in Federal Rule 4(m), the Court must determine whether Plaintiffs can

---

[4] Although Plaintiffs maintain that they filed the instant motion and sought to perfect service prior to the expiration of the Federal Rule 4(m) deadline, the instant motion was filed, according to the Clerk's Office, after 11:30PM on November 15, 2016 (the same day Counsel for Bell Defendants received Plaintiffs' package), and thus, Plaintiffs' assertion that they had time to perfect service of process is, putting it kindly, disingenuous.  (Doc. no. 42).

show (1) "good cause" for the failure to timely serve or (2) other circumstances warrant extending the service deadline.

First, Plaintiffs have failed to show "good cause" for the failure to perfect service upon Bell Defendants within the period prescribed by Federal Rule 4(m).  With respect to the "good cause" inquiry, Plaintiffs assert,

> [P]laintiffs' counsel erroneously believed that [P]laintiffs had 120 days within which to serve each of the 38 defendants . . . .  The [P]laintiffs' reason for not having served the aforesaid defendants as soon as their action was re-filed in August was due to their desire to take advantage of [Federal Rule 15], which allows the [P]laintiffs to amend their lawsuit as a matter of course, at any time before they are served with a responsive pleading.

(Doc. no. 42 ¶ 4).  However, the failure to timely serve resulting from a plaintiff's "own negligence" in failing to adhere to the Federal Rules does not constitute "good cause." Lepone-Dempsey, 476 F.3d at 1281–82; Tunstall, 2009 WL 274153, at *1; Gambuti, 2007 WL 1087441, at *1.  Here, Plaintiffs' failure to comply with Federal Rule 4(m) resulted from the decision to wait until the eve of the applicable deadline to first attempt to perfect service.  Like the plaintiff in Pallman, Plaintiffs should have either required Bell Defendants to execute the waivers well in advance of the expiration of the deadline or perfected formal service within the applicable period.  Either way, the untimely service was Plaintiffs' own fault.  Therefore, Plaintiffs cannot establish "good cause" for the extension of the Federal Rule 4(m) deadline.

Second, Plaintiffs have failed to show that other circumstances warrant extending the Federal Rule 4(m) deadline.  The Advisory Committee's Note provides that the Court **may** grant the sought-after relief if, for example, the applicable statute of limitations would bar the refiled action or if Defendants evaded service or concealed a defect in attempted service.  Here, Plaintiffs have not asserted, can cannot establish, that Bell Defendants have evaded service or concealed a defect.  Rather, Plaintiffs concede that they voluntarily chose to delay perfecting

service in an effort to take advantage of Federal Rule 15. (Doc. no. 42 ¶ 15). Assuming, *arguendo*, the applicable statute of limitations would bar a later action commenced by Plaintiffs,[5] the decision to voluntary dismiss the prior matters commenced in the Superior Court of Lowndes County, Georgia, ("Superior Court") coupled with the eleventh-hour attempt to perfect service and lack of diligence weighs heavily against the sought-after *discretionary* relief. Furthermore, if the Court grants the sought-after relief, Bell Defendants would suffer extreme prejudice in the form of having to again defend a case Plaintiffs had a full and fair opportunity to litigate in Superior Court, but chose to voluntarily dismiss to avoid unfavorable rulings and to gain strategic advantage. Plaintiffs cannot have their cake in the form of tactically employing procedural rules to gain strategic advantage or avoid unfavorable rulings and eat it too by avoiding application of the statute of limitations when their failure to adhere to these rules may result in dismissal of the action. Therefore, Plaintiffs have failed to establish that other circumstances warrant extension of the service deadline in this matter.

## III.  CONCLUSION

For the reasons stated herein, Bell Defendants respectfully request that the Court deny Plaintiffs' Motion for Extension.

---

[5] As the Court is aware, the claims asserted in the above-captioned case are governed by a two-year statute of limitations. E.g., Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). In this regard, Plaintiffs submit, "Inasmuch as *some* of the alleged injuries and misconduct took place more than two (2) years ago, should the Court dismiss . . . such a ruling would effectively and forever foreclose the plaintiffs from pursuing such claims . . . ." (Doc. no. 42-1, p. 3 (emphasis added)). However, Plaintiffs allege, in the above-captioned complaint, that some of the events giving rise to this matter occurred in November 2014. (Doc. no. 1 ¶ 107). Simply put, Plaintiffs have failed to satisfy their burden of persuasion or demonstrate that, if the sought-after relief were denied and this matter dismissed without prejudice, the applicable statute of limitations would bar a later action commenced by Plaintiffs. Bell Defendants will fully address, in a subsequently-filed motion to dismiss, the issue of the statute of limitations as applied to Plaintiffs' claims.

Respectfully submitted this 17th day of November, 2016.

OLIVER MANER LLP

 */s/ Paul H. Threlkeld*
PATRICK T. O'CONNOR
Georgia Bar No. 548425
PAUL H. THRELKELD
Georgia Bar No. 710731
P.O. Box 10186
Savannah, Georgia 31412
(912) 236-3311
(912) 236-8725 (facsimile)
pto@olivermaner.com
pht@olivermaner.com

*Counsel for Bell Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| KENNETH JOHNSON and JACQUELYN JOHNSON, individually, as personal representative of Kendrick Lamar Johnson, and as administrators for and on behalf of the Estate of Kendrick Lamar Johnson,<br><br>      Plaintiffs,<br><br>   vs.<br><br>BRIAN BELL; in his individual capacity and as child of Rick Bell; BRANDEN BELL, in his individual capacity and as child of Rick Bell; RICK BELL, in is individual capacity and parent of Branden Bell and Brian Bell, *et al.*,<br><br>      Defendants. | Civ. Case No. 7:16-cv-00141-WLS |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the ***SPECIAL APPEARANCE OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO COMPLETE AND PERFECT SERVICE OF PROCESS BY DEFENDANTS' BRANDON BELL, BRIAN BELL, AND RICK BELL*** upon all parties in the above-captioned case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing to the following:

Chevene B. King, Jr.
P.O. Box 3468
Albany, Georgia 31706

Respectfully submitted, this 17th day of November, 2016.

OLIVER MANER LLP

 /s/ Paul H. Threlkeld
PAUL H. THRELKELD
Georgia Bar No. 710731
P.O. Box 10186
Savannah, Georgia 31412
(912) 236-3311
(912) 236-8725 (facsimile)
pht@olivermaner.com

*Counsel for Bell Defendants*