IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KENNETH JOHNSON, ET AL.  )<br>  )<br>  Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>BRIAN BELL, ET AL.  )<br>  )<br>  Defendants.  )  | CIVIL ACTION<br>NO.: 7:16-cv-00141-WLS |

**SPECIAL APPEARANCE OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO COMPLETE AND PERFECT SERVICE OF PROCESS BY DEFENDANTS WILLIAM "WES" TAYLOR, THE LOWNDES COUNTY SCHOOL DISTRICT, FRED WETHERINGTON, AND JAY FLOYD**

COME NOW Defendants William "Wes" Taylor ("Taylor"), the Lowndes County School District (the "School District"), Fred Wetherington ("Wetherington"), and Jay Floyd ("Floyd") (collectively "these defendants"), by way of special appearance and without waiving and specifically reserving all defenses available to them, and file their response in opposition to Plaintiffs' Motion for Extension of Time to Complete and Perfect Service of Process (Doc. 42) ("Motion for Extension"), showing the Court as follows:

**I.     INTRODUCTION**

Plaintiffs filed the present lawsuit on August 17, 2016, asserting an assortment of claims arising from the death of Kendrick Lamar Johnson. (Doc. 1.) As plaintiffs alleged in their complaint, "[t]his action is based upon substantially the same cause of action as asserted in and brought by plaintiffs in the Superior Court of Lowndes County, Georgia, Case Numbers 2013 CV 1230, 2014 CV 997, 2014 CV 1592, and 2015 CV 706, and therefore is the result, at last as to some actions contained herein, of plaintiffs' voluntary dismissals as set forth and pursuant to

O.C.G.A. §§ 9-11-41 and 9-2-63." (Doc. 1, p. 3.) The Middle District of Georgia is well familiar with plaintiffs and their claims, as "2014 CV 997" and "2014 CV 1592" were previously removed to the Court and were before the Honorable Judge Hugh Lawson, until he ordered that the cases be remanded after plaintiffs dismissed their federal claims. See Johnson, et al. v. Lowndes County Board of Education, et al., Civil Action No. 7:14-cv-157-HL and Johnson, et al. v. Lowndes County Board of Education, et al., Civil Action No. 7:14-cv-158-HL. Moreover, Bell, et al. v. Rose, et al., Civil Action No. 7:16-cv-16-HL is a related case that is currently pending before the Court. These defendants respectfully bring these other cases to the Court's attention so the Court may determine which Judge of the Court should address these matters.

As for plaintiffs' federal claims, under Rule 4(m) plaintiffs had 90-days from the filing of their complaint or until Tuesday, November 15, 2016 to perfect service. As the Court's record reflects, plaintiffs waited until the 89th day of the 90-day period, November 14, 2016, to cause a summons for Taylor to be issued by the Clerk. (Doc. 6.) As for the School District, Wetherington, and Floyd, plaintiffs waited until the very last day, November 15, 2016, to cause their summonses to be issued. (Docs. 39-41.) That same day, plaintiffs filed the Motion for Extension, seeking a 10-day extension to the Rule 4(m) deadline. (Doc. 42, pp. 1, 3.) On November 15, 2016, plaintiffs also sent via FedEx to Taylor c/o L. Warren Turner, Esq. and Wayne S. Melnick, Esq. copies of the above-captioned complaint and a Request to Waive Service of Summons. Plaintiffs also attempted to serve the School District by serving a receptionist at the Lowndes County School Board's Central Office and Taylor by serving L. Warren Turner, Esq. Neither the Request to Waive nor the attempts at serving the School District and Taylor complied with the Federal Rules. Despite these last-minute insufficient

- 2 -

attempts at service, plaintiffs failed to properly perfect service of process upon these defendants within the 90-day period prescribed by Rule 4(m).[1]

As shown below, the Court should deny the Motion for Extension because: (1) Plaintiffs have failed to show "good cause" for the failure to perfect service of process within the 90-day period prescribed under Rule 4(m); and (2) the circumstances surrounding the Motion for Extension do not warrant an extension of the 90-day period.  The Court should also deny the motion as to the School District, Wetherington, and Floyd for the additional reason that plaintiffs' claims against them are barred by the statute of limitations and any extension to serve them with process would be futile.  Therefore, these defendants respectfully request that the Court deny the Motion for Extension.

## II.    ARGUMENT AND CITATION TO AUTHORITY

### A.    Plaintiffs Have Failed To Show "Good Cause" Or That Other Circumstances Warrant Extending The Rule 4(m) Deadline

The Court should deny the Motion for Extension because plaintiffs have failed to show "good cause" for the failure to perfect service of process within the applicable 90-day period under Rule 4(m), and the circumstances surrounding the instant motion do not warrant an extension.  In support of their opposition on these grounds, these defendants adopt and incorporate herein the authorities cited and arguments made by the Bell Defendants in their opposition (Doc. 43) as if fully stated herein.

