IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

KENNETH JOHNSON and JACQUELYN :
JOHNSON, individually, as personal :
representative of Kendrick Lamar Johnson, :
and as administrators for and on behalf of : Civil Action No.:
the Estate of Kendrick Lamar Johnson, : 7:16-CV-00141-WLS
:
Plaintiffs, :
:
vs. :
:
BRIAN BELL, et al., :
:
Defendants. :

DEFENDANT STEVE OWENS', D/B/A OWENS TRANSPORT SERVICE,
SPECIAL APPEARANCE IN OPPOSITION TO PLAINTIFFS' MOTION FOR
EXTENSION OF TIME TO COMPLETE AND PERFECT SERVICE OF
PROCESS AND INCORPORATED MEMORANDUM OF LAW

COMES NOW Defendant Steve Owens, d/b/a Owens Transport Service, by and through his undersigned counsel and files this Special Appearance in Opposition to Plaintiffs' Motion for Extension of Time to Complete and Perfect Service of Process and Incorporated Memorandum of Law[1]. Defendant Owens shows for the following reasons that the Court should deny the Plaintiffs' motion for extension of time to perfect service of process.

---

[1] Defendant Owens makes this special appearance without waiving and expressly preserving any defenses for failure of service, failure of service of process, and preserving any and all affirmative defenses, jurisdictional defenses or other defenses that may be available to him.

1

Procedural Background

This lawsuit is the refiling of several suits that were voluntarily dismissed by the Plaintiffs in the Superior Court of Lowndes County.  The only underlying complaint alleging a count against Defendant Owens was Case Number 2015-CV-706, in the Superior Court of Lowndes County, that alleged intentional infliction of emotional distress.  The Lowndes County case was initially filed in Dekalb County on January 12, 2015, but transferred to Lowndes County for lack of venue.  After discovery was completed and motions for summary judgment were pending, Plaintiffs voluntarily dismissed their action on March 1, 2016.  Also pending was a motion by Defendant Owens to dismiss for failure to properly serve him with the complaint in that action.  No proof of service on Defendant Owens was filed in the underlying state action.  After the voluntary dismissal, the Superior Court of Lowndes County ruled the action was frivolous and is in the process of determining an award of attorney fees.  Plaintiffs, however, refiled the actions in this federal lawsuit on August 17, 2016.  To date, Plaintiffs have not served any Defendants and waited until November 14, 2016, to have summons issued by the clerk.  Plaintiffs recently filed a motion for extension to effectuate service based on Plaintiffs' counsel's representation that he mistakenly believed that he had 120 days to effectuate service.  (Doc. 42, para. 4).

Memorandum of Law

I. PLAINTIFFS WERE REQUIRED TO SERVE DEFENDANT OWENS WITHIN FIVE DAYS OF THE REFILING.

First, Plaintiffs' attorney mistakenly alleges there are ninety days to perfect service under Rule 4 of the Federal Rules of Civil Procedure. However, this is a refilled, or renewal, complaint from a dismissed state lawsuit alleging a state law tort against Defendant Owens. Because this is a renewal case, Plaintiffs were required to serve process within five days of the filing of the complaint pursuant to Georgia law. Johnson v. Am. Meter Co., 412 F.Supp.2d 1260, 1265 (N.D. Ga. 2004)(holding that in renewal action, "plaintiffs were required to serve process …five days after the filing of the renewed complaint"). Also, Plaintiffs have not shown any excuse for failing to diligently perfect service. Instead, Plaintiffs' counsel concedes ignorance of the law, which is no excuse. Id. at 1265-66, *citing*, Robinette v. Johnston, 637 F.Supp. 922 (M.D. Ga. 1986). Thus, Plaintiffs' complaint should be dismissed as service was not timely perfected and no evidence suggests that personal service was even attempted.

II. PLAINTIFFS FAILED TO PERFECT SERVICE WITHIN NINETY DAYS, HAVE NOT SHOWN GOOD CAUSE FOR FAILING TO PERFECT SERVICE, AND AN EXTENSION IS NOT WARRANTED.

Assuming the Court applies the ninety day service deadline under Rule 4 of the Federal Rules of Civil Procedure, the Plaintiffs still have not complied with that requirement.  Nor have Plaintiffs shown good cause for their failure to perfect service.  Plaintiffs also have the burden of showing good cause for that failure. Sanders v. Fluor Daniel, Inc., 151 F.R.D. 138, 139 (M.D. Fla. 1993).  Plaintiffs' counsel stated the failure to timely serve defendants was due to his erroneous belief that there was 120 days for service.  (Doc. 42, para. 4).  Inadvertence or negligence on the part of Plaintiffs' counsel is not a valid ground for good cause.  Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007); Simmons v. Am. Airlines, Inc., 2000 U.S. Dist. LEXIS 22546; 2000 WL 34228179 (M.D. Fla. 2000)(holding that inadvertence of counsel or ignorance of rules does not constitute good cause)(citations omitted).  Indeed, this Court has held that a reliance on a defendant to waive service before the deadline does not constitute good cause.  Pallman Maschinenfabrik GmbH & Co. v. Evergreen Composite Tech., L.L.C., 2009 U.S. Dist. LEXIS 3100; 2009 WL 112683; Civil Action No.: 5:08-CV-33-HL (M.D. Ga. 2009).  Thus, the Plaintiffs have not established good cause necessary to justify an extension of time to perfect service.

