IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KENNETH JOHNSON and JACQUELYN JOHNSON, individually, as personal Representative of Kendrick Lamar Johnson, and as administrators for and on behalf of the Estate of Kendrick Lamar Johnson,<br><br>　　　Plaintiffs,<br><br>v.<br><br>BRANDON BELL, et al.,<br><br>　　　Defendants.<br>_____ | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*     CIVIL CASE No.<br><br>    7:16-CV-00141-WLS |

**RODNEY BRYAN, AMY BRASWELL, STEVE TURNER, DR. MARYANNE GAFFNEY-KRAFT, MIKE CALLAHAN, KRISTEN PERRY, WES HORNE, AND LINDSAY MARCHANT'S MOTION IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO COMPLETE AND PERFECT SERVICE OF PROCESS**

COME NOW Vernon Keenan, Rodney Bryan, Amy Braswell, Steve Turner, Dr. Maryanne Gaffney-Kraft, Mike Callahan, Kristen Perry, Wes Horne, and Lindsay Marchant (hereafter collectively referred to as "State Defendants"), Defendants in the above-styled action, and respond to Plaintiffs' Motion for Extension of Time to Complete and Perfect Service of Process ("Motion for

Extension").[1] Specifically, the Court should deny the Motion for Extension because (1) Plaintiffs have failed to show "good cause" for the failure to perfect service of process within the 90-day period prescribed in Fed. R. Civ. P. 4(m); (2) the circumstances surrounding the instant motion do not warrant an extension of the 90-day period; (3) Service of process was not properly perfected as to the State Defendants prior to the State Court's Order Dismissing the State Defendants or prior to Plaintiffs' Voluntary Dismissal of all Defendants thus there is no valid prior action to revive; and (4) Plaintiffs failed to revive the claims against the State Defendants within 6 months of their dismissal.

## PROCEDURAL POSTURE

Plaintiff originally filed suit against all Defendants on January 12, 2015 in the Superior Court of DeKalb County. Plaintiffs original Complaint did not allege any causes of action grounded on alleged violations of federal law. The State Defendants' timely answered by special appearance and filed their Motion to Dismiss along with a Motion to Transfer Venue to Lowndes County. After transfer to Lowndes Superior Court, Plaintiffs filed their First Amendment to Complaint on June 29, 2015 which added Five causes of action against the State Defendants only all of which were grounded on alleged violations of Title 42 U.S.C. §§ 1983 and

---

[1] State Defendants respond to Plaintiffs' motion without waiving, and expressly preserving, their defenses of failure of service, failure of service of process, and lack of personal jurisdiction.

2

1985. After the State Defendants' counsel informed Plaintiffs' counsel of the State Defendants' intent to remove the action to federal court, Plaintiffs filed Plaintiffs' Second Amendment to Complaint on July 6, 2015. In Plaintiffs' Second Amendment to Complaint, Plaintiffs struck the "entirety Plaintiffs fourth, fifth, sixth, seventh and eighth causes of action as they appear in plaintiffs' first amendment to complaint" (Plaintiffs' Second Amendment to Complaint Part 2). (Ex A). Plaintiffs' substituted the previous federal causes of action with the same claim only now "Pursuant to the 1983 Georgia Constitution Only" (Pl. Second Am. To Complaint Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action).

On October 14, 2015, Judge Porter sent an email to Plaintiffs' counsel and counsel for the State Defendants informing the parties that he had signed the Order Granting the State Defendants' Motion to Dismiss and mailed the signed Order to counsel for the State Defendants to be filed.[2] (Ex. B). On October 15, 2015, after the dismissal order had been signed, Plaintiffs' filed their 4th amendment to the Complaint. The state defendants filed a special appearance motion to strike 4th amended Complaint as the action had already been dismissed. The Order Granting the State Defendants' Motion to Dismiss was filed on October 20, 2015. (Ex. C). Finally on March 1, 2016, when all of the remaining Defendants' respective dispositive motions became ripe for ruling, Plaintiffs voluntarily dismissed their

---

[2] As many Superior Court Judges work Circuits it's not uncommon for orders to be mailed to counsel for filing.

