# Exhibit B

| | |
|---|---|
| **From:** | Judge Richard Porter <judgejrp@syrupcity.net> |
| **Sent:** | Wednesday, October 14, 2015 2:05 PM |
| **To:** | Ron Boyter; 'thecbkinglawfirm'; 'cbkingx916'; Kirsten Daughdril |
| **Cc:** | Mary Boyd; Ali Sabzevari; Brice Ladson; George Talley (george.talley@colemantalley.com); johngeeedwards@gmail.com; mglidewell@brannenlaw.com; Pat O'Connor; Paul Threlkeld; Ted Freeman; Tim Tanner (tim.tanner@colemantalley.com); Warren Turner; Wayne Melnick; Will Elliott |
| **Subject:** | Re: Johnson et al. v. Prine; Lowndes Superior Court Civil Action No. 2013CV1230; and Johnson et al. v Bell et al.; Lowndes Superior Court Civil Action No. 2015CV706 |

To: Mr. Boyter and Mr. King:

I have considered the Motion to Dismiss the State Defendants, together with the responses thereto, the amended complaint, supplemented responses whether by pleadings or emails. I have determined that the motion should be granted. Accordingly, I have signed the proposed order submitted to me by Mr. Boyter by email on October 7, 2015 which is being returned to Mr. Boyter for filing.
Judge Porter

On 10/8/2015 3:45 PM, Ron Boyter wrote:
> Judge Porter, please consider this a response to Mr. King's email, below. Contrary to Mr. King's contention, "actual malice" has no bearing on a state employee's immunity under the Georgia Tort Claims Act. Indeed, the State Defendants have previously addressed Mr. King's argument regarding "actual malice" in their Reply in Support of Defendants' Motion to Dismiss, filed in June, 2015.
> Mr. Kings' reliance on Adams v. Hazelwood, 271 Ga. 414 (1) is misplaced as that case concerned the immunity of a county employee, not a state officer or employee as in this case. Indeed, in a subsequent opinion concerning the immunity of state officers or employees employees, the Georgia Supreme Court noted the limitations of the Adams decision:
>
> The Court of Appeals also relied on a decision of this Court, Adams v. Hazelwood, 271 Ga. 414 (1) (520 S.E.2d 896) (1999), but that reliance was likewise misplaced. The defendant in Adams was a county employee, and although Art. I, Sec. II, Par. IX (d), Ga. Const. of 1983, applies to county employees (Gilbert v. Richardson, 264 Ga. 744 (1) (452 S.E.2d 476 (1994)), , counties are expressly excluded from the waiver of immunity in the State Tort Claims Act. Id. Thus, the qualifying language in the constitutional provision does not apply to county employees, leaving them liable for torts committed with malice, even if committed while the employee is in the course of his or her official duties or employment. Ridley v. Johns, 274 Ga. 241, 243 (2001).
>
> Thus, the only issue before this Court is whether the State Defendants were acting within the scope of their official duties or employment at the time of the alleged torts. O.C.G.A. § 50-21-23(a), 25. In their Motion to Dismiss, the State Defendants relied on the allegations of the Complaint and their unrebutted affidavits to support their arguments that they were acting within the scope of their official duties or employment at all times alleged in Plaintiffs' Complaint.
> Inasmuch as this, as well as the other arguments we have raised regarding the immunity of the nine individually named State employees is well –settled law, we do not believe that a hearing on this issue is necessary. However, I can be available at any time during the week of October 12, 2015 if the Court wishes to hear argument on the State Defendants' Motion to Dismiss.
>
>
> Ron Boyter
> Assistant Attorney General
> Office of the Attorney General
> 40 Capitol Square, SW
> Atlanta, Georgia  30334

1

> 404-656-3370
>
>
>
> -----Original Message-----
> From: thecbkinglawfirm [mailto:thecbkinglawfirm@bellsouth.net]
> Sent: Wednesday, October 07, 2015 3:45 PM
> To: Ron Boyter; 'Judge Richard Porter'; 'cbkingx916'; Jim Elliott;
> Mary Boyd; Ali Sabzevari; Brice Ladson; George Talley
> (george.talley@colemantalley.com); johngeeedwards@gmail.com; Kirsten
> Daughdril; mglidewell@brannenlaw.com; Pat O'Connor; Paul Threlkeld;
> Ted Freeman; Tim Tanner (tim.tanner@colemantalley.com); Warren Turner;
> Wayne Melnick; Will Elliott
> Subject: Re: Johnson et al. v. Prine; Lowndes Superior Court Civil
> Action No. 2013CV1230; and Johnson et al. v Bell et al.; Lowndes
> Superior Court Civil Action No. 2015CV706
>
>
> Judge Porter,
>
> Following a review of the State defendants' Amended Reply Regarding Their Motion To Dismiss, the plaintiffs chose to amend their complaint, as opposed to filing a response, as a means of addressing and thus curing some of the issues that would, according to a ruling by the Supreme Court of Georgia in Adams v. Hazelwood, 271 Ga. 414, make ruling upon the State's motion to dismiss, in its current posture, altogether premature. Accordingly, I have attached a time-stamped copy of the most recent amended complaint, as well as, the Adams decision.
>
> Essentially, it is the plaintiffs' position that according to the Adams decision, the trial court must first determine if there is any evidence that the state defendants acted with "actual malice." And if there is some evidence from which a jury could find actual malice, i.e. "the intentional commission of a wrongful or unlawful act," the defense of official immunity is defeated.
>
> Lastly, due to the dispositive nature of the defendants' motion to dismiss, particularly in light of the complaint's current allegations, the plaintiffs believe that a hearing on the defendants' motion to dismiss is both appropriate and needed.
>
> Thank you for your kind consideration of the foregoing submission, and if Your Honor is in need of additional information, please do not hesitate to notify me at the Court's convenience.
>
> Respectfully,
>
> Chevene B. King, Jr.
> Attorney for Plaintiffs
>
> ---------------------------------------------------------------------
> -------------------- This message is intended exclusively for the
> individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

2