**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

KENNETH JOHNSON and           :
JACQUELYN JOHNSON, et al.,      :
                                             :
     Plaintiffs,                       :        CASE NO.: 7:16-CV-141 (WLS)
                                             :
v.                                          :
                                             :
BRIAN BELL, et al.,                  :
                                             :
     Defendants.                     :
_____ :

**ORDER**

     Before the Court is Plaintiffs Kenneth Johnson and Jacquelyn Johnson's Second Motion for Extension of Time (Doc. 54) to file their reply brief regarding Plaintiffs' pending Motion for Extension of Time to Complete and Perfect Service of Process ("Service Extension Motion") (Doc. 42). The Court set an expedited briefing schedule for the Service Extension Motion. (Doc. 45.) Defendants were given fourteen days, rather than the standard twenty-one, to file responses. (*Id.*) Plaintiffs were given seven days, rather than the standard fourteen, to file a reply. (*Id.*)

     Plaintiffs filed their first Motion for Extension of Time to File Reply Brief (Doc. 52) on December 6, 2016, the day the reply brief was due. Plaintiffs' counsel requested a six-day extension, citing two murder trials in which he was sole counsel. (*Id.*) The Court granted the Motion and moved the deadline to December 12, 2016, but noted that "[n]o further extensions w[ould] be granted except to prevent manifest injustice upon timely written motion for good cause shown upon grounds not reasonably foreseeable or avoidable by the moving Party or Parties." (Doc. 53.) Further, the Court specified that, "[i]n the future, motions for extensions must be made **no later than two business days before the expiration of the time period sought to be extended**. Failure to comply with this rule may be grounds for denial of the motion." (*Id.* (emphasis in original).)

1

Plaintiffs filed the instant motion at 12:03 A.M. the morning of December 13, 2016. (Doc. 54.) Again citing one of the same murder trials, Plaintiffs' counsel requested an extension until December 16, 2016 to file his reply. (*Id.*) Counsel for the Plaintiffs filed a "Declaration of Technical Difficulty" at 7:23 A.M the morning of December 13, 2016 explaining that a virus on his computer had prevented his "timely" filing of the Second Motion for Extension of Time on December 12, 2016. (Doc. 55.)

The final response to the Service Extension Motion was filed on November 28, 2016. (Doc. 50.) Granting the Motion would give Plaintiffs a total of eighteen days to file their reply brief, which would be more than Defendants were given for their responses and beyond even the standard allotment of time to file a reply on a nonexpedited motion.

Motions for extension of time are excepted from the Middle District of Georgia's standard briefing schedule and may be considered upon submission. M.D. Ga. L.R. 7.7. Nonetheless, the LCSO Defendants[1] filed a *Special Appearance* Opposition to Plaintiffs' Second Motion for Extension of Time (Doc. 56) at 9:04 A.M. the morning of December 13, 2016. No reply has been filed by the Plaintiffs.

Plaintiffs' Second Motion for Extension of Time (Doc. 52) is **DENIED** for three independent reasons.

First, Plaintiffs' filing fails to comply with Federal Rule of Civil Procedure 5(d)(1) because it was not filed with a Certificate of Service. An attachment to the Motion purports to be a Certificate of Service, but it is a blank sheet of paper with the word "Plaintiffs" near the center. (Doc. 54-1.) The Clerk's Office alerted Plaintiffs' counsel to this deficiency. (*See* Docket.) It has yet to be corrected.

Second, Plaintiffs have not demonstrated "good cause shown upon grounds not reasonably foreseeable . . . by the moving Party." (*See* Doc. 53.) Plaintiffs' counsel was well-aware of his obligations in other cases when he filed his first Motion for Extension of Time (Doc. 52). If those obligations required more than a six day extension, he should have requested additional time in that original motion. The second motion does not even attempt to explain why his continued involvement in a murder trial was unforeseeable.

---

[1] See Doc. 56 for a complete list of Defendants constituting the "LCSO Defendants."

Third, Plaintiffs' motion is untimely. Plaintiffs appear to believe that, had the Motion been filed on December 12, 2016, it would have been timely. (*See* Doc. 55.) Yet the Court made clear in its previous order, and even emphasized through a bold font style, that "motions for extensions must be made **no later than two business days before the expiration of the time period sought to be extended**." (Doc. 53.) The Court warned that failure to comply with this requirement could be grounds for denial of the motion. (*Id.*) If Plaintiffs sought to extend the time for their reply, they needed to file such a request with the Court no later than December 8, 2016. Plaintiffs failed to do so and have proffered no excuse for the Motion's tardiness with respect to the due date.

Accordingly, Plaintiffs' Second Motion for Extension of Time (Doc. 54) is **DENIED.** Plaintiffs remain free to make arguments at the hearing scheduled for December 20, 2016, but they have waived their right to file a reply brief.

**SO ORDERED**, this 19th day of December, 2016.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**