**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| KENNETH JOHNSON, ET AL.       ) | |
| )                              | |
|    Plaintiffs,  ) | |
| )                              | |
| v.                             ) | CIVIL ACTION |
| )                              | NO.: 7:16-cv-00141-WLS |
| BRIAN BELL, ET AL.             ) | |
| )                              | |
|    Defendants.  ) | |

**SPECIAL APPEARANCE SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO COMPLETE AND PERFECT SERVICE OF PROCESS BY DEFENDANTS WILLIAM "WES" TAYLOR, THE LOWNDES COUNTY SCHOOL DISTRICT, FRED WETHERINGTON, AND JAY FLOYD**

Pursuant to this Court's December 21, 2016 order, Defendants William "Wes" Taylor ("Taylor"), the Lowndes County School District (the "School District"), Fred Wetherington ("Wetherington"), and Jay Floyd ("Floyd") (collectively "these defendants) hereby supplement their brief in opposition to Plaintiffs' Motion for Extension of Time to Complete and Perfect Service of Process (Doc. 42) ("Motion for Extension"), showing the Court as follows:

**I.    FURTHER ARGUMENT AND CITATION TO AUTHORITY**

**A.    Rule 4(m) and Good Cause Standard**

Plaintiffs' Motion for Extension is governed by Rule 4(m), which provides in relevant part that if "a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. **But if the plaintiff shows good cause for the failure, the court must extend the time for service for an**

**appropriate period**." Fed. R. Civ. P. 4(m) (emphasis added). "Good cause exists **only when** some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone–Dempsey v. Carroll Cnty. Commis., 476 F.3d 1277, 1281 (11th Cir. 2007) (emphasis added).

On its face, then, Rule 4(m) provides for dismissal if service is not achieved within 90 days, absent good cause for a plaintiff's dilatory service. The plaintiff bears the burden of demonstrating good cause. See, e.g., Carswell v. Moore, No. 5:13-CV-62 CAR, 2013 WL 5755605, at *1 (M.D. Ga. Oct. 23, 2013). Where good cause is shown, a court must extend the time for service. See Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284 (11th Cir. 2009); FRCP 4(m). A district court's decision as to whether a plaintiff showed "good cause" is reviewed for abuse of discretion. See, e.g., In re Trasylol Prod. Liab. Litig., 503 F. App'x 850, 857 (11th Cir. 2013). Where the delay in service of process is not the fault of some outside factor, a district court does not abuse its discretion in finding that a plaintiff failed to show good cause. Thompson v. U.S. Dep't of Homeland Sec., 134 F. App'x 420, 422 (11th Cir. 2005) (no abuse of discretion where "The delay in service of process… is not the fault of some outside factor, such as reliance on faulty advice; rather, because Thompson had 188 days to perfect service, the reason sounds more in negligence."); see generally Hunt v. Dep't of Air Force, Div. of USA, 29 F.3d 583, 587 (11th Cir. 1994) (finding no abuse of discretion where district court dismissed lawsuit for failure to perfect service until 184 days after filing the complaint).

Here, the sole basis for plaintiffs' request for an extension of time to perfect service is that plaintiffs' claims would be barred by the applicable statute of limitations. (Doc. 42-1.) This result is due to plaintiffs' own failure to adhere to the Federal Rules and cannot constitute "good

cause" within the meaning of Rule 4(m). Additionally, plaintiffs do not contend that any outside factor prevented timely service upon defendants and therefore have conceded that they cannot show good cause.

### B. Factors Warranting Relief In The Absence Of Good Cause

"If the plaintiff cannot show good cause, the district court still has discretion to extend the deadline for serving process if doing so is warranted by other circumstances." Idumwonyi v. Convergys, 611 F. App'x 667 (11th Cir. 2015). It is incumbent upon the district court to consider whether other circumstances warrant an extension. See In re Trasylol Prod. Liab. Litig.--MDL--1928., 503 F. App'x at 857 (If a plaintiff fails to show good cause for failure to serve the defendant, "the district court **must still** consider whether any other circumstances warrant an extension of time based on the facts of the case.") (emphasis added).

The district court may grant an extension "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132–33 (11th Cir.2005) (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993 amendments)). After considering whether any such factors exist, the district court may "exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Lepone–Dempsey, 476 F.3d at 1282.

