# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| KENNETH JOHNSON and JACQUELYN JOHNSON, individually, as personal Representative of Kendrick Lamar Johnson, and as administrators for and on behalf of the Estate of Kendrick Lamar Johnson,<br><br>Plaintiffs,<br><br>v.<br><br>BRANDON BELL, et al.,<br><br>Defendants. | CIVIL CASE No.<br><br>7:16-CV-00141-WLS |

**RODNEY BRYAN, AMY BRASWELL, STEVE TURNER, DR. MARYANNE GAFFNEY-KRAFT, MIKE CALLAHAN, KRISTEN PERRY, WES HORNE, AND LINDSAY MARCHANT'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR ADDITIONAL TIME IN WHICH TO SERVE THE DEFENDANTS**

Come Now the State Defendants and file this supplemental brief in support of their objection to Plaintiffs' motion for extension of time in which to perfect service. Defendants rely largely on their original response (Doc. 50) but file this supplement in response to this Court's order. (Doc. 64).

Plaintiffs filed a motion for extension of time in which to perfect service on November 15, 2016. (Doc. 42). Plaintiff argued that he had good cause because they were unaware that the service rules had changed and because they needed additional time to amend the complaint prior to service. The Court ordered that the Defendants submit any objection to the Court. All Defendants filed an objection and argued that the Plaintiff had not shown good cause. The Court then held a hearing where the Plaintiff conceded he had not evidenced good cause but proffered that the Court should exercise its discretion and allow additional time for service. The Court then ordered supplemental briefing on two issues:

> 1) Whether the Court had discretion to allow additional time for briefing absent good cause; and
>
> 2) Whether the exercise of this discretion would be futile in this case.

Each will be addressed in turn.

Fed. R. Civ. Pro. 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1) or to service of a notice under Rule 71.1(d)(3)(A).

At issue is what circumstances should be considered by the court in considering whether to "order that service be made within a specified time" rather than

dismissing the action. The Eleventh Circuit has determined that absent a showing of good cause that the District Court must still consider whether any other circumstances that warrant an extension of time based on the facts of the case. Lepone-Dempsy v. Carroll, 476 F.3d 1277, 1282 (11th Cir 2007). In addressing the circumstances that might warrant such an extension the Eleventh Circuit took direction from the advisory committee note in finding that relief may be justified in the absence of good cause if the applicable statute of limitations would bar the refiled action or if the defendant is evading service or conceals a defect in attempted service. *See also* Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005).

The factor highlighted by the Plaintiffs in this case was that since this is a renewal action filed after the statute of limitations that the failure to allow additional time would result in an inability to pursue the action. This alone does not compel or even justify an extension. Lepone-Dempsey, 476 F.3d at 1282;, Johnson v. Navka, 620 Fed. Appx. 890 (11th Cir. 2015); *See also* Newby v. Enron Corp, 284 Fed. Appx. 146 (5th Cir. 2008), It is Defendants position that this factor does not support an extension in this case.[1]

---

[1] Defendants have found no Circuit Court case that defines the parameters of the Court's exercise of discretion.

Here, the Plaintiffs are responsible for their own predicament. There is no evidence or contention that the Defendants have evaded or otherwise attempted to escape service. Indeed as state employees, the Defendants are relatively easy to locate and serve. Rather, it's Plaintiff's own lack of diligence that has caused the delay.

Moreover, the Plaintiffs also indicated to the Court that any claim brought by the decedent through the administrator/executor of his estate would not be time barred. Defendants do not concede that there could be any such viable claim but rather suggest that this argument contradicts Plaintiffs' argument that the statute of limitation would otherwise bar their claim.

While Defendants acknowledge that the Court may exercise its discretion in providing Plaintiffs additional time to serve the Complaint, the reasons to deny Plaintiffs' request far outweigh the reason proffered by the Plaintiff

1) As Plaintiffs conceded, these Defendants were not served in the original action. As a result, Plaintiffs' attempt to renew their claims will fail as the original action was void as a matter of law.

2) The prior action against these Defendants was dismissed prior to Plaintiffs' final amendment so the claims against them cannot be renewed.

3) To the extent there are any viable claims that can be brought on behalf of the decedent those claims would not be barred by the statute of limitations although Defendants might have additional defenses. Further these claims would have no merit for those Defendants that only became involved after the death occurred.

4) By Plaintiffs' own admission they have filed multiple actions against multiple parties. This is but one of a string of suits thus Plaintiff would not be without a remedy as a result of the Court's failure to grant an extension in this case.

