IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| KENNETH JOHNSON and JACQUELYN JOHNSON, individually, as personal Representative of Kendrick Lamar Johnson, and as administrators for and on behalf of the Estate of Kendrick Lamar Johnson, | * * * * * * * | |
| Plaintiffs, | * * | CIVIL CASE No. |
| v. | * * | 7:16-CV-00141-WLS |
| BRANDON BELL, et al., | * * | |
| Defendants. | * | |

### DEFENDANT STEVE OWENS', D/B/A OWENS TRANSPORT SERVICE SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS

Comes now, Defendant Steve Owens, d/b/a Owens Transport Service, by and through his undersigned counsel and files this Supplemental Brief In Support of Motion to Dismiss, pursuant to the Court's direction, and shows this Honorable Court as follows:

Argument

Rule 4 of the Federal Rules of Civil Procedure require service to be completed within 90 days and it is undisputed that no service, nor any attempt at service, occurred within that time frame. To date, Mr. Owens has not been served. Thus, Rule 4 allows the Court

1

> upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Good cause only exists "when some outside factor such as reliance on faulty advice rather than inadvertence or negligence, prevented service". Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007). The negligence of counsel does not create good cause. Simmons v. Am. Airlines, Inc., 2000 U.S. Dist. LEXIS 22546; 2000 WL 34228179 (M.D. Fla. 2000)(citations omitted). Here, it is admitted there is no good cause for the failure to serve.

Even without a showing of good cause, this Court retains discretion to extend the time for service of process. Flewellen v. City of Macon, 2016 U.S. Dist. LEXIS 134770(M.D. Ga. 2016)(citations omitted); Profit v. Americold Logistics, LLC, 248 F.R.D. 293, 2007 U.S. Dist. LEXIS 97690 (N.D. Ga. 2007)(citations omitted). Where "a plaintiff fails to show good cause for failing to effect timely service…the court must still consider whether any other circumstances warrant an extension based on the facts of the case". Lepone-Dempsey, 476 F.3d at 1282. But, without a showing of good cause, "circumstances mitigate against exercise of the Court's discretion to extend the time for service". Crossley v. Armstrong Homes, Inc., 2014 U.S. Dist. LEXIS 147020 (M.D. Fla. 2014), *quoting*, Corning v. Lodgenet Interactive, Inc., 2009

U.S. Dist. LEXIS 94963, 2009 WL 3294837, at *4 (M.D. Fla. 2009). Those circumstances could include where the statute of limitations bars refiling, where a defendant evades service, how late service was actually accomplished, or where a defendant conceals a defect in service. Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005). With that said, "the running of the statute of limitations does not require that a district court extend the time for service of process". Id. at 1133 (citations omitted). Here, such circumstances are absent and an extension should not be granted because an extension of service would not toll the statute of limitations, there was no evasion of service, service was not performed shortly after the time required, and there is no defect in any attempted service. Melton v. Wiley, Civ. Action No. 7:05-CV-2, 2007 WL 315343 (M.D. Ga. Jan. 31, 2007), *aff'd*, 262 Fed. Appx. 921 (11th Cir. 2008)(declining to extend time for service despite statute of limitations); Riley v. Harris Cty. Sheriff's Dep't, Civ. Action No. 4:08-CV-62CDL, 2009 WL 2222837, at *1 (M.D. Ga. July 20, 2009)(dismissal for failure to timely serve despite the statute of limitations where there was no showing of good cause); Morgan v. Yarbrough, case no. 7:07-CV-45(HL), 2009 WL 802418, at *1 (M.D. Ga. Mar. 24, 2009)(dismissal where the plaintiff failed to show good cause).

This Court should consider futility in determining whether to extend the time for service. Ballard v. Bank of Am. Corp., No. 1:13-cv-04011-ODE-RGV, 2014

3

U.S. Dist. LEXIS 189270 at *32-33 (N.D. Ga. 2014)(dismissing where extension of service would be futile); Sloan-Little v. Bank of Am., No. 1:11-CV2313-TWT-ECS, 2011 WL 7166995 at *5 (N.D. Ga. 2011), *report and recommendation adopted*, No. 1:11-CV-2313-TWT, 2012 WL 386581, n. 6 (N.D. Ga. 2012)(dismissing where extension of service would be futile).  Mr. Owens was sued only for the state tort of intentional infliction of emotional distress.[1] Plaintiffs "concede that their aforementioned motion for extension of time (Doc. 42) would be futile, at least as to the state law claims".  (Doc. 54, p. 1).  This may be because the statute of limitations under Georgia's renewal statute ran when service of the new lawsuit was not achieved within six months of the dismissal.  Morris v. Haven, 52 F.3d 947 (11th Cir. 1995); Johnson v. Am. Meter Co., 412 F.Supp.2d 1260, 1265 (N.D. Ga. 2004); O.C.G.A. § 9-2-61.  Plaintiffs had six months under the renewal statute to recommence their action, and perfect service within five days of refiling.  Robinette v. Johnston, 637 F.Supp. 922 (M.D. Ga. 1986).  That six month period expired, and service would now be outside the statute of limitations.  Wallace v. Kato, 549 U.S. 384, 294 (2007) ("We generally referred to state law for tolling rules, just as we have for the length of the statute of limitations.").

---

[1] Attached hereto are copies of previous responses to interrogatories stating that Mr. Owens was not sued for a civil rights violation in the prior action.  (See, responses number 3 and 4).

Assuming there was service, it could only relate back under Georgia law if diligence was shown and the plaintiff carried the burden of demonstrating service outside the five days was diligently performed and done as quickly as possible. Zeigler v. Hambrick, 257 Ga. App. 356 (2002); Montague v. Godfrey, 289 Ga. App. 552 (2008).  Plaintiffs have not shown diligence in this case, and concede there is no good cause for the failure to effect service.

Also, plaintiffs never demonstrated timely proof of service upon Mr. Owens in the underlying state action, thus this complaint is not a valid renewal action because the original suit was void.  Osborne v. Hughes, 200 Ga. App. 558, 559 (1991)("renewal statute applies only to actions that are valid prior to dismissal" and "[t]o constitute a 'valid action,' the complaint must be personally served on the defendant"); Hobbs v. Arthur, 246 Ga. 359 (1994)(finding original suit void if serve not perfected).

## Conclusion

For the reasons stated herein and in his initial motion in opposition Mr. Owens respectfully requests that the Court deny Plaintiffs' Motion for Extension and dismiss this case. Defendant Owens also adopts and incorporates similar arguments offered by his Co-Defendants.

Case 7:16-cv-00141-WLS   Document 67   Filed 01/06/17   Page 6 of 7

Respectfully submitted this 6th day of January, 2017.

/s/ John Gee Edwards
John Gee Edwards
Attorney for Mr. Owens
State Bar No.: 241298

Address of Counsel:

108 East Valley Street
Valdosta, Georgia 31601
Phone: 229-242-1790
Fax: 229-242-5257
Email: johngeeedwards@gmail.com

6

## Certificate of Service

I hereby certify that I have this day served a copy of the foregoing on the following by filing the same with the Court's CM/ECF electronic filing system which will automatically send notice of filing to the attorneys of record.

This the 6th day of January, 2017.

>                          /s/ John Gee Edwards
>                          John Gee Edwards
>                          Attorney for Mr. Owens
>                          State Bar No.: 241298

Address of Counsel:

108 East Valley Street
Valdosta, Georgia 31601
Phone: 229-242-1790
Fax: 229-242-5257
Email: johngeeedwards@gmail.com