## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| KENNETH JOHNSON and JACQUELYN JOHNSON, individually and as personal representative of Kendrick Lamar Johnson, and as administrators for and on behalf of the Estate of Kendrick Lamar Johnson,<br><br>        Plaintiffs,<br><br>    vs.<br><br>BRIAN BELL, in his individual capacity and as child of Rick Bell; BRANDON BELL, in his individual capacity and as child of Rick Bell; RICK BELL, in his individual capacity and parent of Brandon Bell and Brian Bell, *et al.*,<br><br>        Defendants. | CIVIL ACTION NO. 7:16-cv-000141-WLS |

### *SPECIAL APPEARANCE*
### SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION BY DEFENDANTS BRIAN BELL, BRANDON BELL, AND RICK BELL

COME NOW Defendants Brian Bell, Brandon Bell, and Rick Bell (*collectively*, "Bell Defendants") and supplement the *Special Appearance* Opposition to Plaintiffs' Motion for Extension of Time to Complete and Perfect Service of Process by Defendants Brian Bell, Brandon Bell, and Rick Bell ("Opposition").[1]  Specifically, the Court should deny the Motion for Extension because (1) Plaintiffs have admittedly failed to show "good cause" for the failure to perfect service of process within the period prescribed in Federal Rule of Civil Procedure ("Federal Rule") 4(m) and (2) the circumstances do not warrant an extension.  Therefore, Bell

---

[1] On December 21, 2016, the Court ordered the Parties to submit a supplemental brief summarizing their position and addressing any arguments raised at the hearing.  (Doc. nos. 63-64).  In accordance with the Court's Order, Bell Defendants submit the instant *special appearance* supplemental opposition without waiving, and expressly preserving, their defenses of failure of service, failure of service of process, and lack of personal jurisdiction.

Page 1 of 7
Johnson and Johnson v. Bell, *et al.*, Civ. Action No. 7:16-cv-00141
Bell Defendants' *Special Appearance* Supplemental Opposition to Plaintiffs' Motion for Extension

Defendants respectfully request that the Court deny the Motion for Extension and dismiss the above-captioned case.

## I. BACKGROUND

Plaintiffs filed the present lawsuit on August 17, 2016, asserting an assortment of claims arising from the death of Kendrick Lamar Johnson.[2]  (Doc. no. 1).  As a result of Plaintiffs' admitted inaction, the Clerk of the Court did not issue summonses for Bell Defendants until November 14, 2016.  (Doc. nos. 3-5).  On the eve of the Federal Rule 4(m) deadline, Plaintiffs sent attorneys for the Bell Defendants copies of the complaint and summonses.  (Doc. no. 42 ¶¶ 5-6).  Plaintiffs did not even include appropriate requests for waivers with the complaint and summonses left with the receptionist at the attorneys' front desk.

That same date, Plaintiffs filed the Motion for Extension, seeking a 10-day extension of the Federal Rule 4(m) deadline.[3]  (Doc. no. 42, pp. 1, 3).  On November 17, 2016, Bell Defendants opposed the Motion for Extension for the reasons stated herein.  (Doc. no. 43). Recently, Plaintiffs filed a Second Motion for Extension of Time, wherein they state, *inter alia*, "Upon reviewing responses filed by each of the various [D]efendants to the Plaintiffs' [Motion for Extension of Time, Plaintiffs] concede that their [Motion for Extension] would be futile, at least as to the [S]tate law claims . . . ."  (Doc. no. 53, p. 1).  Plaintiffs also admit that they have

---

[2] "This action is based upon substantially the same causes of action as asserted in and brought by [P]laintiffs in the Superior Court of Lowndes County, Georgia, Case Numbers 2013 CV 1230, 2014 CV 997, 2014 CV 1592, and 2015 CV 706, and therefore is the result, at least as to some actions contained herein, of [P]laintiffs' voluntary dismissals [filed on March 1, 2016] as set forth and pursuant to O.C.G.A. §§ 9-11-41 and 9-2-63."  (Doc. no. 1, Compl. P. 3).  Importantly, the presiding superior court judge found that the dismissed case "lacks substantial justification" and attorney's fees will be awarded at the conclusion of the fee hearings.

