IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KENNETH JOHNSON et al.<br><br>Plaintiffs,<br><br>vs.<br><br>BRIAN BELL, *et al.*,<br><br>Defendants. | <br><br><br><br><br><br><br><br>Civ. Case No. 7:16-cv-00141-WLS |

**VALDOSTA DEFENDANTS' SPECIAL APPEARANCE MOTION
IN OPPOSITION TO PLAINTIFFS'MOTION FOR EXTENSION
OF TIME TO COMPLETE AND PERFECT SERVICE OF PROCESS**

COME NOW City of Valdosta, Georgia, Larry Hanson, Frank Simons and Ray McGraw (hereinafter referred to as the "Valdosta Defendants") and make a special appearance opposing Plaintiffs' Motion for Extension of Time to Complete and Perfect Service of Process ("Motion for Extension").[1] The Valdosta Defendants previously filed a motion objecting to Plaintiff's sought relief on or about November 21, 2016.

Specifically, the Court should deny the Motion for Extension because (1) Plaintiffs have admitted they failed to show "good cause" for the failure to perfect service of process within the 90-day period prescribed in Fed. R. Civ. P. 4(m); and (2) the circumstances surrounding the instant motion and the history of this case do not warrant any extension.

**I.   Summary of Facts and Procedural History of Case**.

    a.   Superior Court Action - Civil Action – 2015 CV 706

Kendrick Johnson's body was discovered on January 10, 2013 on the campus of Lowndes High School. His death was ruled accidental. Plaintiffs, however, contend their son was

---

[1] Valdosta Defendants make this special appearance without waiving, and expressly preserving, their defenses of failure of service, failure of service of process, and lack of personal jurisdiction.

[2013422/2]

murdered by Brian Bell, Brandon Bell and Ryan Hall and the remaining thirty-five Defendants conspired to cover up the murder. On January 12, 2015, the last day of the statute of limitations, Plaintiffs filed suit against Defendants in the Superior Court of DeKalb County. After transfer to Lowndes County Superior Court, the parties engaged in months of discovery. In their October 2015 depositions, Plaintiffs admitted repeatedly they had no evidence of murder or conspiracy. On March 1, 2016, when Defendants' dispositive motions became ripe for ruling, Plaintiffs voluntarily dismissed their claims. The day prior to their dismissal, Plaintiffs purportedly attempted to amend their complaint by adding federal claims[2]. Subsequently, all Defendants moved the Superior Court of Lowndes County to award attorney fees and expenses under O.C.G.A. §9-15-14. On August 18, 2015, the Superior Court, Hon. Richard J. Porter granted Defendants' Motions and ruled some amount of attorneys' fees and expenses would be awarded under O.C.G.A. §9-15-14(b). Hearings regarding the amount awarded conclude this month.

  b. <u>Federal Renewal Action</u>

On August 17, 2016, Plaintiffs filed the instant complaint, which is purportedly a renewed suit[3]. As stated above, this filing took place one day before the Hon. Richard J. Porter was going to announce his ruling on Defendants' Motions for Attorney Fees and Expenses. Plaintiff admittedly delayed service on Defendants to take strategic advantage of Fed. R. Civ. P. 15. On November 10, 2016, Plaintiffs learned they only had ninety (90) days to serve the Defendants. Doc. 42, ¶5. Instead of immediately moving the Court for an extension, Plaintiffs waited five additional days to file this instant motion. Doc. 42.

As stated above, instead of proceeding with service shortly after filing the lawsuit, and in an attempt to take strategic advantage of the amendment rules of Fed. R. Civ. P. 15, Plaintiffs

---

[2] This was Plaintiffs' sixth amendment in the underlying suit.
[3] Plaintiff cannot file a renewed suit against the Valdosta Defendants because they were never served properly, or at all, in the original suit.

[2013422/2]

waited until the very last moment (90th day) to file their motion requesting additional time to provide service. However, Plaintiffs did not ask for unlimited time, they asked the Court "to extend for a period of ten (10) days the time within which plaintiffs must complete service of process upon defendants herein." Doc. 42. Despite their request, Plaintiff took no action between day 91-100 to complete service of process on the Valdosta Defendants.[4] Furthermore, as of the date of the December 20, 2016 hearing, approximately 125 days past the filing of the lawsuit, Plaintiffs still had not attempted service on the Defendants. Plaintiffs took no action until December 30, 2016 to purportedly serve two of the four Valdosta Defendants.

**II.     Argument & Citation of Authority**.

    a.     Rule 4(m) – Good Cause.

Fed. R. Civ. P. 4 states, in pertinent part, "[I]f the plaintiff shows good cause for the failure [to serve a defendant within 90 days after the complaint is filed], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Plaintiffs have the burden of demonstrating good cause but admitted they could not carry said burden at the December 20th hearing. As such, relief under Fed. R. Civ. P. 4 is not warranted.

    b.     Discretion Of The Court To Extend Absence Good Cause.

Regardless of the good cause requirement of Fed. R. Civ. P. 4, the Eleventh Circuit has also provided the following guidance when good cause is not shown:

> Good cause exists when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service. Even if a district court finds that a plaintiff failed to show good cause, the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case. Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time. Rule 4(m) grants discretion to the district court to

---

[4] Upon information and belief, it is believed Plaintiffs took no action to serve any Defendants in this time period.

[2013422/2]

> extend the time for service of process even in the absence of a showing of good cause.

