IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KENNETH JOHNSON, et al., * | |
| * | |
| Plaintiffs, * | |
| * | |
| v. * | Civil Action |
| * | File No. 7:16-CV-00141-WLS |
| BRANDEN BELL, et al.. * | |
| * | |
| Defendants. * | |

***SPECIAL APPEARANCE* SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO COMPLETE AND PERFECT SERVICE OF PROCESS BY DEFENDANTS CHRIS PRINE, MICHAEL ADAMS, TROY BLACK, CHRISTOPHER BURKE, WANDA EDWARDS, HOWARD FISHER, CHRISTI GRIFFIN, ROY HART, LOGAN HENDERSON, STRYDE JONES,  RANDY LIGHTSEY, JOHN MARION, MARK MASKULE, JACK PRIDDY, AARON PRITCHETT, KERRY QUINN, JAMES D. THORNTON, BRYCE WHITENER AND JACK WINNINGHAM** [1]

The LCSO Defendants file this Supplemental Brief in Opposition to Plaintiffs' Motion for Extension of Time to Complete and Perfect Service of Process (**Doc. 42**) and show the Court as follows.[2]

PROCEDURAL HISTORY

This case is a purported "renewal" under Georgia law (OCGA § 9-2-61) of several cases previously pending and dismissed by Plaintiffs in the Superior Court of Lowndes County, Georgia.

---

[1] These Defendants are collectively referred to herein as the LCSO Defendants.

[2] The LCSO Defendants make this special appearance without waiving, and expressly preserving, their defenses of failure of service, failure of service of process, and lack of personal jurisdiction.

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 1 of 6

**(Doc. 1, p. 2).** Chris Prine was the only named defendant in Civil Action No. 2013CV1230 and the remaining eighteen (18) LCSO Defendants were among the thirty-eight (38) named defendants in Civil Action No. 2015CV706. [3]

Plaintiffs' Superior Court complaints against these Defendants were brought in January 2015, and both suits arise out of the same nucleus of operative facts. As in this case, the Superior Court complaints claimed that Defendants Brian Bell, Branden Bell and Richard Bell were involved in or responsible for the death of Plaintiffs' son, Kendrick Johnson, whose dead body was found on January 11, 2013 in the "old gym" at Lowndes High School in Valdosta, GA.

An investigation into the death of Kendrick Johnson was conducted by the Lowndes County Sheriff's Office with the assistance of other law enforcement agencies, including the Georgia Bureau of Investigation. The Division of Forensic Sciences of the Georgia Bureau of Investigation conducted an autopsy on the body of Kendrick Johnson and determined the cause of Kendrick Johnson's death to be positional asphyxia and the manner of his death to be accident.

Plaintiffs' complaints went on to claim that the LCSO Defendants participated in a conspiracy to cover up the cause of death of Kendrick Johnson. The complaints, as amended numerous times, against the LCSO Defendants depended upon: (1) the unfounded assertions that Branden Bell, Brian Bell and Rick Bell were involved in or responsible for the death of Plaintiffs' son Kendrick Johnson; and (2) the unfounded assertions that the LCSO Defendants engaged in a conspiracy to cover up the cause of Kendrick Johnson's death.

---

[3] The Civil Action Numbers referred to are the case numbers from the Superior Court of Lowndes County, Georgia.

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 2 of 6

After a year of litigation and following the close of discovery, Plaintiffs had no evidence to support their claims. Within the deadline set by the Superior Court, the LCSO Defendants filed Motions for Summary Judgment. All other defendants filed dispositive motions as well.

In responding to these Defendants' Motions for Summary Judgment, Plaintiffs came forward with no evidence to rebut the affirmative proof that these Defendants were entitled to judgment in their favor as a matter of law. Plaintiffs filed no affidavits. Plaintiffs cited no deposition testimony. Plaintiffs cited no case or other legal authority. Plaintiffs' response to these Defendants' Motions for Summary Judgment was a recapitulation of previous allegations and arguments with no basis in fact whatsoever.

On March 1, 2016 when all Defendants' dispositive motions were ripe for ruling against them, Plaintiffs and their attorney dismissed the complaints without prejudice to avoid having the Court dismiss the complaints with prejudice. Thereafter, these Defendants, and others, filed Motions for Attorneys' Fees under OCGA § 9-15-14 and hearings were held on the motions as required by law.

