IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KENNETH JOHNSON and JACQUELYN JOHNSON, et al., )<br>)<br>Plaintiffs )<br>v. )<br>)<br>BRANDEN BELL; et al., )<br>)<br>Defendants. )<br>) | Civil Action<br>File No. **7:16-CV-00141-WLS** |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION
FOR EXTENSION OF TIME IN WHICH TO
<u>COMPLETE AND PERFECT SERVICE OF PROCESS</u>**

NOW COME the plaintiffs and in response to the Court's Order requesting that the parties submit briefs on the singular issue of what is the scope of a court's discretion in considering the plaintiffs' motion for extension of time in which to complete service of process beyond the 90-day limit, pursuant to FRCP Rule 4(m), the following is submitted for this Court's consideration.

**1. Factual Background and Procedural History**

The plaintiffs filed several actions in the Superior Court of Lowndes County against the defendants named herein stemming from the discovery of their 17-year-old son's lifeless body at a Lowndes County high school on the morning of January 11, 2013. As a consequence of an official finding that the death of Plaintiffs' son was accidental, plaintiffs brought suits against individuals associated with the local school system along with certain city, county, and state officials, as well as, an agent with the F.B.I. and his two (2) sons. The aforementioned actions, which, in large measure, are based upon the claims of wrongful death and conspiracy to cover-up Kendrick's true cause or manner of death, were voluntarily dismissed without prejudice and refiled in a single action in this Court pursuant to O.C.G.A.§9-2-61 on August 17, 2016. The basis for federal jurisdiction in the refiled action, stemmed from federal law claims that arise under 42 U.S.C. §1983 *et seq*.

Prior to proceeding with service of process, plaintiffs had the intentions of amending their newly filed federal lawsuit to include additional claims that were never previously asserted. The intention was to file the amended complaint and to have both the original and amended complaint served upon the defendants at the same time, but within the 120-day time limit allowed under subdivision (m) of F.R.C.P. Rule 4. However, on November 10, 2016, plaintiffs' counsel discovered that subdivision (m) now set forth a 90-day time limit in which to accomplish service of process. As a consequence, plaintiffs promptly took corrective measures and thus attempted to complete service of process upon the 35 or more defendants at a time that was prior to the expiration of the 90-day time limit and before November 16, 2016.

Faced with the foregoing situation, plaintiffs' counsel sought to accomplish service upon the various defendants through their attorneys in their capacities as agents for their clients and who may have been authorized to receive copies of the complaint and summons on their behalf.[1] Additionally, the complaint and summons that were hand-delivered or delivered by FedEx on or before November 15, 2016, were each accompanied by a request for waiver of formal service as set forth by subdivision (d) of F.R.C.P. Rule 4.

In addition, and out of recognition that the defendants would probably decline plaintiffs' request for waiver of formal service, plaintiffs filed a motion for extension of time to complete service of process prior to the expiration of the aforementioned 90-day time limit [Doc #42]. Finally, since November 15, 2016, none of the attorneys who represent any of the defendants have indicated to plaintiffs whether the purported service upon them was accepted or authorized in their capacity as the *agents* of their clients. Nevertheless, as of the time of this filing, plaintiff has accomplished service upon approximately 15-20 of the named defendants

---

[1] *See* Guess?, Inc. v. Chang, 163 F.R.D. 505, 507-08 (N.D. Ill. 1995) (holding that service upon an individual is proper by serving the individual's attorney only when the attorney has been specifically authorized to accept service on the individuals behalf). In this regard, it should be noted that the attorney for the Defendant Sheriff Chris Prine and his approximately 17 or more subordinates, who were also named as defendants, accepted service of process on their behalf when one of the initial lawsuits in state court were filed.

**2. Plaintiffs' Arguments and Case Authority in Support of Their Argument That this Court Has the Discretion to Extend the Amount of Time in Which to Complete Service of Process Where "Good Cause" Is Otherwise Not Shown.**

In <u>Lepone-Dempsey v. Carroll County Comm'rs, et al.</u>, 476 F.3d 1277, 1281 (11th Cir. 2007), it was held that good cause may exist "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence prevented service." Plaintiffs admit that such is not the case here. However, "Rule 4(m) affords the district court the discretion to enlarge the 90 day period for service of process even if [the plaintiffs] fails to establish good cause." <u>Pullins v. Bi-Lo Holdings, LLC, et al.,</u> 2016 U.S. LEXIS 171163 (S.D. Ga. December 12, 2016) (citing <u>Horenkamp v. Van Winkle & Co.</u>, 402 F.3d 1129, 1132 (11th Cir. 2005) (citing <u>Henderson v. United States</u>, 517 U.S. 654, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996)). Moreover, "when a district court finds that a plaintiff fails to show good cause for failing to affect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." <u>Lepone-Dempsey</u>, *supra* at 1282. Accordingly, a permissive extension of time for service may be warranted, for example, "if the applicable statute of limitations with bar, the refiled action, or if the defendant is evading service or conceals a defect in attempted service." <u>Horenkamp</u>, *supra*, at 1132 (quoting Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment). "Other relevant considerations may include whether the defendant had notice of the suit despite the plaintiff's failure to perfect timely service, and whether the defendant has received proper service since the close of the 90-day window." <u>Pullins v. Bi-Lo Holdings, LLC</u>, *supra*, (citing <u>Horenkamp</u>, *supra* at 1133).

