## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| KENNETH JOHNSON and JACQUELYN JOHNSON, | ) | |
| KENNETH JOHNSON and JACQUELYN JOHNSON, as Personal Representatives of KENDRICK LAMAR JOHNSON, and JACQUELYN JOHNSON, as Administrator for and on Behalf of The Estate of, KENDRICK LAMAR JOHNSON, | ) ) ) ) | |
| Plaintiffs | ) | |
| v. | ) | |
| | ) | |
| BRANDEN BELL; BRIAN BELL; RICK BELL, in his individual capacity and Parent of Gbit Bell and Brian Bell; RYAN HALL; | ) ) | **CIVIL ACTION** |
| CHRIS PRINE, in his individual and official capacity; | ) | **FILE NO.:7:16-CV-00141-(WLS)** |
| FRANK SIMMONS, in his individual and official capacity; | ) | |
| WILLIAM "WES" TAYLOR in his individual and official capacities; | ) | |
| JAMES D. THORNTON, in his individual and official capacities; | ) | **AMENDED COMPLAINT** |
| THE LOWNDES COUNTY SCHOOL DISTRICT | ) | |
| FRED WETHERINGTON, individually and in his official capacity as the Chairman of Lowndes County Board of Education  individual capacities; | ) ) | |
| JAY FLOYD | ) | |
| RAY MCGRAW, in his official and individual capacities; | ) | |
| JACK WINNINGHAM, in his official and individual capacities; | ) | |
| WANDA EDWARDS, in her official and individual capacities; | ) | |
| STRYDE JONES, in his official and individual capacities; | ) | |
| AARON PRITCHETT, in his official and individual capacities; | ) | |
| LOGAN HENDERSON, in his official and | | |

| | |
|---|---|
| individual capacities;<br>RANDY LIGHTSEY, in his official and )<br>  individual capacities;<br>MICHAEL ADAMS, in his official and )<br>  individual capacities;<br>JACK PRIDDY, in his official and individual )<br>  capacities;<br>KERRY QUINN, in his official and individual )<br>  capacities;<br>CHRISTI GRIFFIN, in her official and )<br>  individual capacities;<br>BRYCE WHITENER, in his official and )<br>  individual capacities;<br>CHRISTOPHER BURKE, in his official and )<br>  individual capacities;<br>ROY BLACK in his official and individual )<br>  capacities;<br>HOWARD FISHER, in his official individual )<br>  capacities;<br> MARK MASKULE, in his )<br>  official and individual capacities;<br>ROY HART, in his official and individual )<br>  capacities;<br>JOHN MARION, in his official and individual )<br>  capacities;<br>WES HORNE, in his official and individual )<br>  capacities;<br>AGENT KRISTEN PERRY, in her official )<br>  and individual capacities;<br>LINDSAY MARCHANT, in his official )<br>  and individual capacities;<br>STEVE CALLAHAN, in his )<br>  official and  individual capacities;<br>AMY BRASWELL, )<br>  in her official and individual capacities;<br>STEVE TURNER, in his official )<br>  and individual capacities;<br>DR. MARYANNE GAFFNEY-KRAFT, )<br>  in her official and individual capacities;<br>RODNEY BRYAN, in his official and )<br>  individual capacities;<br>STEVE 0WENS d/b/a OWENS TRANSPORT )<br>SERVICE; LARRY HANSON, in his official<br>and individual capacities; )<br>CITY OF VALDOSTA, GEORGIA, a<br>Municipal Corporation; )<br>JOE DOES, an unknown persons; and<br>JANE DOES, unknown persons, )<br><br>    Defendants.                                           ) | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**CIVIL ACTION**<br><br>**FILE NO.**:**7:16-CV-00141-(WLS**)<br><br>**<u>AMENDED COMPLAINT</u>** |

NOW COME Plaintiffs KENNETH JOHNSON and JACQUELYN JOHNSON, who pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and prior to the filing of any responsive pleading or within 20 days after the original pleading to be amended was served, amends their complaint as a matter of course to add as an alternative theory of recovery and in the following particulars, shows this Court the following:

1.

