IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| KENNETH JOHNSON, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action |
| | * | File No. 7:16-CV-00141-WLS |
| BRANDEN BELL, et al.. | * | |
| | * | |
| Defendants. | * | |

## ***SPECIAL APPEARANCE* MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND AMENDED COMPLAINT OF DEFENDANTS MICHAEL ADAMS, STRYDE JONES, BRYCE WHITENER AND JACK WINNINGHAM**

Defendants Michael Adams ("Adams"), Stryde Jones ("Jones"), Bryce Whitener ("Whitener") and Jack Winningham ("Winningham") file this Memorandum of Law in Support of Motion to Dismiss Complaint (Doc. 1) and Amended Complaint (Doc. 72) pursuant to FRCP 12(b)(4) and (5) and show the Court as follows.[1]

### Procedural History

This case is a "renewal" under Georgia law (OCGA § 9-2-61) of several cases previously pending and dismissed by Plaintiffs in the Superior Court of Lowndes County, Georgia. (Doc. 1, p. 2). Lowndes County Sheriff Chris Prine was the only named defendant in Civil Action No.

---

[1] Adams, Jones, Whitener and Winningham make this special appearance without waiving, and expressly preserving, all defenses available to them under applicable law.

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 1 of 7

2013CV1230 and the remaining eighteen (18) LCSO Defendants were among the thirty-eight (38) named defendants in Civil Action No. 2015CV706. [2]

On August 17, 2016, Plaintiffs initiated this action by filing the Complaint (Doc. 1) with the Clerk of Court. Plaintiffs waited 89 days to cause summonses to be issued by the Clerk of Court for Adams (Doc. 38), Jones (Doc. 8), Whitener (Doc. 13) and Winningham (Doc. 22). Just before midnight on November 15, 2016, the 90th day after filing, Plaintiffs' counsel filed a Motion (Doc. 42) to extend the time to serve all of the named defendants.

Adams, Jones, Whitener and Winningham are Lowndes County Sheriff's Deputies (Doc. 1, ¶¶ 30, 13, 35 and 17). Lowndes County Sheriff Chris Prine is named as a defendant in this case. (Doc. 1, ¶ 9). More than 135 days after the filing of the Complaint, on or after December 30, 2016, Plaintiffs caused a copy of a summons and the Complaint (Doc. 1) to be delivered to Adams, Jones, Whitener and Winningham. The Amended Complaint (Doc. 72) has not been delivered to Adams, Jones, Whitener or Winningham. The copy of a summons and the Complaint that Plaintiffs caused to be delivered to Adams, Jones, Whitener and Winningham was delivered to each of them by Lowndes County Sheriff's Deputy James E. Rehberg.

Following the filing of their Motion (Doc. 42) to extend the time to serve defendants, Plaintiffs conceded in Plaintiffs' Second Motion for Extension of Time (Doc. 54) that any service thereafter would be futile as to the state law claims which were filed on behalf of Plaintiffs individually, as well as to any claims in which service of process had not been perfected or accomplished. (Doc. 54, p. 1). Plaintiffs conceded this because they could not show the diligence required by state law in perfecting service following commencement of a renewal action under OCGA § 9-2-61.

_____

[2] The Civil Action Numbers referred to are the case numbers from the Superior Court of Lowndes County, Georgia.

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 2 of 7

Also, on December 20, 2016 Plaintiffs' counsel admitted in open court that none of the Defendants had been served as required by law and likewise admitted that Plaintiffs could not show "good cause" for failing to timely perfect service within the meaning of FRCP 4(m).

Thus, Plaintiffs have admitted their failure to satisfy the service requirements of Georgia law when commencing and serving a renewal action. And Plaintiffs have admitted that no service has been perfected and that they cannot meet the "good cause" requirement of FRCP 4(m) even if such rule even applies. Only after making these concessions and admissions did Plaintiffs cause a copy of a summons and the Complaint to be delivered to Adams, Jones, Whitener and Winningham. And that delivery was made upon these Lowndes County Sheriff's Deputies by another Lowndes County Sheriff's Deputy in a case in which the Lowndes County Sheriff himself is named as a defendant.

## Argument and Authorities

Plaintiffs previously dismissed and re-filed this case outside the applicable statute of limitations. Georgia's renewal statute provides in pertinent part:

> "When any case has been *commenced* in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be *recommenced* in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . ." O.C.G.A. § 9-2-61(a) (emphasis added).

The question is thus "when the instant lawsuit was 'commenced' as contemplated by the renewal statute." Georgia law provides that, in order to obtain the benefit of tolling of the statute of limitations which is what the renewal statute is designed to provide, an action is not "commenced" until service of process has been made and service that is perfected after expiration of the statute of limitations will relate back to the date of filing of the complaint only in two

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 3 of 7

conditions: (i) when the plaintiff perfected service within five days of the filing of the complaint; and (ii) when the plaintiff otherwise diligently attempted to perfect service. *See Johnson v Am. Meter Co.*, 412 F. Supp.2d 1260, 1263 (N.D. Ga. 2004) (collecting Georgia renewal cases recognizing and applying this rule); *Morris v. Haren*, 52 F.3d 947, 949 (11th Cir. 1995) (applying state definition of commencement to renewal action filed in federal court); *and see also Cambridge Mut. Fire Ins. Co. v. Claxton*, 720 F.2d 1230, 1233 (11th Cir. 1983); *Wade v. Whalen*, 232 Ga. App. 765, 765, 504 S.E.2d 456, 458 (1998) (holding that the commencement date of an action will relate back only if the plaintiff can show "that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible"), *overruled on other grounds in Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314, 320-321, 765 S.E.2d 413 (2014).

