IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KENNETH JOHNSON et al.,,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIAN BELL, *et al.*,<br><br>Defendants. | <br><br><br><br><br><br><br>Civ. Case No. 7:16-cv-00141-WLS |

**SPECIAL APPEARANCE BRIEF IN SUPPORT
OF VALDOSTA DEFDANTS' MOTION TO DISMISS**

Come Now CITY OF VALDOSTA, GEORGIA, FRANK SIMONS, LARRY HANSON, and RAY McGRAW ("Valdosta Defendants"), making a special appearance, and filing their *Special Appearance Brief in Support of Valdosta Defendants' Motion to Dismiss*, pursuant to Fed. R. Civ. P. 12(b)(4)(5) and (6), respectfully showing the Court as follows:

**I.     STATEMENT OF APPLICABLE FACTS.**

1.   Kendrick Johnson was found dead on January 11, 2013 on the campus of Lowndes High School.

2.   The death was ruled accidental.

3.   Plaintiffs contend their son was murdered by Brian Bell, Brandon Bell and Ryan Hall.

4.   Plaintiffs contend the remaining Defendants entered into a conspiracy to cover up the true cause of the death of Kendrick Johnson.

5. Plaintiffs filed the following lawsuits in Lowndes County as a result of the death of Kendrick Johnson:

   a. *Kenneth Johnson et al. vs. Chris Prine*, Lowndes County Superior Court, Civil Action No.:2013-CV-1230;

   b. *Kenneth Johnson et al. vs. Lowndes County Board of Education et al.*, Lowndes County Superior Court, Civil Action No.: 2014-CV-1592;

   c. *Kenneth Johnson et al., vs. Lowndes County Board of Education et al.*, Lowndes County Superior Court, Civil Action No.: 2014-CV- 997;

   d. *Kenneth Johnson et al vs. Harrington Funeral Homes*, et al., Lowndes County State Court, Civil Action No.: 2014-SCV-43; and

   e. *Kenneth Johnson vs. Bill Watson,* Lowndes County Superior Court, Civil Action No.: 2013-CV-2316.

6. None of the aforementioned case involved the Valdosta Defendants.

7. On January 12, 2015, two years after the death of the Decedent, Plaintiffs sued the Valdosta Defendants along with thirty-four (34) others in the Superior Court of DeKalb County.

8. After Plaintiffs failed to respond to a Lowndes County Defendants' and Valdosta Defendants' Respective Motions to Transfer, the case was transferred to Lowndes Superior Court and assigned the Civil action number 2015-CV-706.

9. At no time during the pendency of civil action 2015-CV-706 did Plaintiffs serve Frank Simons.

10. In addition, service upon the remaing Valdosta Defendants was conducted by a Richard Modena.

[1981106/1]

11. Mr. Modena did not have authority to serve the Valdosta Defendants. *See Plaintiff's Resp. to City of Valdosta Defendants Motion to Dismiss for Insufficient Service and Insufficiency of Service of Process*, ¶7 ("in discussing the foregoing situation with [the process server], plaintiffs are now satisfied that in January 2015, he does [sic] not possess the authority to make service of process for the courts in either DeKalb County nor Lowndes County.").

12. The Valdosta Defendants raised the defenses of insufficient service and insufficiency of service of process in their answer.

13. The parties in the Civil Action Number 2015-CV-706 engaged in discovery until December 15, 2015.

14. In accordance with the scheduling order in place, the Valdosta Defendants submitted following two dispositive motions on January 15, 2016: (1) *Valdosta Defendants' Motion to Dismiss for Insufficient Process and Insufficient Service of Process; and (2) Valdosta Defendants' Motion for Summary Judgment.*

15. Despite being on notice of the defenses asserted by the Valdosta Defendants, Plaintiffs did not attempt to properly serve the Valdosta Defendants until after receipt of the Valdosta Defendants' Motion to Dismiss for Insufficient Service and Insufficiency of Service on or about January 15, 2016. *See Plaintiff's Resp. to City of Valdosta Defendants Motion to Dismiss for Insufficient Service and Insufficiency of Service of Process*, ¶5.

16. No service was committed on Defendant Simons in civil action 2015-CV-706.

[1981106/1]

17. After submission of dispositive motions by Defendants, and when said motions became ripe for ruling, Plaintiffs dismissed Case No. 2015-CV-706 without prejudice on March 1, 2017.

18. Plaintiff purportedly renewed filed this instant matter on August 17, 2016.

19. Plaintiffs did not serve the Valdosta Defendants with personal service within the ninety days allowed by Fed. R. Civ. P. 4.

20. No service was completed on any of the Valdosta Defendants until December 30, 2016 when Defendants Hanson and City of Valdosta were served by members of the Lowndes County Sheriff's Department.

21. To date, no service has taken place on Defendant Simons and/or McGraw.

## II. ARGUMENT AND CITATION OF AUTHORITY.

### A. Frank Simons & Ray McGraw – No Service in this Renewal Action.

Defendant Simons and McGraw have not been served in this renewal suit. As such, Defendant Simons and McGraw move to dismiss the case against them pursuant to Fed. R. Civ. P. 12(b)(4) and (5). As of the date of this filing, it has been 156 days since this renewal suit was filed. This delay in service far exceeds the ninety (90) period allowed by Fed. R. Civ. P. 4. Despite Plaintiffs' acknowledgment of their failure to serve all Defendants within the period of Fed. R. Civ. P. 4(m), they have still yet to accomplish service sixty-six days later on these two Defendants. *See Holmes vs. Georgia*, 2010 U.S. Dist. LEXIS 147275 (M.D. Ga., Judge Sands). As such, Defendants Frank Simons and Ray McGraw respectfully move to dismiss the Complaint and Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(4) and (5).

