IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KENNETH JOHNSON, ET AL. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO.: 7:16-cv-00141-WLS |
| BRIAN BELL, ET AL. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS WILLIAM "WES"
TAYLOR, THE LOWNDES COUNTY SCHOOL DISTRICT, AND FRED
WETHERINGTON'S MOTION TO DISMISS BY WAY OF SPECIAL APPEARANCE**

COME NOW Defendants William "Wes" Taylor ("Taylor"), the Lowndes County School District (the "School District"), and Fred Wetherington ("Wetherington") (collectively "these defendants), by way of special appearance and without waiving and specifically reserving all defenses available to them, and pursuant to Federal Rule of Civil Procedure 12(b) and 4(m) and Local Rule 7.1, file this memorandum of law in support of their motion to dismiss plaintiffs' complaint (Doc. 1), as amended (Doc. 72) (collectively referred to as the "complaint"), showing the Court as follows:

### I. INTRODUCTION AND STATEMENT OF THE CASE

On August 17, 2016, plaintiffs filed the present lawsuit as a "renewal" under Georgia law (O.C.G.A. § 9-2-61), asserting an assortment of claims arising from the death of Kendrick Lamar Johnson. (Doc. 1.) As plaintiffs alleged in their complaint, "[t]his action is based upon substantially the same cause of action as asserted in and brought by plaintiffs in the Superior Court of Lowndes County, Georgia, Case Numbers 2013 CV 1230, 2014 CV 997, 2014 CV

1592, and 2015 CV 706, and therefore is the result, at least as to some actions contained herein, of plaintiffs' voluntary dismissals as set forth and pursuant to O.C.G.A. §§ 9-11-41 and 9-2-63." (Doc. 1, p. 3.)[1]

Turning to those previously dismissed actions, in "2013 CV 1230," plaintiffs named Sheriff Chris Prine and purportedly the Lowndes County School District (the "School District") as defendants. Plaintiffs voluntarily dismissed the 1230 action on March 1, 2016. (See 1230 Voluntary Dismissal attached hereto as Exhibit A.)

The Middle District of Georgia is well familiar with "2014 CV 997" and "2014 CV 1592," which were previously removed to the Court from the Superior Court of Lowndes County and were before the Honorable Judge Hugh Lawson, until he ordered that the cases be remanded after plaintiffs dismissed their federal claims. See Johnson, et al. v. Lowndes County Board of Education, et al., Civil Action No. 7:14-cv-157-HL and Johnson, et al. v. Lowndes County Board of Education, et al., Civil Action No. 7:14-cv-158-HL. In the 997 action, plaintiffs originally asserted state and federal law claims against the Lowndes County Board of Education (the "Board of Education"), Fred Wetherington, Wes Taylor, and Jay Floyd. After remand, plaintiffs voluntarily dismissed the 997 action on November 2, 2015. (See 997 Voluntary Dismissal attached hereto as Exhibit B.) In the 1592 action, plaintiffs asserted state law claims against the Board of Education, Wetherington, Taylor, and Floyd, among others. After remand, plaintiffs voluntarily dismissed the 1592 action on November 2, 2015. (See 1592 Voluntary Dismissal attached hereto as Exhibit C.)

---

[1] The Civil Action Numbers referred to are the case numbers from the Superior Court of Lowndes County.

As for "2015 CV 706," plaintiffs filed that action on January 12, 2015, while the 997 and 1592 actions were still pending. In the 706 action, plaintiffs named Taylor as a defendant, but did not name the Board of Education, the School District, Wetherington, or Floyd as defendants. Plaintiffs voluntarily dismissed the 706 action on March 1, 2016. (See 706 Voluntary Dismissal attached hereto as Exhibit D.)

As addressed below, plaintiffs' renewal action as to Wetherington and Taylor was not filed within six months after the dismissal of the 997 and 1592 actions and therefore this action against them is barred by the applicable statute of limitations. Plaintiffs' renewal action against the School District is likewise subject to dismissal because plaintiffs never properly added the School District as a defendant or served the School District in the 1230 action prior to dismissing that action. Assuming the renewal action is properly filed against these defendants, it is nevertheless subject to dismissal based on plaintiffs' failure timely serve these defendants with process in accordance with Georgia and/or Federal law. Not only was service untimely, but it was also insufficient because these defendants were served by a Lowndes County Sheriff's Deputy not authorized to serve process because the Lowndes County Sheriff is a named defendant. For these reasons, and the reasons set forth below, plaintiffs' complaint must be dismissed.

