IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

KENNETH JOHNSON, et al.                    :

     Plaintiffs,                         :          Case No.: 7:16-cv-00141-WLS

vs.                                                            :

BRIAN BELL, et al.                                :

     Defendants.                        :

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
OWENS', D/B/A OWENS TRANSPORT SERVICE,
MOTION TO DISMISS BY WAY OF SPECIAL APPEARANCE

COMES NOW Defendant Steve Owens, d/b/a Owens Transport Service, by

and through his undersigned counsel, by way of special appearance and without

waiving and specifically reserving all defenses available to him, and pursuant to

Rules 12(b) and 4(m) of the Federal Rules of Civil Procedure, and Local Rule 7.1,

files this Memorandum of Law in support of his Motion to Dismiss by way of

Special Appearance and respectfully asks this Court to dismiss the plaintiffs'

complaint (Doc. 1) and amended complaint (Doc. 72) showing this Honorable

Court as follows:

Statement of Facts and Procedural Background

Plaintiffs filed this "renewal" action after voluntarily dismissing their

complaint against Mr. Owens in the Superior Court of Lowndes County on March

1, 2016.  In the underlying state action, Mr. Owens was sued solely for the state tort of Intentional Infliction of Emotional Distress.  Plaintiffs claim this action is "based upon substantially the same cause of action as asserted in" the state action. (Doc. 1, p. 3).  Plaintiffs filed an amended complaint in this action (Doc. 72) on January 11, 2017.  Mr. Owens was served with a copy of the initial complaint on January 26, 2017, but has not yet been served with a copy of the amended complaint.  The amended complaint asserts an action under 42 U.S.C. §§ 1983 and 1985 against all defendants along with claims for loss of services, funeral expenses, and compensation for pain and suffering.  (Doc. 72, p. 4).  It also alleges a cause of action against "all defendants" for "negligent training and supervision" and "negligent infliction of emotional distress".  (Doc. 72, p. 10-11, 13).  This amended complaint is the first time any such causes of action have been alleged against Mr. Owens.  Indeed, in the state action plaintiffs admitted Mr. Owens was not a state actor and was not being sued for civil rights violations. Attached to his second response to plaintiffs' motion for extension of time to perfect service are copies of previous responses to interrogatories stating that Mr. Owens was not sued for a civil rights violation in the prior action.  (Doc. 67, Exh. 1, responses number 3 and 4).

The Lowndes County case was initially filed in DeKalb County on January 12, 2015, but transferred to Lowndes County for lack of venue. After discovery was completed and motions for summary judgment were pending, Plaintiffs voluntarily dismissed their action on March 1, 2016. Also pending was a motion by Mr. Owens to dismiss for failure to properly serve him with the complaint in that action. No return or proof of service on Mr. Owens was filed in the underlying state action. After the voluntary dismissal, the Superior Court of Lowndes County ruled the action was frivolous and is in the process of determining an award of attorney fees. Plaintiffs refiled the action in this federal lawsuit on August 17, 2016. Plaintiffs filed a motion for extension to effectuate service based on Plaintiffs' counsel's representation that he mistakenly believed that he had 120 days to effectuate service. (Doc. 42, para. 4). Mr. Owens and other defendants objected to that motion and the matter was taken under advisement by the Court.

<u>Argument and Citation of Authority</u>

I.    PLAINTIFFS' COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS.

A.    <u>The renewal action is barred by the statute of limitations.</u>

Georgia's renewal statute provides that if a case was commenced within the statute of limitations and the plaintiff voluntarily dismisses the action, the plaintiff

may recommence the case within six months after the dismissal. O.C.G.A. § 9-2-61(a). Here, the underlying action was dismissed on March 1, 2016, and refiled this action on August 17, 2016. However, Mr. Owens was not served until January 26, 2017, with a copy of the initial complaint and summons. To date, Mr. Owens has never been served with a copy of the amended complaint. Because Georgia law only extends the statute of limitations to include a recommencement of the action within six months after the dismissal, the renewal action is now barred as six months expired on September 1, 2016. Indeed, Plaintiffs admitted this was the case in oral argument before this Court and in their pleadings. Plaintiffs "concede that their aforementioned motion for extension of time (Doc. 42) would be futile, at least as to the state law claims". (Doc. 54, p. 1).

