IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

KENNETH JOHNSON and :
JACQUELYN JOHNSON, et al., :
:
    Plaintiffs, :    CASE NO.: 7:16-CV-141 (WLS)
:
v. :
:
BRIAN BELL, et al., :
:
    Defendants. :
_____ :

## **ORDER**

Before the Court is Plaintiffs Kenneth Johnson and Jacquelyn Johnson's ("the Johnsons") Motion for Extension of Time to Complete and Perfect Service of Process (Doc. 42). Responses in opposition were filed by Defendants Brian Bell, Brandon Bell, and Rick Bell ("Bell Defendants") (Doc. 43), Defendants Chris Prine, Michael Adams, Troy Black, Christopher Burke, Wanda Edwards, Howard Fisher, Christi Griffin, Roy Hart, Logan Henderson, Stryde Jones, Randy Lightsey, John Marion, Mark Maskule, Bryce Whitener, and Jack Winningham ("LCSO Defendants") (Doc. 44), Defendants the City of Valdosta, Georgia, Larry Hanson, Frank Simons, and Ray McGraw ("Valdosta Defendants") (Doc. 46), Defendants William Taylor, the Lowndes County School District, Fred Wetherington, and Jay Floyd ("School District Defendants") (Doc. 47), Defendant Steve Owens d/b/a Owens Transport Service (Doc. 49), and Defendants Rodney Bryan, Amy Braswell, Steve Turner, Maryanne Gaffney-Kraft, Mike Callahan, Kristen Perry, Wes Horne, and Lindsay Marchant ("State Defendants")[1] (Doc. 50). The Johnsons did not submit a timely reply. (*See* Docs. 54–57.) A hearing on the motion was held on December 20, 2016. (Doc. 63.) All parties filed supplemental briefs following the hearing addressing the issues raised therein. (Docs. 65–71.) The Motion is now ripe for review.

---

[1] The State Defendants' Motion was also filed on behalf of Vernon Keenan, who does not appear to be a party in this action. (*See* Doc. 1.)

I.     **Procedural and Factual Background**

This action surrounds the tragic death of seventeen-year-old Kendrick Lamar Johnson ("Kendrick") on January 10, 2013. (Doc. 1 at 31.) His death, and the subsequent press coverage, has spawned a number of lawsuits in both state and federal court. The Court is aware of at least four related state actions: *Johnson v. Prine*, 2013 CV 1230; *Johnson v. Lowndes County Board of Education*, 2014 CV 997; *Johnson v. Lowndes County Board of Education*, 2014 CV 1592; and *Johnson v. Bell*, 2015 CV 706.

Case 2014 CV 997 was removed to federal court on October 10, 2014 as case 7:14-CV-157 (HL) before being remanded to state court on January 28, 2015. It mirrored 2014 CV 1592 which was also removed to federal court on October 10, 2014 as case 7:14-CV-158 (HL) before being remanded to state court on January 28, 2015. The State Defendants allege both actions were voluntarily dismissed on November 2, 2015. (Doc. 47 at 4.)

Case 2015 CV 706 was filed in state court on January 12, 2015. (*See* Docs. 50-1; 50-2.) It is unclear what happened to 2013 CV 1230 which, based on the docket number, the Court assumes was filed in 2013. An email exchange between South Georgia Circuit Superior Court Judge Richard Porter and the parties suggests the two proceeded as companion cases. Judge Porter issued an order on October 7, 2015 dismissing the State Defendants from 2015 CV 706. (*See* Docs. 50-2; 50-3.) The State Defendants assert that on October 15, 2015, the Johnsons filed an amended complaint which still included them as parties. (Doc. 50 at 3.) At some point, the School District Defendants assert they were also added as parties to 2015 CV 706, but no substantive claims were asserted against them and they were never served. (Doc. 47 at 4.) The Johnsons voluntarily dismissed 2015 CV 706 on March 1, 2016. (Doc. 50-4.)

