**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| KENNETH JOHNSON and JACQUELYN JOHNSON, et al. | ) |
| | ) |
| Plaintiffs | |
| v. | ) CIVIL ACTION |
| FILE NO.: **7:16-CV-00141-(WLS**) | ) |
| | ) |
| BRANDEN BELL; BRIAN BELL; et al. | |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' EMERGENCY APPLICATION FOR APPOINTMENT OF A**
**<u>FEDERAL MARSHAL TO SERVE SUMMONS AND COMPLAINT</u>**

NOW COMES Plaintiffs KENNETH JOHNSON and JACQUELYN JOHNSON,

pursuant to Rule 4(c ) of the Federal Rules Civ. Procedure, to request this Court to appoint the

United States Marshals Service to serve the summons and complaint in the above entitled action

on the Defendants Chris Prine, Brandon Bell, Brian Bell, and Rick Bell.

Service is required on the following grounds:

1. The plaintiffs had obtained the services of the Lowndes County Sheriff's Department

as far back as the third or fourth week of December, 2016 for purposes of making service of

process upon certain defendants who have been identified as members of the Lowndes County

Sheriff's Department.

2. Of the individuals whom the plaintiffs had requested that service of process be made

upon included Defendant and ex-sheriff Chris Prine of the Lowndes County Sheriff's

Department, Defendant James Thornton of the Valdosta-Lowndes Regional Crime Laboratory,

and Defendant/deputy John Marion of the Lowndes County Sheriff's Department. As a result, the undersigned was put in touch with Capt. James E. Rehberg of the Lowndes County Sheriff's Department, whose responsibilities include serving summons and complaints.

3. With regards to Defendants Thornton and Marion, Capt. Rehberg executed on January 3, 2017 the Proof of Service forms which were attached to their summons and indicated thereon that both defendants no longer worked for the Lowndes County Sheriff's Department and that their current addresses were unknown. In connection therewith, the undersigned asked Capt. Rehberg if he was aware of their forwarding addresses inasmuch as he was or had been a coworker of theirs. In response, Capt. Rehberg advised that he was unable to obtain any such contact information.

4. With regards to Defendant and ex-sheriff Chris Prine, Capt. Rehberg advised the undersigned that he had advised Defendant Prine of the need and his efforts to serve Defendant Prine with copies of plaintiffs' complaint, whereupon Defendant Prine advised Capt. Rehberg on two (2) or more occasions that he (Prine) would come to Capt. Rehberg's office in the Lowndes County Courthouse for purposes of being served.

5. Thereafter, the undersigned was advised by Capt. Rehberg that in spite of Defendant Prine's aforementioned promises, Defendant Prine failed to come to the courthouse, and that as a consequence, Capt. Rehberg made six (6) attempts to deliver and serve Defendant Prine at his residence, but with no success.

6. The undersigned was also advised by Capt. Rehberg that several messages were left on Defendant Prine's telephone system, and that Capt. Rehberg contacted Mr. James L. Elliott, the attorney who represents Defendant Prine, as well as, Defendants Thornton and Marion, for purposes of establishing whether there was another telephone number for Defendant Prine.

7. Capt. Rehberg advised that none of his telephone calls to Defendant Prine were ever answered or returned. In addition, Capt. Rehberg advised that Atty. Elliott was aware of the reason he (Rehberg) was attempting to get in touch with Defendant Prine, but unaware of any other telephone number that Capt. Rehberg could use in making contact with Defendant Prine.

8. When Capt. Rehberg was asked by the undersigned whether he had ever attempted to leave a summons and complaint at Defendant Prine's residence, Capt. Rehberg advised that Defendant Prine's home is a gated property, and that on each of his six (6) attempts to serve Defendant Prine, no one ever responded when he became to the gate and pressed the gate's buzzer.

9. On February 17, 2017, Capt. Rehberg advised the undersigned that Defendant Prine has never returned any of his phone calls.

10. In addition to attempting to complete and perfect service of process upon the aforementioned individuals in the manner outlined above, the undersigned has also attempted to perfect service of process by requesting on a prior occasion that Atty. Elliott waive formal service of process. No response was ever received.

11. On or about February 9, 2017, this Court issued an Order granting plaintiffs' motion for extension of time and thus giving Plaintiffs 14 days from February 9, 2017 in which to perfect service of process.

12. Plaintiffs contend that the foregoing circumstances strongly suggest that Defendant Prine is evading service of process.

13. Moreover, Plaintiffs also assert that the Defendant Lowndes County Sheriff's Department, of which Capt. Rehberg is an employee and supervisor therewith, has the last known address and contact information for Defendants Thornton and Marion, and that in light of their

status and connections as law enforcement officers, Plaintiffs are without the means of promptly

establishing such information.

WHEREFORE, Plaintiffs respectfully request pursuant to Rule 4(c ) of the Federal Rules

Civ. Procedure that an order appointing the U. S. Marshals Service issue directing same to serve

Defendants Prine, Thornton and Marion with service of process, as well as, such other relief as

this Court deems to be appropriate and just.

This 17th day of February, 2017.

THE C.B. KING LAW FIRM

BY: /s/Chevene B. King, Jr.
        Chevene B. King, Jr.
        Attorney for Plaintiffs

Prepared by:
Chevene B. King, Jr.
Post Office Drawer 3468
Albany, GA  31706
(229)436-0524
State Bar No.:  420105