IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| KENNETH JOHNSON and JACQUELYN JOHNSON, et al., | : : : | |
| Plaintiffs, | : : | CASE NO.: 7:16-CV-141 (WLS) |
| v. | : : | |
| BRIAN BELL, et al., | : : | |
| Defendants. | : : | |

**ORDER**

  Before the Court is Plaintiffs Kenneth Johnson and Jacquelyn Johnson's Emergency Application for Appointment of a Federal Marshal to Serve Summons and Complaint. (Doc. 83.) Plaintiffs initiated the instant action on August 17, 2016. (Doc. 1.) Under the federal rules, they were given ninety days to perfect service on the Defendants. Fed. R. Civ. P. 4(m). Counsel for the Johnsons erroneously believed he had 120 days to perfect service and missed the 90-day deadline. (Doc. 42.) On February 9, 2017, the Court granted the Johnsons' motion for an extension of time to complete service. (Doc. 79.) The Court required that service be perfected not later than February 23, 2017. (*Id.*)

  On the afternoon of February 17, 2017, the Johnsons filed the instant motion. (*See* Docket.) The Johnsons explained that they had obtained the services of the Lowndes County Sheriff's Department to assist with service in December 2016. (Doc. 83 at 1.) While the Department has allegedly successfully served some defendants, they have struggled to serve others. The Johnsons allege they have been unable to find an address for Defendants James D. Thorton and John Marion. (*Id.* at 2.) Additionally, Defendant Chris Prine has allegedly refrained from coming to the County Courthouse to accept service, has not answered phone calls from a captain at the Sheriff's Office, and has not answered the gate

buzzer at his home in a gated community. (*Id.* at 2–3.) It has now been 190 days since the complaint was filed.

The Johnsons request that the Court appoint a United States marshal to make service pursuant to Federal Rule of Civil Procedure 4(c)(3). (*Id.* at 4.) The Johnsons, however, have not provided any reason why appointing a marshal would be appropriate in this case. Rule 4(c)(3) is designed to assure a law enforcement presence during service when doing so "appears to be necessary or advisable to keep the peace." Fed. R. Civ. P. 4(c) advisory committee's note to 1993 amendment. Here, the Lowdes County Sheriff's Department is already heading up the Johnson's service efforts and there is no suggestion that they would be unable to keep the peace. There is also "no indication that appointing a U.S. Marshal under Rule 4(c)(3) would result in any more success than [the Johnsons' process servers] have already experienced." *Nappi v. Welcom Prod., Inc.*, No. 8:13-CV-3183-T-33TGW, 2014 WL 2050826, at *2 (M.D. Fla. May 19, 2014). It is not the job of a U.S. marshall to find the addresses of two defendants the Johnsons have been unable to locate, nor is there any suggestion a marshal would be better able than the Johnsons to the find those addresses. Additionally, if Prine is actually refusing to accept service from the Sheriff's Department, there is no reason to believe he would accept service from a marshal instead. Evasion of service is not a reason to appoint a marshal, but to extend service under Rule 4(m). *Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1133 (11th Cir. 2005).

Finally, the Court is concerned with the timing of the Johnson's request. By the time the instant motion was filed, the Johnsons had been given more than double the number of days permitted by the federal rules to perfect service. Yet the first time they raised the issue of defendants allegedly evading service came in the late afternoon on a Friday preceding a holiday weekend less than a week before the service deadline. The Johnsons have been warned repeatedly about the need for timely filings throughout this litigation. (*See* Docs. 53; 57; 79.) The Court sees neither the need nor the justification for again saving them from a problem of their own making. They have not shown how appointing a U.S. marshal would make service any more likely to be successful, and they have not explained why the request is being raised in the first instance so close to the service deadline. Accordingly, the Johnsons'

Emergency Application for Appointment of a Federal Marshal to Serve Summons and Complaint (Doc. 83) is **DENIED**.

    **SO ORDERED**, this 22nd day of February, 2017.

                                                /s/ W. Louis Sands  
                                                **W. LOUIS SANDS, SR. JUDGE**  
                                                **UNITED STATES DISTRICT COURT**