---

[1] These defendants will fully address, if necessary, in a subsequently-filed motion to dismiss the issues of insufficient service of process and statute of limitations as applied to plaintiffs' claims.

**B.     Plaintiffs' Motion For Extension Should Also Be Denied As To The School District, Wetherington, And Floyd Because Plaintiffs' Purported Renewal Action Is Untimely And Therefore Any Extension Would Be Futile**

Plaintiffs' Motion for Extension as to the School District, Wetherington, and Floyd should be denied as futile for the additional reason that plaintiffs' claims against them are barred as shown below.  O.C.G.A. § 9-2-61(a) provides, in part, that "[w]hen any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or **within six months after the discontinuance or dismissal**[.]"  (emphasis added).

Here, plaintiffs named the School District, Wetherington, and Floyd as defendants in two of the previously dismissed actions (2014-cv-997 and 2014-cv-1592).  Plaintiffs voluntarily dismissed those actions on November 2, 2015.  Under Georgia's six month renewal statue, plaintiffs could re-file their claims against the School District, Wetherington and Floyd no later than May 2, 2016.  See O.C.G.A. § 9-2-61(a).  However, plaintiffs did not file their purported renewal action until August 17, 2016, over three months after the renewal deadline.  A refiled complaint that is filed even a day after the six months is subject to dismissal as being untimely.  See Hanna v. Savannah Serv., Inc., 179 Ga. App. 525, 347 S.E.2d 263 (1986).  Because plaintiffs did not refile their claims against the School District, Wetherington, and Floyd within the six month period, plaintiffs' claims against them are time-barred.

In a separately dismissed action, plaintiffs purported to add the School District as a defendant in the Superior Court of Lowndes County, Civil Action File Number 2013-cv-1230, but plaintiffs never actually asserted any substantive claims against it nor obtained the required

order pursuant to O.C.G.A. § 9-11-21 to add it as a party to that case. Not only that, but plaintiffs never served the School District with process. This is critical because the "renewal statute applies only to actions that are valid prior to dismissal." Osborne v. Hughes, 200 Ga. App. 558, 559, 409 S.E.2d 58 (1991). "To constitute a 'valid action,' the complaint must be served personally on the defendant." Hughes, 200 Ga. App. at 559, 409 S.E.2d at 58. See also Hobbs v. Arthur, 264 Ga. 359, 360, 444 S.E.2d 322 (1994) (finding that original suit is void if service is not perfected because filing of complaint without perfecting service does not constitute pending suit). Thus, because plaintiffs did not serve the School District in the 2013-cv-1230 case prior to dismissal, they cannot utilize the renewal statute to avoid the statute of limitations bar to the instant action against the School District.

For all of these reasons, plaintiffs' Motion for Extension as to the School District, Wetherington, and Floyd should be denied as futile. See, e.g., Blixseth v. Disilverstri, No. 11-22459-CIV, 2013 WL 12063940, at *10 n. 14 (S.D. Fla. Jan. 31, 2013) (denying request for an extension of time to effectuate service based on futility); Sloan-Little v. Bank of Am., No. 1:11-CV-2313-TWT-ECS, 2011 WL 7166995, at *5 (N.D. Ga. Dec. 28, 2011), report and recommendation adopted, No. 1:11-CV-2313-TWT, 2012 WL 386581, n. 6 (N.D. Ga. Feb. 6, 2012) (finding that it would be futile to allow more time for service under Rule 4(m) where claims would be subject to dismissal).

### III. CONCLUSION

Based on the foregoing, these defendants respectfully request that the Court deny plaintiffs' Motion for Extension.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wayne S. Melnick*
Theodore Freeman
Georgia Bar No. 276350
tfreeman@fmglaw.com
Wayne S. Melnick
Georgia Bar No. 501267
wmelnick@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

Attorneys for Defendants William "Wes" Taylor, the Lowndes County School District, Fred Wetherington, and Jay Floyd

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **SPECIAL APPEARANCE OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO COMPLETE AND PERFECT SERVICE OF PROCESS BY DEFENDANTS WILLIAM "WES" TAYLOR, THE LOWNDES COUNTY SCHOOL DISTRICT, FRED WETHERINGTON, AND JAY FLOYD** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification to the following:

Chevene B. King, Jr.
The C.B. King Law Firm
PO Drawer 3468
Albany, Georgia 31706

Paul Threlkeld
Oliver Manner, LLP
P.O. Box 10186
Savannah, Georgia 31412

James L. Elliott
Elliott, Blackburn & Gooding, PC
3016 North Patterson Street
Valdosta, Georgia 31602

Timothy M. Tanner
Coleman Talley LLP
910 N. Patterson Street
Valdosta, Georgia 31602

This 22nd day of November, 2016.

/s/ Wayne S. Melnick
Wayne S. Melnick
Georgia Bar No. 501267
wmelnick@fmglaw.com

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600

Atlanta, Georgia  30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)