Nor are there other circumstances that require this Court to grant an extension.  For instance, Defendant Owens has not evaded service and the Plaintiffs' have not cited any difficulties in attempting service.  Rather, Plaintiffs

did not attempt service at all, apart from requesting a waiver of service almost ninety days after filing the complaint. As was the case in this Court's decision in Flewellen v. City of Macon, 2016 U.S. Dist. LEXIS 134770; Civil Action No.: 5:15-CV-86-LJA (M.D. Ga. 2016), the Plaintiffs have not shown good cause for the failure to effect service and the Plaintiffs should bear the consequences of their own delay. Indeed, this entire suit is predicated on the Plaintiffs' voluntary dismissal and refiling in order to presumably gain a tactical advantage and avoid impending summary judgment. Their failure to follow the rules they subjected themselves to should not used to their advantage. Nor does the bar created by the statute of limitations require this Court grant an extension for service. Profit v. Americold Logistics, LLC, 248 F.R.D. 293; 2007 U.S. LEXIS 97690 (N.D. Ga. 2007)(the fact that a dismissal would bar further proceedings under the statute of limitations does not require that this Court grant an extension of time for service). Here, just as in Profit, Defendant Owens did not evade service, and the Plaintiffs have offered nothing to excuse their delay in pursuing service. Thus, just as in Profit, the complaint should be dismissed and the motion for extension of time to effectuate service should be denied.

Moreover, because the Plaintiffs never demonstrated proof of service upon Defendant Owens in the underlying state action, this complaint would not be a valid renewal action because the original suit was void. Osborne v. Hughes, 200

5

Ga. App. 558, 559 (1991)("renewal statute applies only to actions that are valid prior to dismissal" and "[t]o constitute a 'valid action,' the complaint must be personally served on the defendant"); Hobbs v. Arthur, 246 Ga. 359 (1994)(finding original suit void if serve not perfected).  For this reason, and others that were addressed in Defendant Owens' motion for summary judgment, the motion for extension to perfect service should be denied because the underlying claim against Defendant Owens is futile.  Blixseth v. Disilverstri, No. 11-22459-CIV, 2013 WL 12063940, at *10 n. 14 (S.D. Fla. Jan 31, 2013)(denying request for extension of time to effect service based on futility); Sloan-Little v. Bank of Am., No. 1:11-CV2313-TWT-ECS, 2011 WL 7166995 at *5 (N.D. Ga. Dec. 28, 2011), report and recommendation adopted, No. 1:11-CV-2313-TWT, 2012 WL 386581, n. 6 (N.D. Ga. Feb. 6, 2012)(finding that it would be futile to allow more time for service where claims were subject to dismissal).

Conclusion

Based on the foregoing, Defendant Owens respectfully asks that this Court deny the Plaintiffs' motion for extension. Defendant Owens also adopts and incorporates similar arguments offered by his Co-Defendants.

This the 28th day of November, 2016.

/s/ John Gee Edwards
John Gee Edwards
Attorney for Mr. Owens
State Bar No.: 241298

Address of Counsel:

108 East Valley Street
Valdosta, Georgia 31601
Phone: 229-242-1790
Fax: 229-242-5257
Email: johngeeedwards@gmail.com

<u>Certificate of Service</u>

      I hereby certify that I have this day served a copy of the foregoing on the following by filing the same with the Court's CM/ECF electronic filing system:

Mr. Chevene B. King, Jr.
The C. B. King Law Firm
P.O. Drawer 3468
Albany, GA 31706

Mr. Paul Threlkeld
Oliver Maner, LLP
P.O. Box 10186
Savannah, GA 31412

Mr. James Elliott
Elliott, Blackburn & Gooding, PC
3016 North Patterson Street
Valdosta, GA 31602

      This the 28th day of November, 2016.

                        <u>/s/ John Gee Edwards</u>
                        John Gee Edwards
                        Attorney for Mr. Owens
                        State Bar No.: 241298

Address of Counsel:

108 East Valley Street
Valdosta, Georgia 31601
Phone: 229-242-1790
Fax: 229-242-5257
Email: johngeeedwards@gmail.com