3

claims. (Ex. D).   Plaintiffs filed the instant complaint, which is purportedly a renewed suit, on August 17, 2016. Instead of proceeding with service, Plaintiffs waited until the very last moment (90th day) to file this instant motion.  Plaintiffs' motion is due to be denied.

### PLAINITFFS HAVE NOT SHOWN GOOD CAUSE

Plaintiffs assert the reason for not having served Defendants is their desire to take strategic advantage of the Fed. R. Civ. P. 15(a)(1)(A) which allows amendment of a complaint prior to the service of Defendants' answers or other responsive pleading. See Doc. 42, P. 2, ¶4. This, combined with Plaintiffs erroneous assumption they had 120 days to serve all Defendants, is basis for Plaintiffs' instant motion.

Plaintiffs attempt to seek a strategic advantage of Federal Rules of Civil Procedure while simultaneously claiming ignorance of the same rules cannot justify the instant request. Plaintiffs have not demonstrated good cause and their motion should be denied. *See Pallman Maschinenfabrik GmbH & Co. vs. Evergreen Composite Tech*. 2009 WL 112683 (M.D. Ga. Jan.16, 2009).

### PLAINITFF CANNOT RENEW THIS ACTION

In addition to the Plaintiffs' failure to evidence good cause, the Plaintiff should not be allowed additional time to serve as to do so would be futile.

4

It is also important to note that even if plaintiff were allowed additional time for service, this would not be a proper renewal action and plaintiffs' claims are time barred. This is a renewal action which means that Plaintiffs seeks to use Georgia's renewal statute to toll the running of the statute of limitations. This attempt fails as the limitations period was not tolled under Georgia law.

As an initial matter, there is no record of any of the State Defendants being served in the original action. Without service of the original claim, Plaintiff cannot renew the action at all. As the original suit was void as to these Defendants because of lack of service and so the claims against them are not subject to renewal and cannot be recommenced or renewed. *See Acree v. Knab*, 180 Ga. App. 174, 175, 348 S.E.2d 716, 717 (1986).

Further, Constitutional claims under section 1983 are subject to the statute of limitations for personal injury actions in the forum state, here the two-year period for such actions under Georgia law. *See Wallace*, 549 U.S. at 387, 127 S. Ct. at 1095; *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008); *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003); O.C.G.A. § 9-3-33. The state's tolling rules also apply unless inconsistent with federal policy.[3] *See Wallace*, 549 U.S. at 394, 127 S. Ct. at 1098 ("We have generally referred to state law for tolling rules, just as we

---

[3] Plaintiffs do not argue that Georgia's renewal statute, which is the applicable state tolling rule, is inconsistent with federal policy.

have for the length of the statutes of limitations."); *accord Thomas v. Lee*, 2008 U.S. App. LEXIS 22824, \*\*6-7 (11th Cir. Nov. 3, 2008); *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).

It is undisputed that this action has been re-filed after the expiration of the two-year statute of limitations. Plaintiffs previously dismissed and now have attempted to re-file the action under Georgia's renewal statute, which provides in relevant part:

> When any case has been *commenced* in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be *recommenced* in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . .

O.C.G.A. § 9-2-61(a) (emphasis added). The question is thus "when the instant lawsuit was 'commenced' as contemplated by the renewal statute." Georgia law provides that, in order to obtain the benefit of tolling of the statute of limitations which is what the renewal statute is designed to provide, an action is not "commenced" until service of process has been made and service that is perfected after expiration of the statute of limitations will relate back to the date of filing of the complaint only in two conditions: (i) when the plaintiff perfected service within five days of the filing of the complaint; and (ii) when the plaintiff otherwise diligently attempted to perfect service. *See Johnson v Am. Meter Co.*, 412 F.