Notably, "the running of the statute of limitations does not require that a district court extend the time for service of process" under Rule 4(m). Horenkamp, 402 F.3d at 1133; see also Dash v. Chasen, 503 F. App'x 791, 795–96 (11th Cir. 2013) ("Thus, we cannot say that the district court abused its discretion in finding that a second extension was unwarranted, despite

the statute of limitations."). The Eleventh Circuit's recent decision in Johnson v. Proctor, 620 F. App'x 890, 891 (11th Cir. 2015) is particularly instructive. In Johnson, the district court dismissed plaintiffs' complaint for failure to serve the defendants with process within 120 days after the date the complaint was filed as required by Rule 4(m) and plaintiffs appealed. Plaintiffs argued that the district court abused its discretion by dismissing the complaint and by failing to consider whether the statute of limitations would bar plaintiffs from refiling. The Eleventh Circuit affirmed the district court's ruling and found that plaintiffs failed to show good cause rather than negligence. As for the exercise of the district court's discretion, the Eleventh Circuit found that the district court's consideration of the statute of limitations and other circumstances in denying the extension was sufficient show that it did not abuse its discretion. Johnson, 620 F. App'x at 891 ("We cannot say that the district court abused its discretion by dismissing the complaint….The district court also clearly considered whether the statute of limitations or any other circumstances merited an extension of time to serve the defendants."). See also Davis v. Belk-Hudson Co. of Tifton, 173 F.R.D. 323, 326 (M.D. Ga. 1997), aff'd sub nom. Davis v. Belk-Hudson Co. Tifton, 136 F.3d 142 (11th Cir. 1998) (when determining whether plaintiff has shown good cause to allow an extension of time to perfect service, the Court noted that plaintiff's statute of limitations issue would not prevent the district court from dismissing the action). See also Melton v. Wiley, Civ. Action No. 7:05-CV-2(HL), 2007 WL 315343 (M.D. Ga. Jan. 31, 2007), *aff'd*, 262 Fed. Appx. 921 (11th Cir. 2008).

Here, like in Johnson, plaintiffs argue that the statute of limitations for their claims against defendants has run. While the Court must consider this factor, it would not abuse its discretion under the circumstances of this case should it deny plaintiffs' request to extend the

time to serve process.  The Lowndes County Superior Court has already found that this case "lacks substantial justification" under O.C.G.A. § 9-15-14(b) and that attorney's fees will be awarded for having to defend same.  The only matters remaining to be determined by the Superior Court are the amounts and whether the awards will be against Mr. King, the Johnsons, or both. Additionally, plaintiffs have not been diligent in attempting to serve defendants within the lengthy 90-day timeframe, but instead waited until the last-minute to even cause summonses to be issued.  As the Court's record reflects, plaintiffs waited until the 89th day of the 90-day period, November 14, 2016, to cause a summons for Taylor to be issued by the Clerk.  (Doc. 6.)  As for the School District, Wetherington, and Floyd, plaintiffs waited until the very last day, November 15, 2016, to cause their summonses to be issued.  (Docs. 39-41.)[1]

### III.   CONCLUSION

Based on the foregoing and the arguments raised in these defendants' initial brief in opposition of the Motion for Extension as well as at the Court's December 21, 2016 hearing, these defendants respectfully request that the Court deny plaintiffs' Motion for Extension.

---

[1] In Davis, plaintiff was also represented by Mr. King, and much like in this case, Mr. King waited until the 117th day of the 120-day period to obtain a summons from the Clerk and attempt personal service.  173 F.R.D. at 324.  In dismissing the action, the district court admonished Mr. King to "learn from his mistakes before other clients are injured and more serious consequences result."  Id. at 326.  There is simply no excuse for Mr. King's delay in serving process upon defendants in this case, especially considering Mr. King's familiarity with defendants and their counsel in the previously dismissed actions.  Like the district court in Davis, this Court should not "force the defendant to pay the penalty for plaintiff's counsel's incompetence." Id.

- 5 -

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wayne S. Melnick*
Theodore Freeman
Georgia Bar No. 276350
tfreeman@fmglaw.com
Wayne S. Melnick
Georgia Bar No. 501267
wmelnick@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

Attorneys for Defendants William "Wes" Taylor, the Lowndes County School District, Fred Wetherington, and Jay Floyd

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing **SPECIAL APPEARANCE SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO COMPLETE AND PERFECT SERVICE OF PROCESS BY DEFENDANTS WILLIAM "WES" TAYLOR, THE LOWNDES COUNTY SCHOOL DISTRICT, FRED WETHERINGTON, AND JAY FLOYD** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification to the following:

Chevene B. King, Jr.
The C.B. King Law Firm
PO Drawer 3468
Albany, Georgia 31706

Paul Threlkeld
Oliver Manner, LLP
P.O. Box 10186
Savannah, Georgia 31412

James L. Elliott
Elliott, Blackburn & Gooding, PC
3016 North Patterson Street
Valdosta, Georgia 31602

Timothy M. Tanner
Coleman Talley LLP
910 N. Patterson Street
Valdosta, Georgia 31602

This 6th day of January, 2017.

/s/ Wayne S. Melnick
Wayne S. Melnick
Georgia Bar No. 501267
wmelnick@fmglaw.com

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)