## CONCLUSION

For these reasons and the reasons previously stated, Defendants respectfully ask the Court deny Plaintiffs' motion to extend time for service.

Respectfully submitted,

| | |
|---|---|
| CHRISTOPHER M. CARR | 112505 |
| Attorney General | |
| | |
| KATHLEEN M. PACIOUS | 558555 |
| Deputy Attorney General | |
| | |
| LORETTA L. PINKSTON | 580385 |
| Senior Assistant Attorney General | |
| | |
| s/Devon Orland | 554301 |
| Senior Assistant Attorney General | |
| | |
| s/Ron S. Boyter | 073553 |
| Assistant Attorney General | |

CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the within and foregoing **RODNEY BRYAN, AMY BRASWELL, STEVE TURNER, DR. MARYANNE GAFFNEY-KRAFT, MIKE CALLAHAN, KRISTEN PERRY, WES HORNE, AND LINDSAY MARCHANT'S MOTION IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO COMPLETE AND PERFECT SERVICE OF PROCESS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorney of record:

| | |
|---|---|
| CHEVENE B. KING, JR.<br>THE C B KING LAW FIRM<br>PO BOX 3468<br>ALBANY GA 31706-3468<br>cbkingx916@aol.com<br><br>*Attorney for Plaintiffs,*<br>*Kenneth Johnson and Jacquelyn Johnson* | BRICE LADSON<br>LADSON LAW FIRM PC<br>PO BOX 2819<br>RICHMOND HILL GA 31324-2819<br>mbrice@ladsonlaw.com<br><br>*Attorney for Defendants,*<br>*Brandon Bell, Brian Bell, Rick Bell* |
| PATRICK O'CONNOR<br>OLIVER MANER LLP | PAUL THRELKELD<br>OLIVER MANER LLP |

PO BOX 10186

SAVANNAH GA 31412-0386

pto@olivermaner.com

*Attorney for Defendants,*

*Brandon Bell, Brian Bell, Rick Bell*

PO BOX 10186

SAVANNAH GA 31412-0386

pht@olivermaner.com

*Attorney for Defendants,*

*Brandon Bell, Brian Bell, Rick Bell*

GEORGE T TALLEY

COLEMAN TALLEY LLP

PO BOX 5437

VALDOSTA GA 31603-5437

george.talley@colemantalley.com

*Attorney for Defendants,*

*City of Valdosta, Georgia, a municipal corporation; Frank Simmons; Larry Hanson; Shannon Salters; Ray McGraw*

TIMOTHY M TANNER

COLEMAN TALLEY LLP

PO BOX 5437

VALDOSTA GA 31603-5437

tim.tanner@colemantalley.com

*Attorney for Defendants,*

*City of Valdosta, Georgia, a municipal corporation; Frank Simmons; Larry Hanson; Shannon Salters; Ray McGraw*

L WARREN TURNER JR

PO BOX 157

VALDOSTA GA 31603-0157

warren@lwturnerlaw.com

WAYNE S MELNICK

FREEMAN MATHIS & GARY LLP

100 GALLERIA PKWY SE STE 1600

ATLANTA GA 30339-5948

wmelnick@fmglaw.com

*Attorney for Defendant, Wes Taylor*     *Attorney for Defendant, Wes Taylor*

JAMES ELLIOTT

ELLIOTT, BLACKBURN & GOODING, P.C.

3016 N PATTERSON ST

VALDOSTA GEORGIA 31602-1711

jelliott@ebbglaw.com

*Attorney for Defendants,*

*James D. Thornton; Investigator Jack Winningham; Cpt. Wanda Edwards; Lt. Stryde Jones; Sgt. Aaron Pritchett; Maj. Logan Henderson; Dep. Randy Lightsey; Dep. Michael Plaintiffs; Investigator Jack Priddy; Dep. Kerry Quinn; Dep. Christi Griffin; Dep. Bryce Whitener; Dep. Christopher Burke; Det. Troy Black, Det. Howard Fisher; Det. Mark Maskule; Det. Roy Hart; Det. John Marion*

This 6 th day of January, 2017.

/S/Devon Orland     554301

PLEASE ADDRESS ALL COMMUNICATIONS TO:
Devon Orland
Senior Assistant Attorney General
40 Capitol Square, SW
Atlanta, Georgia  30334-1300
Telephone:  (404) 463-8850
dorland@law.ga.gov