[3] "The [P]laintiffs' reason for not having served the aforesaid defendants as soon as their action was re-filed in August was due to their desire to take advantage of [Federal Rule] 15(a)(1)(A), which allows the [P]laintiffs to amend their lawsuit as a matter of course, at any time before they are served with a responsive pleading."  (Doc. no. 42 ¶ 4).

Page 2 of 7
Johnson and Johnson v. Bell, *et al.*, Civ. Action No. 7:16-cv-00141
Bell Defendants' *Special Appearance* Supplemental Memorandum of Law in Support of Motion to Dismiss

failed to show "good cause" for the failure to perfect service of process within the applicable 90-day period.  (Id. at 2).

## II.  ARGUMENT AND CITATION TO AUTHORITY

Because Plaintiffs have admittedly failed to show "good cause" for the failure to perfect service upon Defendants within the Federal Rule 4(m) period and the circumstances surrounding this matter do not warrant an extension, the Court must deny the Motion for Extension and dismiss this matter.  As discussed in the Opposition, Federal Rule 4 permits the Court to extend the time for service if the plaintiff shows "good cause" for the failure.  Fed. R. Civ. P. 4(m); Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010).  However, Federal Rule 4(m) also permits the extension of the time for service in the absence of "good cause" if, for example, the applicable statute of limitations would bar the re-filed action or the defendant is evading service or conceals a defect in attempted service.  Horenkamp v. Van Winkle And Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005) (interpreting the Advisory Committee Notes). [4]

The Eleventh Circuit decision in Lepone-Dempsey v. Carroll Cty. Comm'rs, 476 F.3d 1277 (11th Cir. 2007) is instructive with respect to requests for extension where the plaintiff has failed to establish "good cause."  In Lepone, arrestees commenced a § 1983 action against a city and officers who arrested them and conducted a warrantless search.  Lepone, 476 F.3d at 1279. Addressing the motion to dismiss for insufficiency of service, the Eleventh Circuit first explained that a plaintiff is responsible for serving the defendant within the time allowed under Federal Rule 4(m) and, where a plaintiff only attempts to serve by the waiver of service procedure, the plaintiff has failed to properly serve the defendant.  Id. at 1280-81.  In this regard, the Eleventh Circuit explained that, if the plaintiff fails to timely perfect service of process, the district court

---

[4] Although not binding, the Advisory Committee Notes are accorded great weight in interpreting the Federal Rules. Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005).

Page 3 of 7
Johnson and Johnson v. Bell, et al., Civ. Action No. 7:16-cv-00141
Bell Defendants' *Special Appearance* Supplemental Memorandum of Law in Support of Motion to Dismiss

shall dismiss the action or direct that service be effected within a specified period, provided, the plaintiff shows "good cause" for the failure. Id. at 1281. Absent a showing of "good cause," the Eleventh Circuit Court of Appeals has instructed,

> [W]hen a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case. Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time.

Id. at 1282. Ultimately, the Eleventh Circuit Court of Appeals reversed the trial court and remanded the matter for reconsideration. Id.

Applying these principles, this Court's decision in Melton v. Wiley, Civ. Action No. 7:05-CV-2, 2007 WL 315343 (M.D. Ga. Jan. 31, 2007), aff'd, 262 Fed. Appx. 921 (11th Cir. 2008) weighs heavily in the above-captioned case. In Melton, the plaintiff failed to perfect service within the time prescribed by Federal Rule 4(m). Melton, 207 WL 315343, at *1. Addressing the motion for summary judgment based upon the failure to perfect service, this Court explained,

> Rule 4(m) also grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause. According to the [Eleventh Circuit], relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.

Id. *3 (internal quotations and citations omitted). This Court declined to extend the time for service because, in addition to failing to show "good cause," there was no evidence the defendant was evading service or attempting to conceal a defect in service. Id. Although a future suit may be time-barred, "[p]laintiff's predicament [was] a result of his own inaction." Id. Thus, this Court dismissed the plaintiff's claim for failure to timely perfect service. Id. see also Riley v. Harris Cty. Sheriff's Dep't, Civ. Action No. 4:08-CV-62CDL, 2009 WL 2222837, at *1 (M.D.