*Rance v. Rocksolid Granit USA, Inc.,* 583 F.3d 1284, 1286 (11th Cir. 2009) (internal quotations and citations omitted); *Lepone-Dempsey v. Carroll Cty. Comm'rs,* 476 F.3d 1277, 1282 (11th Cir. 2007) (holding, even when a plaintiff fails to show "good cause," the court must consider whether other circumstances warrant an extension and that, although the running of the statute does not require an extension, it was incumbent upon the court to consider this factor).

Plaintiffs argue, at least partially, the statute of limitations may bar their claims if an extension is not granted. While this factor may be considered, it does not require the Court grant an extension. The Eleventh Circuit has stated that while it is a factor to consider, "the running of the statute of limitations does not require that a district court extend the time for service of process" under Rule 4(m). *Horenkamp v. Van Winkle and Co., Inc.,* 402 F.3d 1129, 1133 (11th Cir. 2005).

Discretion should not weigh in favor of extending time for Plaintiffs to perform service for at least the following reasons: Plaintiffs (1) waited to the last day to file the original action; (2) when dispositive motions where ripe in the underlying suit, they dismissed their case; (3) filed this renewal action and purposefully delayed service to seek strategic advantage of the Federal Rules of Civil Procedure; (4) did not file their motion to extend time for service until the 90th day even though they realized their mistake five days earlier; (5) requested a ten day extension but did nothing from day 91-100 to remedy their dilatory failure to serve Defendants; and (6) as of the December 20, 2016 hearing, had taken no action to serve Defendants. Plaintiffs' actions and purposeful inaction creates this instant issue for the Court. Because of such, the discretion of the Court should not be used to provide Plaintiffs an extension to serve a lawsuit.

[2013422/2]

c.     Service Of The Renewal Suit On The Valdosta Defendants Would Be Futile.

Additionally, service on the Valdosta Defendants would be futile. Along with their motion for summary judgment in the underlying action, the Valdosta Defendants submitted a motion to dismiss for lack of service. The basis of the Motion was twofold: (1) there was no service on Defendant Frank Simons; and (2) the service on the remaining Valdosta Defendants was defective as the process server used to perform said service was not authorized to do so. In response, Plaintiffs made no argument that Defendant Frank Simons was ever served. Furthermore, Plaintiffs conceded the process server used did not have the ability to serve process in the underlying suit. *See Plaintiff's Resp. to City of Valdosta Defendants Motion to Dismiss for Insufficient Service and Insufficiency of Service of Process*, ¶7 ("in discussing the foregoing situation with [the process server], plaintiffs are now satisfied that in January 2015, he does [sic] not possess the authority to make service of process for the courts in either DeKalb County nor Lowndes County."). Instead, Plaintiffs argued they were victims of the misrepresentation of the process server. *Id*. at ¶10. Unfortunately, Plaintiffs dismissed their action prior to the Superior Court having the opportunity to take up the motion.

As there was never proper or timely service on any of the Valdosta Defendants in the underlying suit, the action against them was void. Thus, it cannot be renewed under O.C.G.A. 9-2-61. *See Campbell vs. Coats*, 254 Ga. App. 57 (2002) ("[t]he trial court correctly concluded that the original action was void for lack of proper service on Coats and correctly dismissed the renewal action because a void action cannot be renewed pursuant to § 9-2-61.").

Respectfully submitted this 6th day of January, 2017.

COLEMAN TALLEY LLP
s/George T. Talley
GEORGE T. TALLEY
Georgia Bar No.: 696700

910 N. Patterson Street
Valdosta, Georgia
229-242-7562
229-333-0885(facsimile)
tim.tanner@colemantalley.com

                                              <u>s/Tim Tanner</u>  
                                              TIMOTHY M. TANNER  
                                              Georgia Bar No. 697683

[2013422/2]

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KENNETH JOHNSON et al., <br><br> Plaintiffs, <br><br> vs. <br><br> BRIAN BELL, *et al.*, <br><br> Defendants. | <br><br><br><br><br><br><br><br><br> Civ. Case No. 7:16-cv-00141-WLS |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the *VALDOSTA DEFENDANTS' SPECIAL APPEARANCE MOTION IN OPPOSITION TO PLAINTIFFS'MOTION FOR EXTENSION OF TIME TO COMPLETE AND PERFECT SERVICE OF PROCESS* upon all parties in the above-captioned case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing to the following:

Chevene B. King, Jr.
The C.B. King Law Firm
Post Office Drawer 3648
Albany, Georgia  31706

Ronald S. Boyter, Jr.
Kirsten S. Daughdril
State of Georgia, Office of the Attorney General
40 Capitol Square, SW
Atlanta, Georgia  30334

John Gee Edwards
108 East Valley Street
Valdosta, Georgia  31601

James L. Elliott
Elliott, Blackburn & Gooding, P.C.
3016 North Patterson Street
Valdosta, Georgia  31602

[2013422/2]

M. Brice Ladson
Ladson Law Firm, P.C.
Post Office Box 2819
Richmond Hill, Georgia  31324

Wayne S. Melnick
A. Ali Sabzevari
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia  30339

Patrick T. O'Connor
Paul H. Threlkeld
Oliver Maner LLP
218 West State Street
Savannah, Georgia  31401

L. Warren Turner, Jr.
Post Office Box 157
Valdosta, Georgia 31603-0157

Respectfully submitted, this 6th day of January, 2017.

                COLEMAN TALLEY LLP

                s/Tim Tanner
                TIMOTHY M. TANNER
                Georgia Bar No. 697683

[2013422/2]