On August 18, 2016, the Superior Court informed counsel for the respective parties that the Court had determined that the pending Motions for Attorneys' fees should be granted and that attorneys' fees and expenses would be awarded to each of the movants. Thereafter, the Superior Court scheduled hearings to determine the amounts of fees and expenses to be awarded. [4] The basis of the Superior Court's determination that attorneys' fees and expenses should be awarded was that the Plaintiffs' claims against the Defendants lacked substantial justification in that the

---

[4] The hearings to determine the reasonable and necessary attorneys' fees and expenses to be awarded are scheduled to conclude on January 12, 2017.

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 3 of 6

same were substantially frivolous, substantially groundless or substantially vexatious within the meaning of OCGA § 9-15-14(b).

### The Motion Before the Court

On August 17, 2016, Plaintiffs initiated this action by filing the same with the Clerk of Court. Plaintiffs waited 89 days to cause summonses to be issued by the Clerk of Court. Just before midnight on November 15, 2016, the 90th day after filing, Plaintiffs' counsel filed the Motion now before the Court.

Plaintiffs concede in *Plaintiffs' Second Motion for Extension of Time* that their motion for extension of time **(Doc.42)** would be futile as to the state law claims which were filed on behalf of Plaintiffs individually, as well as to any claims in which service of process was not perfected or accomplished. **(Doc. 54, p. 1)**. Plaintiffs concede this because they cannot show the diligence required by state law in perfecting service following commencement of a renewal action under OCGA § 9-2-61.

Thereafter, on December 20, 2016 Plaintiffs' counsel admitted in open court that none of the Defendants had been served as required by law and likewise admitted that Plaintiffs could not show "good cause" for failing to timely perfect service within the meaning of FRCP 4(m).

Thus, Plaintiffs have admitted that their Motion is futile for their failure to satisfy the service requirements of Georgia law when commencing and serving a renewal action. And Plaintiffs have admitted that no service has been perfected and that they cannot meet the "good cause" requirement of FRCP 4(m) even if such rule even applies.

The LCSO Defendants respectfully submit that if the Court has any discretion to extend the service period it should not do so under the circumstances of this case. Plaintiffs have come

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 4 of 6

to this court attempting to renew claims that the Superior Court of Lowndes County has found to be substantially frivolous, substantially groundless or substantially vexatious within the meaning of OCGA § 9-15-14(b). After bringing this suit, they failed to comply with the Georgia law service requirements they concede now precludes their claims. And they admit that they have no "good cause" for failing to comply with the Federal Rules of Civil Procedure, even if those rules apply. Finally, they admit that as of the date of the hearing on the instant Motion that they had done nothing to cause lawful service to be accomplished on any of the defendants. The Court, in the exercise of its discretion, should decline to extend the time and dismiss Plaintiffs' complaint without prejudice.[5]

Based on the foregoing, the LCSO Defendants respectfully request that the Court deny the Motion for Extension.

This 6th day of January, 2017.

                                          ELLIOTT, BLACKBURN & GOODING, PC

                                          /s/ James L. Elliott
                                          James L. Elliott
                                          GA Bar No. 244244

Elliott, Blackburn & Gooding, PC
Attorneys at Law
3016 North Patterson Street
Valdosta, GA 31602
Phone: (229) 242-3333
Fax: (229) 242-0696
jelliott@ebbglaw.com

---

[5] The LCSO Defendants adopt and incorporate by reference the arguments made and authorities cited by the other defendants as set forth in their briefs and supplemental briefs in opposition to Plaintiffs' Motion for Extension.

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 5 of 6

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing the following by filing the same with the Court's CM/ECF electronic filing system:

CHEVENE B. KING, JR.
THE C.B. KING LAW FIRM
POST OFFICE DRAWER 3468
ALBANY, GA 31706

PATRICK T. O'CONNOR
PAUL THRELKELD
OLIVER MANER, LLP
P.O. BOX 10186
SAVANNAH, GA 31412

TIMOTHY M TANNER
910 N PATTERSON ST
VALDOSTA, GA 31601

THEODORE FREEMAN
WAYNE S. MELNICK
ARASH ALI SABZEVARI
661 FOREST PKWY
FOREST PARK, GA 30297

DEVON ORLAND
40 CAPITOL SQUARE, S.W.
ATLANTA, GA 30334-1300

JOHN GEE EDWARDS
108 E VALLEY ST
VALDOSTA, GA 31601

This 6th day of January, 2017.

ELLIOTT, BLACKBURN & GOODING, PC

 /s/ James L. Elliott
James L. Elliott
GA Bar No. 244244

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 6 of 6