Cases in which the courts have declined to exercise its discretion in a manner that would allow for a permissive extension seem to rest upon one or more factors. In <u>Fluellen v. City of Macon</u>, 2016 U.S. Dist. LEXIS 134770, M.D. Ga. Case No.: 5:15-CV-86, Albany Division, Decided: September 29, 2016, the court found that the plaintiff showed a lack of diligence in that he took no action to locate and serve the defendant until after the motion to dismiss was filed, which was "almost a year and a half after filing the Complaint." In <u>Pullins v. Bi-Lo Holdings, LLC, et al., supra</u>, the defendants remained unserved over a

year after filing the original action and 6 months after the filing of the defendants motion to dismiss for lack of service.

A case which, on the other hand, appears to track the facts in this case is *Villaflor v. Ultimate Med. Acad., LLC* 2016 U.S. Dist. LEXIS 139746, M.D. Fla. Case No.: 8: 16-CV-1486, Tampa Division, Decided: October 7, 2016. In *Villaflor*, plaintiff's counsel averred that "he mistakenly noted the deadline for service a month later than the actual deadline under Rule 4(m), because '**he used the old 120 day deadline that existed prior to the amendment of Rule 4(m).**'" *Id*. As a consequence, the plaintiff was allowed to move for an extension of time to serve the defendant upon the condition that Plaintiff's Verified Motion for Extension of Time showed "at least 'excusable neglect.'"*Id*.

In analyzing whether to exercise its discretion, and even to dismiss the case without prejudice or direct that service be affected within a specified time, the court in *Villaflor* took into consideration whether a dismissal without prejudice would nevertheless foreclose the plaintiff's claim on the grounds of the statute of limitations, as well as, whether the defendant was prejudiced where it knew of the lawsuit in advance of being served. See *In re Perlman*, No. 6:07-BK-00761-KSJ, 2011 Bankr. LEXIS 1219, 2011 WL 1395296 (Bankr. M.D. Fla. April 7, 2011 (holding that "an attorney's oversight" did not constitute good cause under Rule 4(m), but nonetheless exercising its discretion to extend the service deadline). The point also to be emphasized is that the plaintiffs' mistake regarding the use of a 120-day time limit was discovered *before* the expiration of the recently amended 90-day time limit and that corrective action by filing a motion for extension of time to complete service was likewise filed *before* the 90-day time limit expired.[2]

### 3. Conclusion

The plaintiffs contend that if the purpose of this brief is to address the issue of what happened to be the limits and scope of this Court's analysis in determining when it is authorized to exercise its

---

[2]. This is unlike the situation where, pursuant to Rule 6(b)(1)(B), which provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time… on motion made ***after*** the time has expired if the party failed to act because of excusable neglect." To the extent that plaintiffs acted prior to the expiration of the 90-day time limit, a finding of excusable neglect is not warranted under the rule that allows the court to exercise its discretion.

discretion under Rule 4(m), the case authority points to factors such as diligence or unreasoned delay, whether the defendant knew of the lawsuit, and whether the plaintiffs claims will be time-barred. Here, the plaintiffs maintain that if their motion for extension of time is not granted, their Section 1983 claims, at the very least, will be time-barred. The plaintiffs also maintain that the defendants are not prejudiced because they knew of this refiled lawsuit because it was widely publicized on numerous websites within hours of it being refiled. The plaintiffs also maintain that they attempted to complete or accomplish service of process within the 90-day time limit by serving the defendants' attorneys and seeking their waivers of formal service, again, within the 90-day time limit. And lastly, plaintiffs have, according to reports, currently accomplished service on many of the Lowndes County Sheriff's Department defendants, the City of Valdosta defendants, as well as, the Lowndes County School System defendants.

Accordingly, plaintiffs request that upon consideration of the briefs submitted by the parties on the issue of scope and limitations of the court's discretions under Rule 4, that the plaintiffs be allowed to contest any secondary issues, such as whether the granting of plaintiff's motion for extension of time should be denied on the basis of any claims that the various claims against the various defendants are somehow time-barred.

Respectfully submitted this 6th day of January, 2017.

BY: /s/Chevene B. King, Jr.
Chevene B. King, Jr.
Attorney for Plaintiffs

Prepared by:
Chevene B. King, Jr.
Post Office Drawer 3468
Albany, GA  31706
(912) 436-0524
State Bar No.:  420105