By striking the PRELIMINARY STATEMENT in its entirety, and in substitution thereof, amending same to read as follows:

"**PRELIMINARY STATEMENT**

Plaintiffs KENNETH JOHNSON and JACQUELYN JOHNSON are the parents of KENDRICK LAMAR JOHNSON, who died while attending school on or about January 10, 2013 at Lowndes High School located in Valdosta, Lowndes County, Georgia, bring this action against Defendants BRANDON BELL, BRIAN BELL, and RYAN HALL, each of whom were assisted each other, as well as, by certain unknown individuals, hereinafter referred to as JANE DOE I and JOHN DOE I, for various actions or conduct which led to or directly caused the death of KENDRICK LAMAR JOHNSON. Each of the afore-named defendants are liable to Plaintiffs for the wrongful death of their minor son, KENDRICK LAMAR JOHNSON.

Thereafter, the aforesaid defendants, along with each of the defendants named in the above styled caption, deliberately and unlawfully conspired to hide and cover up: (a) the perpetration of an assault and other circumstances upon Kendrick Lamar Johnson on or about January 10, 2013, (b) their involvement as assailants or persons who assisted in causing said assault or the death of KENDRICK LAMAR JOHNSON, ( c) the identities of persons who directly or indirectly contributed to or assisted in causing the assault and ultimately the death of

KENDRICK LAMAR JOHNSON, and (d) the involvement of each other as participants in a conspiracy to unlawfully interfere with an investigation by law enforcement agencies that purportedly was designed to discover the true circumstances surrounding the death of KENDRICK LAMAR JOHNSON.

Moreover, the aforesaid defendants, along with each of the defendants named in the above styled caption, deliberately and unlawfully fraudulently misled plaintiffs KENNETH JOHNSON and JACQUELYN JOHNSON as to the true time and date of the death of Kendrick Lamar Johnson through their aforesaid conspiracy to hide and cover up the perpetration of the aforesaid assault and other abuses arising from the misconduct perpetrated upon Kendrick Lamar Johnson on or about January 10, 2013.

In addition, not only did each of the defendants identified in the above styled action, maliciously, conspire and engage in a deliberate and corrupt effort to cover up the involvement of Defendants as assailants and co-conspirators, but the aforesaid conspiracy also deliberately, maliciously and unlawfully interfered with the rights of Plaintiffs KENNETH JOHNSON and JACQUELYN JOHNSON to have access to the courts of this state and thereby frustrate their desire to seek legal redress. Accordingly, each of the defendants named herein are liable to said plaintiffs for the damages they have suffered due to a civil conspiracy carried out by them and which sought to interfere with their due process and equal protection rights under the Constitution for the State of Georgia. Accordingly, Plaintiffs KENNETH JOHNSON and JACQUELYN JOHNSON seek equitable relief in the form of declaratory judgment and injunctive relief against all state actors, including but not limited to Defendants  DR. MARYANNE GAFFNEY-KRAFT, and  RODNEY BRYAN, as well as all other defendants named herein, and who are sued in their individual capacity, as well as, official capacity as members of the Georgia Bureau of Investigation.

In the course of interfering with the rights of Plaintiffs KENNETH JOHNSON and JACQUELYN JOHNSON to have access to the courts and thus frustrate their desire to seek legal redress, each of the defendants have caused said plaintiffs to suffer great physical and emotional pain and, as a consequence, are liable for intentional infliction of emotional distress, as well as, other state law violations.

Plaintiffs KENNETH JOHNSON and JACQUELYN JOHNSON now bring this action under 42 U.S.C. §§1983 and 1985 as against EACH AND EVERY DEFENDANT named herein to seek redress for the aforesaid violations of rights of KENDRICK LAMAR JOHNSON and the significant damages he suffered.

Each of the plaintiffs herein also sues the each of the Defendants named herein pursuant to O.C.G.A. §§19-7-1(a) and 51-4-5 to recover for the loss of services of KENDRICK LAMAR JOHNSON, the funeral expenses of KENDRICK LAMAR JOHNSON, as well as, compensation for the pain and suffering experienced by KENDRICK LAMAR JOHNSON."