If "service is perfected more than five days after the filing of the complaint and after the statute of limitations has run, service will relate back only if the plaintiff diligently attempted to perfect service." *Claxton*, 720 F.2d at 1233; *see also Morris*, 52 F.3d at 949. In order to show diligence in attempting service, the plaintiff must "show that he acted in a reasonable and diligent manner" to "effectuate proper service as quickly as possible." *Johnson*, 412 F. Supp.2d at 1263-1264; *Wade*, 232 Ga. App. at 765, 504 S.E.2d at 458. "Diligence is measured from the time of filing the renewal action, not from the ending date of the six-month period under the renewal statute." *Johnson*, 412 F. Supp.2d at 1264. "As the burden rests on the plaintiff to ensure diligent service, she must provide specific dates or details to show diligence and cannot rely on conclusory statements." *Zeigler v. Hambrick*, 257 Ga. App. 356, 357, 571 S.E.2d 418 (2002) (affirming a finding of a lack of diligence where the plaintiff failed to provide any evidence that she took any

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 4 of 7

steps to ensure that her renewal action was served, such as by making inquiries at the marshal's office or by requesting a special process server).

Plaintiffs cannot and do not show the required diligence. To the contrary, Plaintiffs concede no timely effort whatsoever was made to serve any of the defendants. Plaintiffs' first attempt at service on any of movants here was 135 days after suit was filed. Because this action was filed after the expiration of the two-year statute of limitations, because service did not occur within five days of filing, and because Plaintiffs cannot and did not show diligent efforts to effectuate service and instead admit to the contrary, they cannot avail themselves of the renewal statute to toll the two-year statute of limitations and all of their claims are time barred. The purported service of Adams, Jones, Whitener and Winningham is out of time under applicable Georgia law and the Complaint and Amended Complaint should therefore be dismissed.

To the extent that the Federal Rules of Civil Procedure apply to this re-filing of a case under Georgia's renewal statute, the Complaint and Amended Complaint should still be dismissed. FRCP 4(m) requires that service be perfected within 90 days of filing of the complaint. Otherwise, the case should be dismissed. Here, the purported service on Adams, Jones, Whitener and Winningham did not occur until 135 or more days after the filing of the complaint. Therefore, such purported service is out of time and the Complaint and Amended Complaint should be dismissed.

Finally, service upon Sheriff's Deputies by another Sheriff's Deputy in a case in which the **Sheriff is a party** is not permitted and is improper service. FRCP 4(c)(2) provides that "Any person who is at least 18 years old and **not a party** may serve a summons and complaint" (emphasis supplied). Under Georgia law, process shall be served by the sheriff or sheriff's deputy or by "a

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 5 of 7

person who is ***not a party*** [and] not younger than 18 years of age …" (emphasis supplied).  OCGA § 9-11-4(c)(1) and (4).

Here, the Lowndes County Sheriff is named as a party.  Adams, Jones, Whitener and Winningham are Lowndes County Sheriff's Deputies.  Plaintiffs' purported service of those Sheriff's Deputies was accomplished by a Lowndes County Sheriff's Deputy.  Such purported service is not permitted by FRCP 4 or OCGA § 9-11-4.  See also ***Abrams v. Abrams*** 239 Ga. 866 (1977) (holding that sheriffs are disqualified to perform their official duties in cases in which they have an interest; service made by a party is void).  Plaintiffs' purported service of Adams, Jones, Whitener and Winningham is void.

## Conclusion

Plaintiffs' purported service of Adams, Jones, Whitener and Winningham is out of time under Georgia law, is out of time under the Federal Rules of Civil Procedure and is also void.  Therefore, Adams, Jones, Whitener and Winningham respectfully request that the Court enter an Order dismissing Plaintiffs' Complaint and Amended Complaint.

This 20th day of January, 2017.

ELLIOTT, BLACKBURN & GOODING, PC


 /s/ James L. Elliott                                          
James L. Elliott
GA Bar No. 244244


Elliott, Blackburn & Gooding, PC
Attorneys at Law
3016 North Patterson Street
Valdosta, GA 31602
Phone: (229) 242-3333
Fax: (229) 242-0696
jelliott@ebbglaw.com

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 6 of 7

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing the following by filing the same with the Court's CM/ECF electronic filing system:

CHEVENE B. KING, JR.
THE C.B. KING LAW FIRM
POST OFFICE DRAWER 3468
ALBANY, GA 31706

PATRICK T. O'CONNOR
PAUL THRELKELD
OLIVER MANER, LLP
P.O. BOX 10186
SAVANNAH, GA 31412

TIMOTHY M TANNER
910 N PATTERSON ST
VALDOSTA, GA 31601

THEODORE FREEMAN
WAYNE S. MELNICK
ARASH ALI SABZEVARI
661 FOREST PKWY
FOREST PARK, GA 30297

DEVON ORLAND
40 CAPITOL SQUARE, S.W.
ATLANTA, GA 30334-1300

JOHN GEE EDWARDS
108 E VALLEY ST
VALDOSTA, GA 31601

This 20th day of January, 2017.

ELLIOTT, BLACKBURN & GOODING, PC


 /s/ James L. Elliott
James L. Elliott
GA Bar No. 244244

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 7 of 7