**B.     City of Valdosta & Larry Hanson – Service Not In Accordance With Federal or Georgia Law.**

Defendants City of Valdosta and Larry Hanson move to dismiss Plaintiffs claim against them pursuant to Fed. R. Civ. P. 12(b)(4) and (5) as they were not served in accordance with Fed. R. Civ. P. 4 and/or Georgia law.

i.     Fed. R. Civ. P. 4

Fed. R. Civ. P. 4(m) states, in pertinent part, "[I]f the plaintiff shows good cause for the failure [to serve a defendant within 90 days after the complaint is filed], the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  Plaintiffs have the burden of demonstrating good cause but conceded they could not do so at the December 20, 2016 hearing.  As such, relief under Fed. R. Civ. P. 4 is not warranted.

ii.    O.C.G.A. 9-2-61 – Georgia's Renewal Statute.

Plaintiffs seek to renew this case under Georgia's Renewal Statute, codified in O.C.G.A. §9-2-61.  The renewal statute provides the following:

> When any case has been *commenced* in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be *recommenced* in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . .

The question becomes whether Plaintiffs have "recommenced" the action they dismissed in Lowndes Superior Court.  Recommencement is not synonymous with filing. Under Georgia law, an action has not commenced for purposes of the running of the statute of limitation until service of process has been made. *See Gibson vs. Medtronic*, Inc. 2015 U.S. Dist. LEXIS 180927 (N.D. Ga.).  "Where service of process is made after expiration of the statute of limitations for a complaint filed within the statute, this service will relate back to the filing of the complaint only

[1981106/1]

if (1) plaintiff has perfected service within five days of the filing of the complaint or (2) plaintiff has otherwise diligently attempted to perfect service." *Johnson v Am. Meter Co.*, 412 F. Supp.2d 1260, 1263 (N.D. Ga. 2004).

With respect to the second category, "[d]iligence is measured from the time of filing the renewal action, not from the ending date of the six-month period under the renewal statute." *Id.* Furthermore, when considering whether Plaintiff acted with diligence under Georgia law, he must show "that he acted in a reasonable and diligent manner in attempting to effectuate proper service as quickly as possible." *Sykes vs. Springer*, 220 Ga. App. 388, 389 (1996). The plaintiff also has the burden of showing lack of fault. *Id*.

Here, Plaintiffs cannot show they attempted to "effectuate service as quickly as possible". Instead, they stated that they intentionally <u>delayed</u> service to take strategic advantage of the amendment rules of Fed. R. Civ. P. 15. *See* Doc. 42, P. 2, ¶4. Plaintiffs' purposeful tactics are inopposite to the reasonable diligence required by Georgia law.

    iii.    <u>Improper Service Under Fed. R. Civ. P. 4(c)(2)</u>.

The method employed by Plaintiffs to serve Defendants Hanson and City of Valdosta is also improper. Fed. R. Civ. P. 4(c)(2) provides that "Any person who is at least 18 years old and **not a party** may serve a summons and complaint" (emphasis supplied). Here, the Lowndes County Sheriff and multiple deputies are named parties. As such, the Lowndes County Sheriff's Department was not authorized to perfect service upon Defendants Hanson and City of Valdosta and same is void. *See* Fed. R. Civ. P. 4; *see also Abrams v. Abrams* 239 Ga. 866 (1977) (holding that sheriffs are disqualified to perform their official duties in cases in which they have an interest; service made by a party is void).

### C. Any Future Service On Frank Simons Would Be Futile As A Void Action Cannot Be Renewed.

In this instant action, Plaintiffs purport to be "renewing" a lawsuit against Defendant Simons. The only case which identified Frank Simons as a Defendant is Civil Action No. 2015 CV 706. As stated above, Plaintiffs never served Defendant Simons with a copy of the lawsuit.

Georgia law provides that "[t]he 'privilege' of dismissal and renewal does not apply to cases decided on their merits or to void cases, but does allow renewal if the previous action was merely voidable." *Hobbs vs. Arthur*, 264 Ga. 359, 360 (1994). "The original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit." *Id*.

Since Defendant Simons was never served with a copy of the original lawsuit, the original suit was void and incapable of being renewed. Consequently, Defendant Simons moves to dismiss this instant matter pursuant to Fed. R. Civ. P. 12(b)(6) as the statute of limitations has now expired for any claims that could be asserted against him.

### III. CONCLUSION.

For the foregoing reasons, the Valdosta Defendants respectfully request Plaintiffs' Complaint and Amended Complaint be dismissed.

Respectfully submitted this 20th day of January, 2017

**COLEMAN TALLEY LLP**
**s/Tim Tanner**
TIMOTHY M. TANNER
Georgia Bar No. 697683

910 North Patterson Street
Valdosta, Georgia 31601
(229) 242-7562
(229) 333-0885 *facsimile*
tim.tanner@colemantalley.com

[1981106/1]

[1981106/1]