## II.  ARGUMENT AND CITATION OF AUTHORITY

### A. Plaintiffs' Renewal Action Against Taylor And Wetherington Is Barred By The Applicable Statute Of Limitations

Georgia's renewal statute provides in pertinent part:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a

>court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later….

O.C.G.A. § 9-2-61(a).

Here, the underlying actions that are relevant for purposes of this renewal action against Wetherington and Floyd are the 997 and 1592 actions. Plaintiffs voluntarily dismissed both of those actions on November 2, 2015. (See Exhibits B and C.) Plaintiffs therefore had six months or until Monday, May 2, 2016, at the latest, to file the instant renewal action. Because plaintiffs did not file this action until August 17, 2016, the renewal action is untimely as to Wetherington and Taylor and is barred by the applicable two-year statute of limitations. See Gottschalk v. Woods, 329 Ga. App. 730, 736, 766 S.E.2d 130, 135 (2014) (finding that because plaintiff filed his suit after the six-month renewal period had expired, the trial court did not err in concluding that his claims were untimely under O.C.G.A. § 9–2–61(a) and thus that he failed to file a valid renewal action under the statute).

### B. Plaintiffs' Renewal Action Against The School District Is Barred By The Applicable Statute Of Limitations

Georgia law provides that, in order to obtain the benefit of tolling the statute of limitations which is what the renewal statute is designed to provide, an action is not "commenced" within the meaning of O.C.G.A. § 9-2-61(a) until service of process has been made. "The renewal statute applies only to actions that are valid prior to dismissal. To constitute a valid action, the complaint must be served personally on the defendant." Stephens v. Shields, 271 Ga. App. 141, 141, 608 S.E.2d 736, 738 (2004). See also Hobbs v. Arthur, 264 Ga. 359, 360, 444 S.E.2d 322 (1994) (finding that original suit is void if service is not perfected because filing of complaint without perfecting service does not constitute pending suit).

Here, the only previously dismissed action that the School District was purportedly a party to was the 1230 action. In that action, however, plaintiffs never actually asserted any substantive claims against the School District, never obtained the required order pursuant to O.C.G.A. § 9-11-21 to add it as a party, and never served the School District with a summons and complaint. That action therefore is entirely void as to the School District, and the School District therefore is subject to dismissal. Stephens, 271 Ga. App. at 141, 608 S.E.2d at 738 (finding that because plaintiff did not personally serve defendant before voluntarily dismissing her initial complaint, that complaint was void and the renewal statute did not apply); see also Cooper v. Lewis, 288 Ga. App. 750, 750, 655 S.E.2d 344, 345 (2007) (finding that original negligence action was void due to injured motorist's failure to serve defendant motorist, and thus, second suit filed after limitations period expired was not a valid renewal action under renewal statute).

C.  **Plaintiffs' Renewal Action Is Barred By The Applicable Statute Of Limitations Based On Plaintiffs' Failure To Timely Perfect Service On These Defendants In Accordance With Georgia Law**

It is well-settled that "[a] renewed lawsuit under O.C.G.A. § 9–2–61(a) is an action de novo; therefore, the procedural requirements of filing a new complaint and perfecting service must be met anew." Davis v. Bushnell, 245 Ga. App. 221, 222, 537 S.E.2d 477 (2000). See also Hobbs, 264 Ga. at 360, 444 S.E.2d at 322. O.C.G.A. § 9–11–4(c) provides: "When service is to be made within this state, the person making such service shall make the service within five days from the time of receiving the summons and complaint; but failure to make service within the five-day period will not invalidate a later service." "Where a complaint is filed near the statute of limitation and service is made after the statute expires and after the five-day safe harbor

provision contained within O.C.G.A. § 9–11–4(c), the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service." Giles v. State Farm Mut. Ins. Co., 330 Ga. App. 314, 318, 765 S.E.2d 413, 417 (2014).