Georgia law provides that in order to toll the statute of limitations after a voluntary dismissal, a new action must be "commenced" within six months. Under O.C.G.A. § 9-2-61(a), "commenced" means that service of process must be made. "A renewed lawsuit under O.C.G.A. § 9-2-61(a) is an action de novo; therefore, the procedural requirements of filing a new complaint and perfecting service must be met anew." Davis v. Bushnell, 245 Ga. App. 221, 222 (2000). The statute of limitations under Georgia's renewal statute ran when service of the new lawsuit was not achieved within six months of the dismissal. Morris v. Haven, 52 F.3d 947 (11th Cir. 1995); Johnson v. Am. Meter Co., 412 F.Supp.2d 1260, 1265 (N.D.

Ga. 2004); O.C.G.A. § 9-2-61.  Plaintiffs had six months under the renewal statute

to recommence their action, and perfect service within five days of refiling.

Robinette v. Johnston, 637 F.Supp. 922 (M.D. Ga. 1986).  That six month period

expired in September, and subsequent service is outside the statute of limitations.

Wallace v. Kato, 549 U.S. 384, 294 (2007) ("We generally referred to state law for

tolling rules, just as we have for the length of the statute of limitations."); Board of

Regents v. Tomanio, 446 U.S. 478 (1980)(whether a civil rights claim is tolled is a

matter of state law).

     O.C.G.A. § 9-11-4(c) requires that a defendant in a civil action be served

with a copy of the complaint within five days of the date of filing.  O.C.G.A. § 9-

11-4(h) requires the person serving a complaint to file a return of service within

five business days of such service with the Court.  Service only relates back under

Georgia law if diligence was shown and the plaintiff carried the burden of

demonstrating service outside the five days was diligently performed and done as

quickly as possible.  Zeigler v. Hambrick, 257 Ga. App. 356 (2002); Montague v.

Godfrey, 289 Ga. App. 552 (2008). When a complaint is filed near the end of the

statute of limitations period but service is not effected until afterwards, the service

only relates back where the plaintiff exercised due diligence in perfecting service.

Giles v. State Farm Mut. Ins. Co., 330 Ga. App. 314, 319 (2014); Swain v.

Thompson, 281 Ga. 30, 32 (2006)("[w]hen service is made outside the limitation

period, the plaintiff has the burden of showing that due diligence was exercised"). Plaintiffs have not shown diligence in this case, and concede there is no good cause for the failure to effect service. Plaintiffs' counsel stated the failure to timely serve defendants was due to his erroneous belief that there was 120 days for service. (Doc. 42, para. 4); Moody v. Gilliam, 281 Ga. App. 819 (2006)(diligence not shown where service not made for seven weeks); Sykes v. Springer, 220 Ga. App. 388 (1996)(no diligence where service not made until 106 days after expiration of statute of limitations); Livingston v. Taylor, 284 Ga. App. 638 (2007)(no diligent service where plaintiff made no effort to serve defendant for six months); Hardy v. Lucio, 259 Ga. App. 543, 544 (2003)(delay of 49 days following expiration of statute of limitations was unreasonable delay requiring dismissal); Hossain v. Tohme, 205 Ga. App. 538 (1992)(delay of 39 days in service was ineffective); Smith v. Griggs, 164 Ga. App. 15, 16 (1982)(delay of 56 days was unreasonable).

     B.    Any new federal cause of action is barred by the statute of limitations.

In Wilson v. Garcia, 105 S.Ct. 1938 (1985), it was held that a state's statute of limitations for personal injury is the relevant limitations period for civil rights actions under 42 U.S.C. § 1983. "Section 1983 has no statute of limitations of its own, and instead is governed in each case by the forum state's general personal injury statute of limitations." Reynolds v. Murray, 170 Fed. Appx. 49, 50 (11th Cir. 2009)(holding that Georgia's two year personal injury statute of limitations applies

to § 1983 actions).  "Federal courts apply their forum state's statute of limitations for personal injuries brought pursuant to 42 U.S.C. § 1983." Lovett v. Ray, 327 F.3d 1181 (11th Cir. 2003).  "In Georgia…, the statute of limitations for all § 1983 claims is two years." Wilson v. Hamilton, 135 Fed. Appx. 213, 214 (11th Cir. 2005); see also, Bridgewater v. DeKalb County, 430 Fed. Appx. 837 (11th Cir. 2011)("[T]he proper limitations period for all section 1983 claims in Georgia is the two year period set forth in O.C.G.A. § 9-3-33 for personal injuries.").  The two year statute of limitations certainly expired before any § 1983 action was alleged against Mr. Owens.  Two years since January 14, 2013, the date the plaintiffs allege Mr. Owens transported the remains of their son, passed back in 2015.  (Doc. 1, p. 23).  As such, any civil rights cause of action not timely raised in the underlying state action is now barred by the two year statute of limitations.