The instant action was filed on August 17, 2016, alleging a number of causes of action under both state and federal law. (Doc. 1.) Under Federal Rule of Civil Procedure 4(m), service was required to be completed on November 15, 2016. The Johnsons, however, did not request summonses from the clerk's office until November 14, 2016 for most of the Defendants and until November 15, 2016 for Defendants Lowndes County High School District, Jay Floyd, and Fred Wetherington. (Docs. 3–41.) The Johnsons' counsel believed he

2

had 120 days to complete service, and had delayed service in the hopes of amending the Complaint prior to the Defendants' answers. (Doc. 42 at 1–2.) When he realized his error, counsel obtained the summonses "and proceeded to send to the defendants' attorneys copies of the complaint via FedEx Next Day Delivery." (*Id.* at 2.) He filed the instant motion for an extension of time on November 15, 2016. (Doc. 42.)

The Johnsons conceded at the hearing that, as of December 20, 2016, they did not believe proper service under the rules had been made on any Defendant.[2] They now allege that 15–20 of the Defendants have been served. (Doc. 71 at 2.) However, no proof of service has been made to the Court nor has any Defendant waived service. *See* Fed. R. Civ. P. 4(l)(1).

## II.  Federal Rule of Civil Procedure 4(m)

Rule 4(m) requires that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The rule goes on to specify that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Plaintiffs did not complete service in the timeframe established by Rule 4(m). The case was filed on August 17, 2016. (Doc. 1.) Ninety days later was Tuesday, November 15, 2016. Plaintiffs did not obtain summonses until November 14 and 15, 2016. (Docs. 3–41.) They sent the summonses and copies of the complaint to the attorneys who had represented the various defendants in prior actions and attached waiver requests. (Doc. 42 at 2.) Sending process via FedEx to attorneys presumed to be counsel is not proper service under the rules. *See* Fed. R. Civ. P. 4(e), (j). No attorney responded to the waiver request, nor were they required to. *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007).

The Johnsons allege in their post-hearing brief that Defendants' attorneys may be "agent[s] authorized by appointment or by law to receive service of process" under Rule

---

[2] The Johnsons did note that they attempted to personally serve Defendant Lowndes County School District on November 15, 2016. However, service was made on a central office receptionist, which does not satisfy the criteria of Rule 4(j). (Doc. 47 at 2.) The Johnsons agreed that no Defendant had been "definitively served" as of the December 20, 2016 hearing.

4(e)(2)(C). (*See* Doc. 71 at 2.) But "service of process is not effectual on an attorney solely by reason of his capacity as attorney." *Ransom v. Brennan*, 437 F.2d 513, 518 (5th Cir. 1971).[3] "[T]here must be evidence that the defendant intended to confer that authority upon the agent in order to satisfy the terms of Rule 4(e)(2)(C)." 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1097 (4th ed.) There is no evidence before the Court that the Defendants designated the authority to accept service upon the attorneys in this case. The Johnsons' assertion in a footnote to a brief that Defendants were not permitted to respond to that, in a separate action, counsel for the LCSO Defendants accepted service on their behalf is not evidence. (Doc. 71 at 2 n.1); *see Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1337 (5th Cir. 1980) ("Statements by counsel in briefs are not evidence."). Moreover, the Johnsons conceded in their motion for an extension of time to complete service that they were without the evidence needed to determine whether the attorneys were so authorized. (Doc. 42 at 3.)

Rule 4(m) establishes two tracks for extending service. First, there are those cases in which a plaintiff establishes good cause for missing the ninety-day deadline. Upon a showing of good cause, the Court *must* extend the deadline for service. But "even where the plaintiff has not shown good cause for his failure," the Court *may* "exercise discretion under Rule 4 to extend the time for service of process." *Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005). "Relief may be justified [without good cause], for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment.

### A. Good Cause

"Good cause exists 'when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) (quoting *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)). In 2015, the federal rules were amended to reduce the

---

[3] The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

number of days to perfect service from 120 to 90. Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment. Plaintiffs' counsel were either unaware of this change or had forgotten it and erroneously believed he had the full 120 days to serve the Defendants. (Doc. 42.) The circumstances are a quintessential example of inadvertence or negligence. *See In re Trasylol Prod. Liab. Litig.--MDL--1928.*, 503 F. App'x 850, 857 (11th Cir. 2013) (no good cause when undescribed "apparent error" prevented timely service); *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000) (counsel's misunderstanding of Rule 4 was not good cause). Because there is no evidence of any outside factor preventing service, the Plaintiffs have failed to demonstrate good cause. The Court is not required to extend the time to perfect service.