6

Supp.2d 1260, 1263 (N.D. Ga. 2004) (collecting Georgia renewal cases recognizing and applying this rule); *Morris v. Haren*, 52 F.3d 947, 949 (11th Cir. 1995) (applying state definition of commencement to renewal action filed in federal court); *and see also Cambridge Mut. Fire Ins. Co. v. Claxton*, 720 F.2d 1230, 1233 (11th Cir. 1983); *Wade v. Whalen*, 232 Ga. App. 765, 765, 504 S.E.2d 456, 458 (1998) (holding that the commencement date of an action will relate back only if the plaintiff can show "that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible"), *overruled on other grounds in Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314, 320-321, 765 S.E.2d 413 (2014). In other words, if "service is perfected more than five days after the filing of the complaint and after the statute of limitations has run, service will relate back only if the plaintiff diligently attempted to perfect service." *Claxton*, 720 F.2d at 1233; *see also Morris*, 52 F.3d at 949.

Georgia cases further make clear that, in order to show diligence in attempting service, the plaintiff must "show that he acted in a reasonable and diligent manner" to "effectuate proper service as quickly as possible." *Johnson*, 412 F. Supp.2d at 1263-1264; *Wade*, 232 Ga. App. at 765, 504 S.E.2d at 458. In this analysis, "[d]iligence is measured from the time of filing the renewal action, not from the ending date of the six-month period under the renewal statute." *Johnson*, 412 F. Supp.2d at 1264. "As the burden rests on the plaintiff to ensure

7

diligent service, she must provide specific dates or details to show diligence and cannot rely on conclusory statements." *Zeigler v. Hambrick*, 257 Ga. App. 356, 357, 571 S.E.2d 418 (2002) (affirming a finding of a lack of diligence where the plaintiff failed to provide any evidence that she took any steps to ensure that her renewal action was served, such as by making inquiries at the marshal's office or by requesting a special process server).

Plaintiffs cannot and do not show the required diligence. To the contrary, they admit, **<u>no</u> <u>efforts</u> at service were made <u>at all</u>**. Indeed service has still not occurred. Because this action was filed after the expiration of the two-year statute of limitations, because service did not occur within five days of filing, and because Plaintiffs cannot and did not show diligent efforts to effectuate service and instead admits to the contrary they cannot avail himself of the renewal statute to toll the two-year statute of limitations and all of his claims are time barred.[4]

---

[4] Federal Rule of Civil Procedure 4(m) provides for an extension of time beyond 90 days for service of process upon a showing of good cause. But that federal procedural rule does not allow a district court to extend or to toll the applicable statute of limitations. *See Johnson*, 412 F. Supp.2d at 1265 (rejecting argument premised on 90-day time period where service occurred outside statute of limitations). While not relevant to the tolling analysis under the state renewal statute, which looks only to whether the renewal action was timely filed and whether there have been reasonable and diligent efforts at service, Plaintiffs' affidavits did not even show good cause for an extension under Rule 4(m) because the rule requires an "outside factor" and good cause cannot be shown with "inadvertence or negligence." *See Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281 (11th Cir. 2007).

Plaintiffs now attempt to utilize the Federal Procedural rules to effectively extend the statute of limitations. Plaintiffs' attempt cannot be successful as Plaintiffs acknowledge they rely on Georgia's renewal statute to **toll** the applicable statute of limitations.[5]

Service is an integral part of the renewal statute because, the statute expressly refers to and permits a discontinued or dismissed case to be recommenced (not merely brought), which means this Court must look to Georgia law on what constitutes commencement of an action in order to complete the statute of limitations analysis. Here, unlike Georgia's statute of limitations which merely calls for an action to be "brought" within a specified time, *see* O.C.G.A. § 9-3-33, the renewal statute expressly refers to an action being "commenced" and then later "recommenced." O.C.G.A. § 9-2-61(a). The terms "commenced" and "recommenced" have substantive meaning. *See Acree v. Knab*, 180 Ga. App. 174, 175, 348 S.E.2d 716, 717 (1986). Just as service of the original action is necessary in order for the action to be one that "has been commenced" and thus one that is subject to renewal under section 9-2-61, so also timely and proper service of the renewal action is essential in order for it to qualify as one that has been "recommenced" as that term is construed under the statute. The time for service should not be extended because Plaintiffs' complaint is decidedly time barred.

---

[5] It is worth noting that there is no federal renewal statute.