Page 4 of 7
Johnson and Johnson v. Bell, et al., Civ. Action No. 7:16-cv-00141
Bell Defendants' *Special Appearance* Supplemental Memorandum of Law in Support of Motion to Dismiss

Ga. July 20, 2009) (granting motion to dismiss for failure to timely perfect service despite the running of the statute of limitations where the plaintiff did not respond to the motion or make a showing of "good cause"); Morgan v. Yarbrough, CIV.A 7:07-CV-45(HL), 2009 WL 802418, at *1 (M.D. Ga. Mar. 24, 2009) (dismissing matter where the plaintiff failed to show "good cause" and "failed to take any steps to correct the deficiencies of service, of which he was aware").

Plaintiffs have admittedly failed to show "good cause" for the failure to comply with Federal Rule 4(m).  Nevertheless, the Court must still consider other factors.  In this regard, nothing in the record suggests that Defendants have evaded service or concealed a defect in attempted service.  Although Plaintiffs' claims against Bell Defendants may be time-barred if this matter is dismissed, like the plaintiff in Melton, Plaintiffs' predicament was the result of their own inaction.  Indeed, Plaintiffs chose to voluntarily dismiss their prior suit to avoid unfavorable rulings and then chose to delay perfecting service to gain strategic advantage. Plaintiffs cannot have their cake in the form of tactically employing procedural rules to gain strategic advantage and eat it too by avoiding application of the statute of limitations when their failure to adhere to these rules may result in dismissal of the action.  Furthermore, like the plaintiff in Morgan, Plaintiffs have still failed to take any steps to perfect service of process upon Defendants.  Simply put, Plaintiffs have admittedly failed to show "good cause," and nothing in the record warrants an extension.

### III.  CONCLUSION

For the reasons stated herein and in the Opposition (Doc. no. 43), and based on prior rulings from this Court, the Bell Defendants respectfully request that the Court deny Plaintiffs' Motion for Extension and dismiss this case.

[signature on following page]

Page 5 of 7
Johnson and Johnson v. Bell, et al., Civ. Action No. 7:16-cv-00141
Bell Defendants' *Special Appearance* Supplemental Memorandum of Law in Support of Motion to Dismiss

Respectfully submitted this 6th day of January, 2017.

OLIVER MANER LLP

 /s/ **_Paul H Threlkeld_**
PATRICK T. O'CONNOR
Georgia Bar No. 548425
PAUL H. THRELKELD
Georgia Bar No. 710731
P.O. Box 10186
Savannah, Georgia 31412
(912) 236-3311
(912) 236-8725 (facsimile)
pto@olivermaner.com
pht@olivermaner.com
*Counsel for Bell Defendants*

Page 6 of 7
Johnson and Johnson v. Bell, *et al.*, Civ. Action No. 7:16-cv-00141
Bell Defendants' *Special Appearance* Supplemental Memorandum of Law in Support of Motion to Dismiss

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| KENNETH JOHNSON and JACQUELYN JOHNSON, individually, as personal representative of Kendrick Lamar Johnson, and as administrators for and on behalf of the Estate of Kendrick Lamar Johnson, | |
| Plaintiffs, | |
| vs. | Civ. Case No. 7:16-cv-00141-WLS |
| BRIAN BELL, in his individual capacity and as child of Rick Bell, *et al.*, | |
| Defendants. | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served the forgoing upon all parties in the above-captioned case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing to all counsel of record:

Respectfully submitted this 6th day of January, 2017.

OLIVER MANER LLP

 */s/ Paul H Threlkeld*
PAUL H. THRELKELD
Georgia Bar No. 710731
P.O. Box 10186
Savannah, Georgia 31412
(912) 236-3311
(912) 236-8725 (facsimile)
pht@olivermaner.com

*Counsel for Bell Defendants*

Page 7 of 7
<u>Johnson and Johnson v. Bell, *et al.*</u>, Civ. Action No. 7:16-cv-00141
Bell Defendants' *Special Appearance* Memorandum of Law in Support of Motion to Dismiss