2.

By re-labeling "TWELVETH CAUSE OF ACTION" following ¶ 139 to read " SEVENTH CAUSE OF ACTION."

3.

By re-labeling "THIRTEENTH CAUSE OF ACTION" following ¶ 146 to read "EIGHTH CAUSE OF ACTION."

4.

By re-labeling "FOURTEENTH CAUSE OF ACTION" following ¶ 158 to read "NINETH CAUSE OF ACTION."

5.

By re-labeling "SECOND CAUSE OF ACTION" following ¶ 208 to read "TENTH

CAUSE OF ACTION."

6.

By re-labeling "THIRD CAUSE OF ACTION" following ¶ 212 to read "ELEVENTH CAUSE OF ACTION."

7.

By re-labeling "FOURTH CAUSE OF ACTION" following ¶ 217 to read "TWELFTH CAUSE OF ACTION."

8.

By re-labeling "FIFTH CAUSE OF ACTION" following ¶ 223 to read "THIRTEENTH CAUSE OF ACTION."

9.

By re-labeling "TWELVETH  CAUSE OF ACTION" following ¶ 230 to read "FOURTEENTH CAUSE OF ACTION."

10.

By re-labeling "THIRTEENTH  CAUSE OF ACTION" following ¶ 247 to read "FIFTEENTH CAUSE OF ACTION."

11.

By re-labeling "14TH  CAUSE OF ACTION" following ¶ 257 to read "SIXTEENTH CAUSE OF ACTION."

12.

By re-labeling "15TH  CAUSE OF ACTION" following ¶ 262 to read "SEVENTEENTH CAUSE OF ACTION."

13.

By re-labeling "1 6TH  CAUSE OF ACTION" following ¶ 266 to read "EIGHTEENTH

CAUSE OF ACTION."

14.

By re-labeling "17TH CAUSE OF ACTION" following ¶ 270 to read "NINETEENTH CAUSE OF ACTION."

15.

By re-labeling "18TH CAUSE OF ACTION" following ¶ 274 to read "TWENTIETH CAUSE OF ACTION."

16.

By re-labeling "19TH Cause of Action" following ¶ 278 to read "TWENTY-FIRST CAUSE OF ACTION."

17.

By striking each and every paragraph and count following ¶ 267of the "19TH Cause of Action" through to ¶ 286 and substituting same with the following:

"279. The Plaintiffs re-allege and incorporate herein, as if set forth in full, each and every allegation contained in the preceding paragraphs and further allege:

280. At all times material to this Complaint, Defendant LOWNDES COUNTY SCHOOL DISTRICT acted through its agents, employees, teachers, administrators, staff and representatives, including but not limited to Defendants FRED WETHERINGTON, WES TAYLOR and JAY FLOYD, each of whom were acting under color of state statutes, ordinances, regulations, customs and usages of the State of Georgia and, in their actions and appearances, pursuant to the scope of their authority.

281. At all times material to this Complaint, KENDRICK LAMAR JOHNSON was a seventeen (17) year old male child who was in the tenth (10th) grade and attending Lowndes High School located in Valdosta, Georgia. All conditions precedent to the filing of this

Complaint have occurred, been satisfied, or been waived in that written notice has been previously provided to the Defendants.

## Facts Common to All Remaing Counts

282. During the school year of 2012 – 2013, KENDRICK LAMAR JOHNSON, an African-American student, was attending Lowndes High School in Valdosta, Lowndes County, Georgia. To this end, there existed a "special relationship" between the KENDRICK LAMAR JOHNSON and the Defendants LOWNDES COUNTY SCHOOL DISTRICT, WES TAYLOR and JAY FLOY owed or had a duty to properly supervise the activities of all students who were attending Lowndes High School and to protect KENDRICK LAMAR JOHNSON, who was in its care on or about January 10, 2013.