The five-day grace period for service of a complaint also applies to renewal actions. See generally Cleveland v. Katz, 311 Ga. App. 880, 883, 717 S.E.2d 500 (2011).  The burden is on the plaintiff to show that due diligence was exercised when service is made outside the limitation period.  Hardy v. Lucio, 259 Ga. App. 543, 544, 578 S.E.2d 224, 226 (2003).  The plaintiff must also show the failure to timely serve was not his fault.  Hardy, 259 Ga. App. at 544, 578 S.E.2d at 226.  Ordinarily, the determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse.  Id.

Georgia courts have consistently held that where a defendant is not properly served and the plaintiff is not reasonable and diligent in serving the defendant, then dismissal based upon the plaintiff's lack of diligence is appropriate.  Hardy, 259 Ga. App. at 544, 578 S.E.2d at 225 (a delay of forty-nine (49) days following the expiration of the statute of limitations constitutes an unreasonable delay subjecting the plaintiff to laches and requiring dismissal of the complaint on statute of limitations grounds); Hossain v. Tohme, 205 Ga. App. 538, 540, 423 S.E.2d 4 (1992) (plaintiff's efforts to serve defendant were ineffective where there was an attempt to serve thirty-nine (39) days after the filing of the complaint); Smith v. Griggs, 164 Ga. App. 15, 16, 296 S.E.2d 87, 88 (1982) (fifty-six (56) days following the filing of a suit constitutes an unreasonable delay subjecting the plaintiff to laches).

Here, plaintiffs concede that no timely effort whatsoever was made to serve any of the defendants and concede that any extension of time to serve process would be futile "at least as to the state law claims." (Doc. 54 at 1.) Still, plaintiffs attempt at service on these defendants occurred on January 6, 2017, 142 days after suit was filed and nearly one year after the expiration of the applicable two-year statute of limitations. This lengthy delay evidences plaintiffs' failure to exercise any diligence in serving these defendants. Because service occurred well after the expiration of the statute of limitations and the five-day safe harbor provision, and because plaintiffs cannot show diligent efforts to effectuate service and instead admit to the contrary, plaintiffs cannot avail themselves of the renewal statute to toll the two year statute of limitations and their claims are therefore time barred. See Davis, 245 Ga. App. at 221, 537 S.E.2d at 479.

**D.    Plaintiffs' Claims Are Barred By The Applicable Statute Of Limitations Based On Plaintiffs' Failure To Timely Perfect Service On These Defendants In Accordance With Federal Law**

Assuming the Federal Rules apply to renewal actions filed pursuant to Georgia law, under the Federal Rules, the "plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m)." Fed. R. Civ. P. 4(c)(1). When a defendant moves for dismissal for insufficiency of service of process, the plaintiff bears the burden of proving that service was valid. Sanders v. Fluor Daniel, Inc., 151 F.R.D. 138, 139 (M.D. Fla. 1993), aff'd, 36 F.3d 93 (11th Cir. 1994). Rule 4(m) requires that service be perfected within 90 days of the filing of the complaint or face dismissal. The 90 day time period is not a general guideline, but a limitation identified specifically in the Federal Rules. In this regard, Rule 4(m)

provides for an extension of the period if the plaintiff can establish <u>good cause</u> for his failure to serve in a timely manner.

Here, plaintiffs attempt at service on these defendants occurred on January 6, 2017, 52 days after the 90 day time period had expired. While plaintiffs currently have a motion for extension of time pending (Doc. 42), plaintiffs have conceded that they cannot establish good cause. (Doc. 71 at 3.) And this Court should not exercise its discretion to allow plaintiffs any extension of time for the reasons already provided in these defendants' brief in response to plaintiffs' motion for extension of time (Doc. 47) and supplemental brief (Doc. 65), the arguments and citations of authority of which are incorporated herein. Accordingly, because the purported service on these defendants did not occur until 142 days after the filing of the complaint, such purported service is out of time and plaintiffs' complaint should be dismissed.