    C.    <u>Any new state causes of action are barred by the statute of limitations.</u>

Just as any new federal action expired two years after January 14, 2013, any new state causes of action have expired under O.C.G.A. § 9-3-33.  Plaintiffs cannot now bring new actions against Mr. Owens over two years after he provided transportation for the remains of the deceased.

II.    PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR FAILURE
       TO JOIN HARRINGTON'S FUNERAL HOME AS A PARTY.

A case will be dismissed under Rule 12(b)(7) of the Federal Rules of Civil
Procedure if there is an absent party without whom complete relief cannot be
granted or whose interest in the dispute is of such a nation that their absence would
prejudice other parties.  Here, Harrington's Funeral Home was sued by the
plaintiffs for allegedly committing the acts that Mr. Owens has also been accused
of committing, i.e. disposing of the clothing and internal organs of the deceased.
Mr. Owens has categorically denied doing this and asks the Court to dismiss the
case for failure to join Harrington Funeral Home as a party to the action because
the plaintiffs also believe that they have committed the acts alleged, not Mr.
Owens.  Indeed, the plaintiffs have a lawsuit pending against the funeral home
seeking damages for the same allegations brought against Mr. Owens in *Kenneth
Johnson, et al. vs. Harrington Funeral Home, et al.*, State Court of Lowndes
County, Civil Action Number 2014-SCV-43.

III.   PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED BECAUSE THE
       ACTION IS VOID FOR FAILURE TO DEMONSTRATE SERVICE OF
       PROCESS IN THE UNDERLYING STATE ACTION.

Also, plaintiffs never demonstrated timely proof of service upon Mr. Owens
in the underlying state action, thus this complaint is not a valid renewal action

because the original suit was void.  Osborne v. Hughes, 200 Ga. App. 558, 559

(1991)("renewal statute applies only to actions that are valid prior to dismissal"

and "[t]o constitute a 'valid action,' the complaint must be personally served on the

defendant"); Hobbs v. Arthur, 246 Ga. 359 (1994)(finding original suit void if

serve not perfected).  Mr. Owens shows that there is no record of a return of

service in the underlying state case.  Because the evidence does not show he was

served timely and because the statute of limitations expired this complaint must be

dismissed as an attempt to renew a void action.  In the case below, Mr. Owens filed

a timely answer to the complaint, and raised the affirmative defense of insufficient

service in his answer. O.C.G.A. § 9-11-4(c) requires that a defendant in a civil

action be served with a copy of the complaint within five days of the date of filing.

O.C.G.A. § 9-11-4(h) requires the person serving a complaint to file a return of

service within five business days of such service with the Court.  Mr. Owens filed

a motion to dismiss for failure to demonstrate service was timely or done by an

authorized person and the plaintiffs did not respond to the motion.  No service was

ever demonstrated in the underlying action.  Thus, the underlying action is invalid

and this attempt at renewal should be dismissed.

Additionally, without service in the underlying action this action is not

protected by the renewal statute and should be dismissed because the statute of

limitations has run.  Sparrow v. Che, 232 Ga. App. 184 (1998); Garcia v. Virden, 236 Ga. App. 539 (1999); Shy v. Faniel, 292 Ga. App. 253 (2008).

IV.    PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed either because it asserts a legal theory that is not cognizable as a matter of law or because the facts alleged are implausible.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  If a Section 1983 complaint "does not state a constitutional claim it is subject to dismissal under Rule 12(b)(6)".  Doe v. Metro. Polce Dept., 445 F.3d 460, 467 (D.C. Cir. 2006).  A Section 1983 claim must demonstrate two elements, a deprivation of a federal right and that the person who deprived the plaintiff of the federal right acted under color of law.  West v. Atkins, 487 U.S. 42, 48 (1988); Flagg Bros. v. Brooks, 436 U.S. 149, 155 (1978); Gomez v. Toledo, 446 U.S. 635, 640 (1980).  Here, plaintiffs make no allegation in their pleadings that Mr. Owens is a state actor for 42 U.S.C. § 1983 purposes.  Harvey v. Harvey, 749 F.Supp. 1118, 1127-28 (M.D. Ga. 1990)(dismissing 1983 complaint against private attorney who was not a state actor).  In fact, the plaintiffs admitted in interrogatories that Mr. Owens was not a state actor and not subject to suit in a civil rights action. (Doc. 67, Exh. 1, responses number 3 and 4).