### B. Other Circumstances Justifying Extension

"[W]hen a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007). It is "[o]nly after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Id.* The Court must consider whether the statute of limitations would bar the refiling of a claim, but it is not required to extend the deadline for service in such cases. *Id.*

The Johnsons assert that a statute of limitations would bar some of their claims were this case to be dismissed without prejudice. (Doc. 59-1 at 3.) The Court accepts the representation as true for the sake of this Motion only.

*Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129 (11th Cir. 2005) appears to be directly on point to the circumstances presented here. In that case, the plaintiff mistakenly believed she had an additional month to perfect service beyond what was allowed by the rules. *Id.* at 1130. The district court concluded that plaintiff's misreading of the rule was not good cause, but given that (1) the statute of limitations had run on the claims, (2) the defendant had actual knowledge of the suit, and (3) the plaintiff had properly served the defendant by the time of its ruling, it acted in its discretion to extend the period for service.

5

*Id.* at 1133. The Court of Appeals "agree[d] with the district court that the circumstances of this case militate[d] in favor of the exercise of the district court's discretion . . . ." *Id.*

Here, the Johnsons assert a statute of limitations has run on at least some of their claims. (Doc. 42-1 at 3.) Defendants had actual knowledge of Plaintiffs' causes of actions. This case has been proceeding in various forms for years. No Defendant can credibly claim the lawsuit took them by surprise. Moreover, Plaintiffs sent process to the attorneys who have made special appearances in this case. (Doc. 42.) While those mailings did not satisfy Rule 4, they did put the Defendants on notice—as evidenced by their extensive filings in this case despite the lack of formal service. (*See* Docket.)

The only difference is that, in this case, Plaintiffs conceded at the hearing that they still had yet to properly serve the Defendants in this case. As of January 6, 2017, the Johnsons only allege 15-20 of the named Defendants have been properly served. (Doc. 71 at 2.)

Still, the Court concludes these are circumstances which justify a discretionary extension of time to complete service. The potential expiration of a statute of limitations weighs heavily in the Court's analysis given that Rule 4's advisory committee notes to the 1993 amendment specifically mention an expiring statute of limitations as a circumstance which may justify a discretionary extension. While "the running of the statute of limitations does not require that a district court extend the time for service," the cases where courts do not grant such an extension typically involve a plaintiff who has been previously granted an extension or disregarded clear instructions. *Horenkamp*, 402 F.3d at 1133; *see, e.g.*, *Johnson v. Proctor*, 620 F. App'x 890, 891 (11th Cir. 2015) (no abuse of discretion in denying second extension); *In re Trasylol Prod. Liab. Litig.--MDL--1928.*, 503 F. App'x 850, 857 (11th Cir. 2013) (no abuse of discretion in denying extension when plaintiffs made "blanket assertion" that claims would be time barred after district court had warned more extensive discussion would be necessary); *Dash v. Chasen*, 503 F. App'x 791, 796 (11th Cir. 2013) (no abuse of discretion in denying extension where plaintiff had clear instructions on how to serve defendant and had already been granted an extension). No such circumstances exist here.

The Johnsons should not unduly suffer for the mistakes of their counsel. The courts in the Eleventh Circuit "have a strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014). This Court will not use its discretion to potentially time-bar the Johnsons' claims at this stage of the case.

### III. Futility

As to those claims where a statute of limitations may have run, Defendants argue granting a discretionary extension of time to complete service would be futile because the Johnsons have failed to comply with Georgia's renewal statute. (Docs. 47 at 4–5; 49 at 5–6; 50 at 4–9). A number of district courts in the Eleventh Circuit have denied extensions of time to complete service when they would otherwise be allowed because the cause of action has an underlying defect. *See, e.g., C&C Family Trust v. AXA Equitable Life Ins. Co.*, No. 3:14-CV-62-TCB, 2015 WL 10960939, at *6 (N.D. Ga. May 8, 2015) (futile to extend service when defendant was on the run, long period of time had elapsed, and there was no evidence plaintiffs would be able to find him); *Ballard v. Bank of Am. Corp.*, No. 113CV04011ODERGV, 2014 WL 11970543, at *9 (N.D. Ga. Sept. 11, 2014), *report and recommendation adopted sub nom. Timothy Ballard & Demaxx Inc. v. Bank of Am. Corp.*, No. 1:13-CV-4011-ODE-RGV, 2014 WL 12284028 (N.D. Ga. Oct. 30, 2014) (futile to extend service when complaint did not state a plausible claim); *Blixseth v. Disilvestri*, No. 11-22459-CIV, 2013 WL 12063940, at *10 n.14 (S.D. Fla. Jan. 31, 2013) (futile to extend service when suit was filed in an improper venue).