9

## III. CONCLUSION

For the foregoing reasons, the State Defendants respectfully request that Plaintiffs' Motion be denied.

          Respectfully submitted,

          CHRISTOPHER M. CARR  112505
          Attorney General

          KATHLEEN M. PACIOUS  558555
          Deputy Attorney General

          LORETTA L. PINKSTON  580385
          Senior Assistant Attorney General

          s/Devon Orland  554301
          Senior Assistant Attorney General

          s/Ron S. Boyter  073553
          Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:
Devon Orland
Senior Assistant Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
Telephone: (404) 463-8850
dorland@law.ga.gov

CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the within and foregoing **RODNEY BRYAN, AMY BRASWELL, STEVE TURNER, DR. MARYANNE GAFFNEY-KRAFT, MIKE CALLAHAN, KRISTEN PERRY, WES HORNE, AND LINDSAY MARCHANT'S MOTION IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO COMPLETE AND PERFECT SERVICE OF PROCESS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorney of record:

CHEVENE B. KING, JR.
THE C B KING LAW FIRM
PO BOX 3468
ALBANY GA 31706-3468
cbkingx916@aol.com

*Attorney for Plaintiffs,*
*Kenneth Johnson and Jacquelyn Johnson*

PATRICK O'CONNOR
OLIVER MANER LLP
PO BOX 10186
SAVANNAH GA 31412-0386
pto@olivermaner.com

*Attorney for Defendants,*
*Brandon Bell, Brian Bell, Rick Bell*

GEORGE T TALLEY
COLEMAN TALLEY LLP
PO BOX 5437
VALDOSTA GA 31603-5437
george.talley@colemantalley.com

*Attorney for Defendants,*

BRICE LADSON
LADSON LAW FIRM PC
PO BOX 2819
RICHMOND HILL GA 31324-2819
mbrice@ladsonlaw.com

*Attorney for Defendants,*
*Brandon Bell, Brian Bell, Rick Bell*

PAUL THRELKELD
OLIVER MANER LLP
PO BOX 10186
SAVANNAH GA 31412-0386
pht@olivermaner.com

*Attorney for Defendants,*
*Brandon Bell, Brian Bell, Rick Bell*

TIMOTHY M TANNER
COLEMAN TALLEY LLP
PO BOX 5437
VALDOSTA GA 31603-5437
tim.tanner@colemantalley.com

*Attorney for Defendants,*

| | |
|---|---|
| *City of Valdosta, Georgia, a municipal corporation; Frank Simmons; Larry Hanson; Shannon Salters; Ray McGraw* | *City of Valdosta, Georgia, a municipal corporation; Frank Simmons; Larry Hanson; Shannon Salters; Ray McGraw* |
| L WARREN TURNER JR<br>PO BOX 157<br>VALDOSTA GA 31603-0157<br>warren@lwturnerlaw.com<br><br>*Attorney for Defendant, Wes Taylor* | WAYNE S MELNICK<br>FREEMAN MATHIS & GARY LLP<br>100 GALLERIA PKWY SE STE 1600<br>ATLANTA GA 30339-5948<br>wmelnick@fmglaw.com<br><br>*Attorney for Defendant, Wes Taylor* |

JAMES ELLIOTT
ELLIOTT, BLACKBURN & GOODING, P.C.
3016 N PATTERSON ST
VALDOSTA GEORGIA 31602-1711
jelliott@ebbglaw.com

*Attorney for Defendants,*
*James D. Thornton;*
*Investigator Jack Winningham;*
*Cpt. Wanda Edwards; Lt. Stryde Jones;*
*Sgt. Aaron Pritchett; Maj. Logan Henderson;*
*Dep. Randy Lightsey; Dep. Michael Plaintiffs;*
*Investigator Jack Priddy; Dep. Kerry Quinn;*
*Dep. Christi Griffin; Dep. Bryce Whitener; Dep.*
*Christopher Burke; Det. Troy Black,*
*Det. Howard Fisher; Det. Mark Maskule;*
*Det. Roy Hart; Det. John Marion*

This 28th day of November, 2016.

/S/Devon Orland     554301