283. Approximately one (1) year before the aforesaid incident of January 10, 2013, Defendant LOWNDES COUNTY SCHOOL DISTRICT, through its agents, employees, teachers, administrators, staff or representatives were on notice that KENDRICK LAMAR JOHNSON had been senselessly assaulted by another student who also attended Lowndes High School. In this regard, Plaintiff's representative, Plaintiff JACQUELYN JOHNSON, complained to administrative personnel of the Defendant LOWNDES COUNTY SCHOOL DISTRICT that her son, KENDRICK LAMAR JOHNSON, had reported to her that while on a school bus that had traveled to another school for an athletic competition that was sanctioned and arranged by Defendant LOWNDES COUNTY SCHOOL DISTRICT, he had been victimized by Brian Bell, a fellow student at Lowndes High School and teammate on the high school's football team. Plaintiff JACQUELYN JOHNSON also indicated to said administrative personnel and school officials at Defendants' Lowndes High School that, according to her son, he was improperly accused and blamed for instigating the aforesaid fight on the school bus. Accordingly, Plaintiff JACQUELYN JOHNSON requested that the aforesaid said administrative personnel and school officials at Lowndes High School allow her to watch the video recording

from the school bus's surveillance system, but despite her right to do so, said request was summarily denied by representatives of the Defendant LOWNDES COUNTY SCHOOL DISTRICT.

284. In connection with and following Plaintiff JACQUELYN JOHNSON's lodging of the foregoing complaint, KENDRICK LAMAR JOHNSON was subjected to undeserved punishment, humiliation and various forms of mistreatment by members of the coaching staff of the Lowndes High School football program.

285. Upon information and belief, the aforesaid dispute between Brian Bell and KENDRICK LAMAR JOHNSON was not properly investigated nor handled in an appropriate manner, and as a consequence, was allowed to remain unsettled and unresolved, all of which was known to or should have been known to officials and personnel employed by Defendant LOWNDES COUNTY SCHOOL DISTRICT. Moreover, upon information and belief, KENDRICK LAMAR JOHNSON reported to plaintiffs that subsequent to the aforesaid dispute between he and Brian Bell, Brandon Bell, older brother to Brian Bell and also a student at said Lowndes High School, confronted him (KENDRICK LAMAR JOHNSON) and stated to him that, "it ain't over."

286. In connection with the aforementioned dispute and resulting mistreatment of KENDRICK LAMAR JOHNSON, Defendants thereafter failed to properly supervise and protect said Plaintiff from further mistreatment and harassment, including, but not limited to, other assaults and fatal injuries. Upon information and belief, Defendant SCHOOL DISTRICT s' failure to properly supervise its student population included its failure to properly monitor the activities of students throughout all areas of the Lowndes High School campus, including but not limited to locker rooms and utility closets, as well as its failure to maintain a

properly functioning video surveillance system.

287.    Defendant SCHOOL DISTRICT violated KENDRICK LAMAR JOHNSON's right to be free of mistreatment and harassment, whether at the hands of fellow students or school personnel. Defendants LOWNDES COUNTY SCHOOL DISTRICT, WES TAYLOR and JAY FLOY violated the aforesaid right by condoning certain practices, policies and procedures that have resulted in the inadequate training of teachers, coaching staff and administrators on how to properly monitor and supervise students, protect them from assaults or the harassment of other students, as well as, investigate any such instances whenever they occur.

288.    As a direct and proximal result of having a custom of failing to properly train its teachers, coaching staff and administrators on how to properly monitor and supervise students, protect them from assaults or the harassment of other students, and investigate any such instances whenever they occur, such failures by Defendants LOWNDES COUNTY SCHOOL DISTRICT, WES TAYLOR and JAY FLOY were intentional or, at best, negligent and done with complete, reckless and callous disregard for the rights and privileges of KENDRICK LAMAR JOHNSON.

289.    That as a direct and proximate result of Defendants LOWNDES COUNTY SCHOOL DISTRICT, WES TAYLOR and JAY FLOY's aforesaid actions and omissions, on or about January 10, 2013, KENDRICK LAMAR JOHNSON was violently assaulted, severely injured, suffered great physical pain and mental anguish, and subjected to insult and loss of life, all of which took place at the hands of one (1) or more students while upon the property of Lowndes High School and during its normal hours of operation.