**E.**     <u>Service On These Defendants By A Lowndes County Sheriff's Deputy Is Void</u>

Finally, service upon these defendants by a Lowndes County Sheriff's deputy in a case in which the Lowndes County Sheriff is a party is not permitted and is not proper service. It is well-settled that service of process is not proper when it is executed by one deputy upon another. <u>See, e.g.</u>, <u>Church v. Bell</u>, 213 Ga. App. 44, 44, 443 S.E.2d 677, 678 (1994) (dismissing appeal in case where the trial court found that the original service on the sheriff and his deputies was defective because it was made by another deputy sheriff); <u>Hillyer v. Pearson</u>, 118 Ga. 815, 45 S.E. 701 (1903) (holding that where a sheriff was a party to a suit, process directed to the sheriff and his deputies, and served by one of his deputies, was void). Moreover, when a sheriff or his deputy is a defendant, service may be executed by the coroner, the sheriff of an adjoining county, or a specially-appointed process server. O.C.G.A. §§ 9-13-11; 15-13-10. This limitation exists

because the law does not authorize a person to execute process in his own case. Abrams v. Abrams, 239 Ga. 866, 867, 239 S.E.2d 33, 35 (1977) (finding that sheriffs are disqualified to perform their official duties in cases in which they have an interest; service made by a party is void). Although virtually any adult may serve process under the Federal Rules, parties to litigation are disqualified from doing so. FED. R. CIV. P. 4(c)(2). See also O.C.G.A. § 9-11-4(c)(1) and (4).

Here, service of the summons and complaint upon these defendants by a Lowndes County Sheriff's Deputy was invalid, because the Lowndes County Sheriff is a named defendant. (See Proof of Service for the School District, Taylor, and Wetherington attached hereto as Exhibit E.) As a matter of law, all deputies of Lowndes County are disqualified from serving process in this case. The purported service upon these defendants, therefore, is void as a matter of law and plaintiffs' claims are barred by the statute of limitations. See Melton v. Wiley, 262 Fed. Appx. 921, 923 (11th Cir. 2008).

### III.   CONCLUSION

As shown above, plaintiffs' renewal action as to Wetherington and Taylor was not filed within six months after the dismissal of the 997 and 1592 actions and therefore this action against them is barred by the applicable statute of limitations. Plaintiffs' renewal action against the School District is likewise subject to dismissal because plaintiffs never properly added the School District as a defendant or served the School District in the 1230 action prior to dismissing that action. Assuming the renewal action is properly filed against these defendants, it is nevertheless subject to dismissal based on plaintiffs' failure timely serve these defendants with process in accordance with Georgia and/or Federal law. Not only was service untimely, but it

was also insufficient because these defendants were served by a Lowndes County Sheriff's Deputy not authorized to serve process because the Lowndes County Sheriff is a named defendant. Therefore, these defendants' motion to dismiss should be granted.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wayne S. Melnick*
Theodore Freeman
Georgia Bar No. 276350
tfreeman@fmglaw.com
Wayne S. Melnick
Georgia Bar No. 501267
wmelnick@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

*/s/ L. Warren Turner, Jr.*
L. Warren Turner, Jr.
Georgia Bar No. 719491
warren@lwturnerlaw.com

P.O. Box 157
Valdosta, GA 31603
(229) 247-5005 (telephone)
(229) 247-6657 (facsimile)

Attorneys for Defendants William "Wes" Taylor, the Lowndes County School District, Fred Wetherington, and Jay Floyd

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS WILLIAM "WES" TAYLOR, THE LOWNDES COUNTY SCHOOL DISTRICT, AND FRED WETHERINGTON'S MOTION TO DISMISS BY WAY OF SPECIAL APPEARANCE** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification to the following:

Chevene B. King, Jr.
The C.B. King Law Firm
PO Drawer 3468
Albany, Georgia 31706

Paul Threlkeld
Oliver Manner, LLP
P.O. Box 10186
Savannah, Georgia 31412

James L. Elliott
Elliott, Blackburn & Gooding, PC
3016 North Patterson Street
Valdosta, Georgia 31602

Timothy M. Tanner
Coleman Talley LLP
910 N. Patterson Street
Valdosta, Georgia 31602

This 24th day of January, 2017.

/s/ Wayne S. Melnick
Wayne S. Melnick
Georgia Bar No. 501267
wmelnick@fmglaw.com

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia  30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)