Nor do the plaintiffs ever identify a specific constitutional right they allege to have been violated by Mr. Owens.  As such, their complaint should be dismissed.

Also, plaintiffs make no effort to demonstrate they have standing to bring an action under Section 1983.  Standing requires showing of an actual or threatened injury, an injury traceable to the defendant(s), and a likelihood of a favorable decision on the merits.  Allen v. Wright, 468 U.S. 737, 751 (1984); Warth v. Seldin, 422 U.S. 490, 498-500 (1975).  A plaintiff may only assert their own rights, not the rights of a third party.  Singleton v. Wuluff, 428 U.S. 106, 113-16 (1976).

Pleaders must demonstrate that their allegations "possess enough heft" to establish entitlement to relief.  Bell Atlantic Corp., 550 U.S. at 555.  The plaintiff must allege facts to establish their claims beyond the level of speculation.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Thus, the Court must examine the legal conclusions and factual allegations of the complaint for plausibility.  Id. at 678-79.  Here, there is no assertion, much less evidence, that Mr. Owens was a state actor.  In fact, there are sworn responses to interrogatories where the plaintiffs said he was not a state actor.  Nor is there a sufficient averment in the complaint to demonstrate a constitutional right that was infringed by Mr. Owens or standing on behalf of the plaintiffs.  As such, the case should be dismissed.

V.    PLAINTIFFS' CLAIMS ARE BARRED BECAUSE PLAINTIFFS'
FAILED TO TIMELY PERFECT SERVICE OF PROCESS IN
ACCORDANCE WITH FEDERAL LAW AND LACK OF PERSONAL
JURISDICTION AS A RESULT.

Insofar as the federal rules of service apply to this renewal action, the "plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m)." Fed. R. Civ. P. 4(c)(1). When a defendant moves for dismissal for insufficient service of process, the plaintiff has the burden of proving valid service. Sanders v. Fluor Daniel, Inc., 151 F.R.D. 138, 139 (M.D. Fla. 1993), aff'd, 36 F.3d 93 (11th Cir. 1994). Rule 4(m) requires that service be accomplished within 90 days of the filing of the complaint or face dismissal. Plaintiffs failed to serve the complaint within 90 days and have conceded there is no good cause for the failure. (Doc. 71, p. 3). Because the purported service occurred much later than the 90 day period, and there is no good cause show, this Court should dismiss the complaint for failure to timely achieve service of process as required by the Federal Rules of Civil Procedure. Mr. Owens also adopts and realleges his arguments previously made in his objection to the plaintiffs' motion for extension of time to perfect service.

Mr. Owens notes that service under Georgia law was not effected properly either. O.C.G.A. § 9-11-4(c) requires that a defendant in a civil action be served

with a copy of the complaint within five days of the date of filing.  O.C.G.A. § 9-11-4(h) requires the person serving a complaint to file a return of service within five business days of such service with the Court.  Service could only relate back under Georgia law if diligence was shown and the plaintiff carried the burden of demonstrating service outside the five days was diligently performed and done as quickly as possible.  Zeigler v. Hambrick, 257 Ga. App. 356 (2002); Montague v. Godfrey, 289 Ga. App. 552 (2008).  To the extent this Court determines that Georgia service rules are applicable, Mr. Owens shows that the complaint should be stricken for failure to perfect service under Georgia law as well.  "Plaintiff should not be able to circumvent Georgia law, even inadvertently, by attaching a state claim to a federal cause of action."  Robinette v. Johnston, 637 F.Supp. 922 (M.D. Ga. 1986).  As noted herein, the plaintiffs did not serve Mr. Owens within five days of filing the complaint as required by Georgia law.  Furthermore, plaintiffs conceded they did not use diligence in seeking to serve Mr. Owens.  Thus, they cannot demonstrate timely service of process under state or federal law.

Also, Mr. Owens shows that there is no personal jurisdiction over him for lack of service of process and a dismissal is warranted for that reason as well.