O.C.G.A. § 9-2-61(a) provides that "[w]hen any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal . . . ." For at least some claims, the Johnsons are proceeding under this statute. (*See* Doc. 1 at 3 (incorrectly citing O.C.G.A. § 9-2-61 as O.C.G.A. § 9-2-63).) The State Defendants assert, with little analysis, that Georgia state law determines what constitutes "recommencing" under the statute for 42 U.S.C. § 1983 claims.

7

(Doc. 5–6.) They claim that in order to recommence the action, the Johnsons needed to make service five days after filing the complaint (as required by Georgia law) rather than within ninety days (as required by the federal rules). (*See* Doc. 50 at 6; O.C.G.A. § 9-11-4(c).)

The United States Supreme Court has held that, in diversity actions, federal courts should adopt the state definition of "commenced" for state law claims in determining whether an action is timely. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750–51 (1980). However, it has also held that when a federal law claim borrows the statute of limitations of a different federal statute, Federal Rule of Civil Procedure 3 defines "commenced" rather than the definition found in the borrowed statute. *West v. Conrail*, 481 U.S. 35, 39 (1987).

Actions brought under 42 U.S.C. § 1983 borrow the state's personal injury statute of limitations in most cases. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). The question unanswered by *Walker* and *West* is when a federal law claim borrows the statute of limitations from a *state* statute, is it the federal rules or state law which governs when the action is commenced? The question appears to be an open one in the Eleventh Circuit, however other circuits and other district courts in our circuit have concluded in circumstances nearly identical to the ones presented here that a plaintiff need only follow the federal rules and not the stricter service rules under state law. *See, e.g., S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006); *Gray v. Lacke*, 885 F.2d 399, 410 (7th Cir. 1989); *McDaniel v. Smith*, No. CIV. A. CV507-79, 2008 WL 4425305, at *11 (S.D. Ga. Sept. 30, 2008).

The Court declines to decide on the service requirements applicable to this case because the issue was inadequately briefed. The Defendants have not cited any cases which require the Court to rule on the futility of a motion. Such a requirement would risk turning every motion for an extension of time to complete discovery into a de facto motion to dismiss. The Defendants are free to re-raise this issue in a subsequent motion.

**IV.     Other limitations of holding**

The Court does not make an independent holding that a statute of limitation has expired on some or all of the Johnsons' claims. Rather, the Court accepts the Parties' agreement on that issue for the purposes of this motion only. The Parties have not

adequately addressed the issue and the Court lacks the evidentiary basis to sort out the various claims, applicable statutes of limitations, and times when the statutes began to run. The Complaint itself appears to have been hastily produced. The numbered causes of action jump from six (Doc. 1 at 38) to twelve (*id.* at 40), back to two (*id.* at 55), and then to twelve again (*id.* at 59), before repeating the twenty-first cause of action twice (*id.* at 75–76)—though these errors were corrected in a subsequent amendment. (Doc. 72.) On page 65, the final paragraph of the page abruptly ends in the middle of a sentence, then page 66 beings with a new cause of action. (Doc. 1.) One cause of action is an unnamed tort "under state law." (*Id.* at 44.) The complaint also lists two parties in causes of actions, Antonio Winningham and Shannon Salters, who are not listed as parties to the lawsuit. (*Id.* at 34, 36, 57). Because of the procedural posture of this case, the Johnsons have not had an opportunity to refine their complaint in response to Defendants' answers which "may point out issues that the original pleader had not considered and persuade the pleader that amendment is wise." Fed. R. Civ. P. 15(a)(1)(B) advisory committee's note to 2009 amendment. Likewise, the Defendants have not had the opportunity to file a Motion for a More Definite Statement, as the School District Defendants did in an earlier action, which could assist in better defining the causes asserted. (*See* Doc. 3-1, *Johnson v. Lowndes County Board of Education*, 7:14-CV-157 (HL).)