**TWENTY-SECOND CAUSE OF ACTION**
**Against All Defendants for Negligent Training and Supervision**

Plaintiffs incorporate the allegations contained in the preceding paragraphs1-289 as if fully set forth herein.

290.	At all times mentioned herein, Defendants LOWNDES COUNTY SCHOOL DISTRICT, WES TAYLOR and JAY FLOY  recruited, hired, instructed, trained, employed, supervised and retained the teachers, administrators and faculty members to supervise, discipline, control and protect children in its control, custody, possession and care.

291.	As KENDRICK LAMAR JOHNSON was in the care of Defendants, said Defendants LOWNDES COUNTY SCHOOL DISTRICT, WES TAYLOR and JAY FLOY  had a duty of care to protect KENDRICK LAMAR JOHNSON, from assaults and harassment, including but not limited to "bullying" by other students.  In the foregoing regard, said Defendants LOWNDES COUNTY SCHOOL DISTRICT, WES TAYLOR and JAY FLOY breached its duty to the students of Lowndes High School in general and specifically to KENDRICK LAMAR JOHNSON, by failing to adequately perform the activities cited in preceding paragraphs, more particularly by  failing to implement policies, procedures, training and supervision to faculty members and administrators, regarding investigating, remedying and prohibiting harassment and assaultive behavior on the part of students. Said policies or customs, or lack thereof, amounted to and reflected said Defendant's deliberate indifference to the rights of KENDRICK LAMAR JOHNSON.

292.	 As a direct and proximate result of the acts and omissions of the Defendants LOWNDES COUNTY SCHOOL DISTRICT, WES TAYLOR and JAY FLOY , including said defendants' knowledge of prior complaints by one (1) or more parents of KENDRICK LAMAR JOHNSON, said Defendant caused, encouraged or precipitated the ultimate assault of KENDRICK LAMAR JOHNSON on or about January 10, 2013.  The acts against and injuries to

KENDRICK LAMAR JOHNSON were foreseeable and hence the Defendants LOWNDES COUNTY SCHOOL DISTRICT, WES TAYLOR and JAY FLOY were negligent and are therefore liable to the Estate of KENDRICK LAMAR JOHNSON for injuries he sustained.

### TWENTY-THIRD CAUSE OF ACTION
### Against All Defendants for Negligent Infliction of Emotional Distress

Plaintiffs incorporate the allegations contained in the preceding paragraphs of 1-292 as if fully set forth herein.

293. The aforementioned acts, omissions and conduct of the Defendants LOWNDES COUNTY SCHOOL DISTRICT, WES TAYLOR and JAY FLOY were extreme, outrageous, malicious or with the total disregard or deliberate indifference to the rights of the KENDRICK LAMAR JOHNSON and therefore, said Defendants were aware, knew or should have known that its acts, omissions and conduct would cause Plaintiff extreme and severe emotional distress.

294. Upon information and belief, Defendants LOWNDES COUNTY SCHOOL DISTRICT, WES TAYLOR and JAY FLOY knew or should have known of the conduct that KENDRICK LAMAR JOHNSON and other students were being subjected to in and about the premises of, including, fighting, bullying, and harassment, said Defendants had a duty to protect KENDRICK LAMAR JOHNSON and/or owed a him a duty to properly monitor and supervise all of its students and, whenever necessary, to promptly intervene so as to prevent injury to any student, including but not limited to KENDRICK LAMAR JOHNSON. Accordingly, the assault upon KENDRICK LAMAR JOHNSON and the injuries he sustained and experienced were foreseeable and the proximate result of said Defendants LOWNDES COUNTY SCHOOL DISTRICT, WES TAYLOR and JAY FLOY having breached its duty to KENDRICK LAMAR JOHNSON by failing to adequately implement policies, procedures, guidelines, training,

supervision or instructions to its employees and students attending Lowndes High School.