VI.    THE AMENDED COMPLAINT SHOULD BE STRICKEN AS TO MR.
         OWENS BECAUSE IT WAS FILED BEFORE HE WAS SERVED WITH
         THE INITIAL COMPLAINT.

Rule 15(a) of the Federal Rules of Civil Procedure allow a party to amend a pleading as a matter of course either "21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier".  Here, plaintiffs sought to amend their complaint before it was ever served on Mr. Owens. Plaintiffs filed an amended complaint in this action (Doc. 72) on January 11, 2017.  Mr. Owens was served with a copy of the initial complaint on January 26, 2017, but has not yet been served with a copy of the amended complaint.

VII.   THE CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL
         DISTRESS SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE
         A CAUSE UPON WHICH RELIEF MAY BE GRANTED.

Georgia law does not recognize a cause of action for negligent infliction of emotional distress.  Chapman v. Western Union Telegraph Co., 88 Ga. 763, 772 (1892), *overruled in part on other grounds*, Lee v. State Farm Mut. Ins. Co., 272 Ga. 583 (2000).  As such, this cause of action should be dismissed against Mr. Owens.

VIII. THE CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL
DISTRESS SHOULD BE DISMISSED BECAUSE THERE WAS NO
IMPACT TO OR DIRECTED TORWARDS THE PLAINTIFFS AND IF
FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE
GRANTED.

Georgia law requires that a plaintiff alleging emotional distress demonstrate
a physical impact in order to sustain a cause of action. Ryckeley v. Callaway, 261
Ga. 828, 829 (1992); Bishop v. Farhat, 227 Ga. App. 201 (1997); Hall v. Carney,
236 Ga. App. 172 (1999); Holbrook v. Stansell, 254 Ga. App. 553 (2002). The
evidence must show that the malicious conduct was directed toward the plaintiff.
Hall v. Carney, 236 Ga. App. 172 (1999)(holding that reburial and excavation of
grave was not malicious and not directed towards plaintiffs); Reece v. Chestatee
State Bank, 260 Ga. App. 136 (2003)(summary judgment for emotional distress
appropriate where insult directed towards third party not plaintiffs); McCunney v.
Clary, 259 Ga. App. 260 (2003)(parents have only limited right to recovery for
emotional distress in instances where they actually witness child's suffering or
death). Here too, there is no evidence of any act or omission by Mr. Owens
towards the plaintiffs.

Plaintiffs have alleged any direct physical impact on themselves nor any
conduct directed towards them by Mr. Owens as required for a claim of emotional

15

distress.  If the damages alleged do not show any physical impact on the plaintiff, the plaintiff must show that the conduct was directed at him or her.  Ryckeley v. Callaway, 261 Ga. 828 (1992)(summary judgment appropriate where damage done to private burial ground because "even malicious, willful or wanton conduct will not warrant a recovery for infliction of emotional distress if the conduct was not directed toward the plaintiff"), *citing*, Sanders v. Brown, 178 Ga. App. 447 (1986).

The holding in Hall v. Carney, 236 Ga. App. 172 (1999), is very applicable here.  In Hall, a family sued for emotional distress related to the excavation of a gravesite where their infant son was buried.  Years after the child had been buried, the defendant church committee members began to dig a grave on the plaintiffs' family plot and came across the infant's grave.  Id. at 173.  This required reburial of the child's grave and gave rise to the lawsuit.  The Court held that there was no evidence of conduct directed by the defendants towards the plaintiffs, nor any evidence that the conduct was malicious, willful or wanton.  Id. at 174.  Thus, the Court held that the claim for emotional distress was without merit.  Kirkland v. Earth Fare, Inc., 289 Ga. App. 819 (2008)(summary judgment warranted in emotional distress case where there was no allegation of physical injury or pecuniary loss to plaintiff).

IX.    PLAINTIFFS' COMPLAINT AGAINST MR. OWENS SHOULD BE
       DISMISSED BECAUSE THEY HAVE ALREADY SUED OTHERS FOR
       THE EXACT SAME ALLEGATIONS.