The Johnsons have also failed in their briefing to delineate which statutes of limitations apply to which claims and when those statutes began to run. Initially, the Johnsons argued that their 42 U.S.C. §§ 1983 and 1985 claims would be time barred because more than two years had passed since the underlying events occurred. (Doc. 42-1 at 3.) But they later suggested it was their federal law claims that were timely and their state law claims that were not. (Doc. 54 at 1.) Then at oral argument on the Motion, the Johnsons suggested for the first time that their representative claims were still timely because the statute of limitations was tolled until a personal representative to Kendrick's estate was appointed. All of their arguments have been categorical. At no point have the Johnsons addressed the statutes of limitations for specific, listed causes of action. Even were the Court to determine which statute of limitation applies, it would be unable to determine when the statute began

9

to run. The Complaint "is the proverbial shotgun pleading" which incorporates over 100 factual allegations into nearly every cause of action. *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). The Court cannot divine which facts gave rise to which causes alleged when the Plaintiffs have not identified them. (*See, e.g.,* Doc. 1 at 55 (incorporating 208 paragraphs and alleging the conduct described therein was "intentional [sic] malicious").)

The Court also declines to rule on the alternative reasons the Defendants argue that extending service would be futile. The School District Defendants assert that they were only parties to state actions 2014 CV 997 and 2014 CV 1592 which were dismissed on November 2, 2015, so the six-month renewal deadline ended in May 2016 rather than September 2016. (Doc. 47 at 4.) They assert the Johnsons purported to add them as defendants in 2013 CV 1230, but no substantive claims were made against them nor were they ever served. (*Id.* at 4–5.) The School District Defendants have not presented any evidence supporting those assertions. Defendant Steve Owens asserts that he was also not served in the underlying state actions. (Doc. 49 at 5–6.) He also has presented no evidence supporting this claim. The Court cannot make a finding in the absence of evidence.

The State Defendants assert they were not served in the original action either, but have also not presented any evidence to support their assertion. (Doc. 50 at 5.) They have, however, presented exhibits showing that they were dismissed from state action 2015 CV 705 on October 7, 2015. (Doc. 50-2 at 2.) Nowhere in their original brief, other than in a passing reference, do they discuss why this merits their dismissal in this case. (Doc. 50 at 2, 4-9.) They again mention the issue in their post-hearing brief, but again provide no substantive discussion. (Doc. 66.) The Court declines to rule on this issue at this time. It too may be raised in a subsequent brief where both the State Defendants and the Johnsons may have a better opportunity to address it.

**V.      Conclusion**

The Johnsons' Motion for Extension of Time to Complete and Perfect Service of Process (Doc. 42) is **GRANTED**. Service must be completed within **FOURTEEN DAYS** from the date of this order.[4]

The Johnsons have submitted an amended complaint purportedly pursuant to Federal Rule of Civil Procedure 15(a). (Doc. 72.) A plaintiff is free to amend his or her complaint without court approval "(A) 21 days after serving it, or (B) . . . 21 days after service of a responsive pleading . . . ." Fed. R. Civ. P. 15(a)(1). The Court has yet to be presented evidence that the Johnsons have made proper service and no responsive pleading has been filed. Court approval then is needed for the amendment. *See* Fed. R. Civ. P. 15(a)(2). The Court construes the filing as a Motion for Leave to Amend, which is **GRANTED**. The Johnsons nonetheless remain bound to perfect service not later than fourteen days from the date of this order.

**SO ORDERED**, this 9th day of February, 2017.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[4] The Johnsons only requested ten additional days. (Doc. 42 at 3.) However, a recent overhaul to the Federal Rules of Civil Procedure extended most ten day deadlines to fourteen days in order to keep the day of the week of the order the same as the day of the week of the deadline. *See* Fed. R. Civ. P. 6(a)(1) advisory committee's note to 2009 amendment. The Court grants a fourteen day extension in order to stay consistent with the rules.