295. As a direct and proximate result of the aforesaid outrageous acts and physical injuries suffered by KENDRICK LAMAR JOHNSON, he is entitled to recover for the emotional distress that he was forced to endure.

### TWENTY-FOURTH CAUSE OF ACTION
### Against All Defendants for Funeral Expenses

Plaintiffs incorporate the allegations contained in the preceding paragraphs of 1-295 as if fully set forth herein.

296. The aforementioned acts, omissions and conduct of the Defendants LOWNDES COUNTY SCHOOL DISTRICT, WES TAYLOR and JAY FLOY were the direct and proximate cause leading to the death of KENDRICK LAMAR JOHNSON on or about January 10, 2013. As a direct consequence of this child's death, the Estate of KENDRICK LAMAR JOHNSON is entitled to recover any and all amounts incurred in the way of the funeral expenses that were surrounding and connected to his burial.

297. As a consequence of the aforementioned death, Plaintiffs KENNETH JOHNSON and JACQUELYN JOHNSON contracted with Harrington's Funeral Home located in Valdosta, Georgia for purposes of arranging and providing all of the services and materials that were needed to accomplish a proper burial and "going home" ceremony for their son, KENDRICK LAMAR JOHNSON.

298. The amount charged by Harrington's Funeral Home exceeds Five Thousand Dollars ($5,000.00), the exact amount of which shall be proven at the time of trial."

By adding as an additional count and thus the TWENTY-FIFTH CAUSE OF ACTION, as well as, PRAYER FOR RELIEF, the following:

### "TWENTY-FIFTH CAUSE OF ACTION
### Against All Defendants for Loss of Services of Kendrick Lamar Johnson

Plaintiffs incorporate the allegations contained in the preceding paragraphs of 1-298 as if fully set forth herein.

299. At all times mentioned herein, Plaintiffs KENNETH JOHNSON and JACQUELYN JOHNSON have a separate cause of action for the loss of services of their minor child, KENDRICK LAMAR JOHNSON.

300. At all times mentioned herein, Plaintiffs KENNETH JOHNSON and JACQUELYN JOHNSON where the custodial parents and thus entitled to recover for the laws of said child's services pursuant to O.C.G.A. §19-7-1(a).

301. As a direct and proximate result the of aforesaid acts and misconduct of each of the defendants named in this complaint, Plaintiffs KENNETH JOHNSON and JACQUELYN JOHNSON were deprived of the services of their minor child, KENDRICK LAMAR JOHNSON, and as a consequence, are entitled to recover for the value of said child's services.

302. The value of said child's services shall be determined based according to proof presented at trial and in the enlightened conscience of the trier of fact, jointly and severally, against each of the Defendants.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs request the following relief:

a. An award of compensatory damages for each Plaintiff, in an amount deemed appropriate by the enlightened conscience of the trier of fact, jointly and severally, against the Defendants;

b. An award of punitive damages, jointly and severally, against the Defendants;

c. An award of pre-judgment and post-judgment interests;

d. An award of costs, including, but not limited to, discretionary costs, attorneys' fees and expenses incurred in pursuing this case;

e. A order directing Defendant MARYANNE GAFFNEY-KRAFT to make arrangements for the examination of the tissue specimens collected by Dr. William Anderson;

f. Declaratory and injunctive relief;

g. Any other and further relief this Court deems just and proper;

h. The value of KENDRICK LAMAR JOHNSON's services to Plaintiffs; and

i. Any other and further relief to which they may be entitled.

JURY TRIAL DEMANDED "

Except as amended herein, plaintiffs reassert and reallege all allegations as otherwise set forth in the original complaint.

This 11th day of January 2017.

THE C. B. KING LAW FIRM

BY:/s/ Chevene B. King, Jr.
    Chevene B. King, Jr.
    Attorney for Plaintiffs
Prepared by:    State Bar No.: 420105

Prepared by:
Chevene B. King, Jr.
Post Office Drawer 3468
Albany, GA 31706
(229)436-0524
State Bar No.: 420105