Plaintiffs have, at different times, claimed that Harrington Funeral Home
and the G.B.I. Crime Lab did what they claim Mr. Owens did, namely improperly
dispose of the clothing and internal organs of the deceased.  Mr. Owens denies
doing any such thing.  Pursuant to O.C.G.A. § 24-14-26(b)(7), a party is estopped
from denying admissions made in judicio.  That code section states that
"[e]stoppels also include all similar cases where it would be more unjust and
productive of evil to hear the truth than to forbear investigation".  In the lawsuit
against Harrington Funeral Home, State Court of Lowndes County, case number
2014SCV43, plaintiffs sued Harrington's Funeral Home, Inc., Antonio Harrington,
and other individuals unknown to the Plaintiffs who work for the funeral home.
Plaintiffs admitted in their depositions that their claims against the funeral home
and its employees are identical to those brought against Mr. Owens.  Because the
Plaintiffs have filed pleadings alleging that they believe someone other than Mr.
Owens committed the acts that allegedly caused them damage, they are estopped
from now claiming Mr. Owens is responsible.  Moreover, Plaintiffs have no
evidence to overcome the presumption created by this estoppel.

17

Given the plaintiffs inability to tell who supposedly disposed of the clothing or body organs of the deceased, the case against Mr. Owens should be dismissed. This issue is controlled by the holding in Kirkland v. Tamplin, 285 Ga. App. 241, 245 (2007). There, the Court of Appeals held that because the plaintiff could not identify either defendant as being the caller who made the alleged insults, summary judgment was warranted. Id. at 245. Here, the Plaintiffs admittedly have no evidence that Defendant Owens did anything improper, all they know is that he transported the remains of the deceased. The Plaintiffs do not know whether Defendant Owens, Harrington's Funeral Home, or the G.B.I. Crime Lab threw away the clothing and internal organs. They already sued the funeral home for the same thing. As such, the action against Mr. Owens should be dismissed.

X.     THIS ACTION SHOULD BE DISMISSED BECAUSE COSTS IN THE UNDERLYING ACTION HAVE NOT BEEN PAID.

A renewal action under O.C.G.A. § 9-11-41 requires payment of costs in the underlying action. The plaintiff must pay all costs of the dismissed action prior to filing the renewed action. O.C.G.A. § 9-11-41(d). The costs must be paid as a precondition to refiling and attorney fees are treated as costs. O.C.G.A. § 9-15-14(g). Here, the Plaintiffs were aware of an impending award of attorney fees and filed the instant action without payment of those costs. Thus, the action must be dismissed. Moreover, if Plaintiffs claim they could not make a determination of

the exact amount of attorney fees, the Plaintiffs will ultimately be required to amend their complaint to cure the defect of payment of costs.  "Non-payment of the costs due in the prior action has been held to be an amendable defect only if the existence of such costs remains unknown despite a good-faith inquiry made prior to the filing of the renewal action and if the deficiency is paid 'within a reasonable time' after being discovered."  Cox v. Fillingim, 184 Ga. App. 205, 205 (1987), *citing*, Daugherty v. Norville Indus., 174 Ga. App. 89, 91 (1985).  "[A]ny unpaid costs in a previous action which are unknown after a good faith inquiry but discovered after the filing of a new action must be paid within a reasonable time to preserve jurisdiction."  Michaels v. Kroger Co., 193 Ga. App. 40, 41 (1989), *quoting*, Daugherty v. Norville Indus., 174 Ga. App. 89, 91 (1985) and Kroger Co. v. Michaels, 183 Ga. App. 62 (1987).  Thus, assuming plaintiffs do not pay the costs after they are fully determined, this action should be dismissed as an invalid renewal action.

Conclusion

Based on the foregoing, Defendant Owens respectfully asks that this Court dismiss the complaint. Defendant Owens also asks that he be allowed to adopt and incorporate similar arguments offered by his Co-Defendants in support of this motion.

This the 9th day of February, 2017.


/s/ John Gee Edwards
John Gee Edwards
Attorney for Mr. Owens
State Bar No.: 241298


Address of Counsel:

108 East Valley Street
Valdosta, Georgia 31601
Phone: 229-242-1790
Fax: 229-242-5257
Email: johngeeedwards@gmail.com

<u>Certificate of Service</u>

I hereby certify that I have this day served a copy of the foregoing on counsel of record following by filing the same with the Court's CM/ECF electronic filing system.

This the 9th day of February, 2016.

<u>/s/ John Gee Edwards</u>
John Gee Edwards
Attorney for Mr. Owens
State Bar No.: 241298

Address of Counsel:

108 East Valley Street
Valdosta, Georgia 31601
Phone: 229-242-1790
Fax: 229-242-5257
Email: johngeeedwards@gmail.com