IN THE SUPERIOR COURT OF LOWNDES COUNTY
STATE OF GEORGIA

2013 JUN 10 PM 4: 57

KENNETH JOHNSON and JACQUELYN JOHNSON,

    Plaintiffs,

vs.

CHRIS PRINE, as Sheriff of Lowndes County, Georgia, as well as, in his individual capacity capacity,

    Defendants.

CIVIL ACTION FILE

NO. 2013 CV 1230

## COMPLAINT

NOW COMES KENNETH JOHNSON and JACQUELYN JOHNSON, Plaintiffs in the above styled action, and who sets forth the following causes of action against the Defendant CHRIS PRINE, as Sheriff of Lowndes County, Georgia, as well as, in his individual capacity and demand for relief arising in connection therewith. Although this Complaint sets forth certain causes of action against the defendants whose names or identities are recited herein below, this Complaint is not to be construed as a negation of Plaintiffs' claims against any other parties whose names or identities are not specifically set forth herein.

### JURISDICTION

1.

This action is brought for violations of the Open Records Act, OCGA §50-18-70 et seq.

The jurisdiction of this Court is also founded upon violations of the Constitution of the State of Georgia. Due to the location or residence of the defendant named herein, venue is proper in this Court.

## PARTIES IN INTEREST

2.

Plaintiffs KENNETH JOHNSON and JACQUELYN JOHNSON are citizens of the United States and citizens and residents of the City of Valdosta, State of Georgia.

3.

Defendant CHRIS PRINE, as Sheriff of Lowndes County, Georgia, is a duly elected official of the State of Georgia and is and was the chief law enforcement official within the Sheriff's Department for Lowndes County, Georgia, and by virtue of the laws of the State of Georgia, subject to suit, and subject to the jurisdiction of this Court. Defendant CHRIS PRINE is being sued in both his individual and official capacities.

## THE FACTS

4.

On or about January 28, 2013, plaintiffs cause to be served upon the defendant a set of requests to produce documents for examination pursuant to the Open Records Act, OCGA §50-18-70 et seq. See Exhibit A, attached. These requests pertained to an investigation that the defendant's office had allegedly initiated on January 10, 2013 and which arose from the disappearance and death of Kendrick Johnson, their 17-year-old son.

5.

The open records act requires that the defendant responded within three (3) business days by producing the requested documents for examination or by submitting a response explaining the defendant's ground(s) for noncompliance.

6.

In response to plaintiff's aforementioned initial request, defendant indicated that due to there being in an ongoing investigation, from which many of the requested materials would arise or stem from, any compliance with plaintiffs' request would come about upon the completion of the aforementioned investigation.

7.

On or about May 2, 2013, the defendant announced to the media that it was in receipt of an autopsy report confirming defendant's finding that the death of Kendrick Johnson arose from accidental circumstances and that the sheriff's investigation was at that point completed.

8.

Notwithstanding the completion of the sheriff's investigation, and thus the elimination of any legitimate or legal reason for failing to comply with plaintiffs' open request, defendant refused to make any of the requested materials available for plaintiffs. Examination until May 29, 2013.

9.

Of the materials that were reproduced by defendant for plaintiffs' examination, plaintiffs were devised that certain documents or materials were being withheld for various reasons, including but not limited to the desire to protect the privacy of minors whose identity was otherwise disclosed or suggested in the documents, including photographs and moving images,

that plaintiffs were otherwise entitled to receive. See Exhibit B, attached.

10.

In addition to the refusal to disclose entire documents or allow for their review, defendant redacted many if not most of the documents he produced by eliminating any information that disclosed or suggested the identity of individuals he maintained that were minors and therefore entitled to some kind of privacy or confidentiality under the act. See Exhibit B, attached.

11.

Due to defendant's noncompliance with his duties that are explicitly set forth under the act, this Court should order defendant to immediately comply the aforementioned disclosures and requirements to produce each and every document, item, or source of information requested in plaintiffs' aforementioned request pursuant to the open records act.

12.

Due to the amount of time that defendant delayed in producing any of requested documents, items, or sources of information, plaintiffs are entitled to be reimbursed for expenses that they incurred in bringing this action, as well as, to have the defendant sanctioned for causing plaintiffs to incur unnecessary expenses and delay in obtaining compliance from the defendant.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiffs KENNETH JOHNSON and JACQUELYN JOHNSON demand a TRIAL and the following:

(a) that judgment be entered in favor of the Plaintiffs and against the Defendant for compensatory damages in an amount to be proven at the time of trial;

(b) that the Court award reasonable attorneys' fees and expenses of litigation under

OCGA §50-18-70 et seq.; and

(c) that the Court award any additional or alternative relief as may be deemed equitable and appropriate under these circumstances.

THE C.B. KING LAW FIRM

BY: _____
CHEVENE B. KING, JR.
Attorney for Plaintiffs

Post Office Drawer 3468
Albany, GA 31706
(229) 436-0524

The
# C. B. KING LAW FIRM
CHEVENE B. KING, JR., P.C.
510 W. BROAD AVENUE, SUITE C
ALBANY, GEORGIA 31701
TELEPHONE (229) 436-0524
TELECOPIER (229) 883-6382

C. B. KING (1924-1988)
CHEVENE B. KING, JR.

*Mailing Address:*
POST OFFICE DRAWER 3468
ALBANY, GEORGIA 31706

January 28, 2013

**VIA HAND DELIVERY**
Lowndes County Sheriff's Department
120 Prison Farm Road
Valdosta, Georgia 31603

ATTENTION: Records Custodian

Re:   **Public Documents Request**

Dear Records Custodian:

Please be advised that this office represents Mr. and Mrs. Kenneth Johnson, parents of Kendrick L. Johnson, whose body was discovered on Friday, January 11, 2013.

This letter shall serve as our request pursuant to the Georgia Open Records Act, O.C.G.A. Sections 50-18-70 and 50-18-71 the following public documents:

1. A complete copy of of each and every investigative report that was developed here by members of your agency or the Georgia Bureau of Investigation in connection with the disappearance, discovery, or the death of Kendrick L. Johnson.

2. A copy of the coroner's report regarding the death of Kendrick L. Johnson.

3. A copy of the preliminary autopsy

4. A copy of the autopsy performed by the GBI Medical Examiner's office

Please note that O.C.G.A. Section 50-18-70 requires that you respond to this request within three (3) business days.

Our law firm will be responsible for any cost of reproducing the documents responsive to this request. We ask, however, that if the costs will exceed $20.00, that your office first notify the undersigned before proceeding.

If you should have any questions or comments regarding this request, please feel free to call me.

Sincerely,

Chevene B. King, Jr.

CBK/

REC'D JAN 28 2013
@ B 1330

EXHIBIT
A

# Elliott, Blackburn & Gooding, P.C.
## ATTORNEYS AT LAW

Walter G. Elliott
James L. Elliott
Thompson H. Gooding, Jr.*

*Admitted in GA and FL*

3016 North Patterson Street
Valdosta, Georgia 31602
229.242.3333 • 229.242.0696 (fax)
www.ebbglaw.com

W. Gus Elliott
Of Counsel

Oris D. Blackburn, Jr.
(1932-2000)

Writer's email: jelliott@ebbglaw.com

May 29, 2013

*Via Hand Delivery*

Chevene B. King, Jr.
C. B. King Law Firm
P.O. Drawer 3468
Albany, GA 31706

Re: Open Records Request Pursuant to O.C.G.A. § 50-18-70 et seq.
Regarding Kendrick Johnson, DOD: 01/11/13

Dear Mr. King:

This is to further respond to your Open Records Act requests directed to Sheriff Chris Prine.

The Sheriff's Office investigative file and related materials are being made available to you today. The documents we have and are making available are numbered 1 through 452.

Documents number 261 through 264 has been withheld. These documents consist of copies of photographs in which minors are depicted.

Documents number 271 through 272 have been withheld. These documents consist of school records.

The records we are providing you have been redacted to exclude the names and other identifying information of minors to protect their privacy. We have also excluded Lowndes High School surveillance video and certain photographs in which minors could be identified.

Documents number 325 through 363 and 372 through 452 are phone records containing many phone numbers of persons we reasonably believe to be minors in the interest of protecting their privacy.


EXHIBIT B

Chevene B. King, Jr.
May 29, 2013
Page 2

Finally, we have excluded two CDs from the Georgia Bureau of Investigation. These are GBI records and you should request this information from them should you wish to examine it.

I have also provided to you copies of the following DVDs:

1. Digital video of crime scene;
2. Digital images of crime scene;
3. Lerca TruView & Raw Data of Scene (vol. 1);
4. Lerca TruView & Raw Data of Scene (vol. 2); and
5. Medical Examiner Report & Photos.

I am providing the Medical Examiner Photos to you based on your representation that your clients, Mr. & Mrs. Kenneth Johnson are the parents and next of kin of Kendrick Johnson.

As I informed you yesterday, should you believe that you are entitled to any of the withheld or redacted information, we will be glad to cooperate with you in obtaining an amicable judicial determination regarding access to that information.

Sincerely,

James L. Elliott

cc:   Sheriff Chris Prine *(Via Email)*
      Attorney General Sam Olens *(Via Facsimile)*

*The*

# C. B. KING LAW FIRM
CHEVENE B. KING, JR., P.C.
510 W. BROAD AVENUE, SUITE C
ALBANY, GEORGIA 31701
TELEPHONE (229) 436-0524
TELECOPIER (229) 883-6382

C.B. KING (1924-1988)
CHEVENE B. KING, JR.

MAILING ADDRESS:
POST OFFICE DRAWER 3468
ALBANY, GEORGIA 31706

May 16, 2013

**_Via Facsimile Transmission & Certified Mail/Return Reciept Requested_**
Lowndes County Sheriff's Office
ATTN.: Records Custodian
P.O. Box 667
Valdosta, GA 31601
Fax: (229) 333-5141

RE: OPEN RECORDS REQUEST PURSUANT TO O.C.G.A §50-18-70 et seq. REGARDING KENDRICK JOHNSON, DOD: 01/11/2013

Dear Records Custodian,

This is an Open Records Request pursuant to Georgia Open Records Law [O.C.G.A 50-18-70 et seq. (hereinafter referred to as the "**Law**")]. Please remember that O.C.G.A.§50-18-71(b)(1)(a) requires Your Agency to produce all records responsive to a request within three (3) business days of a request and provides sanctions for non-compliance.

Additionally, please take notice that O.C.G.A. §45-11-1 governs offenses involving public records, documents, and other items and provides:

> If any public officer or other person shall steal, embezzle, alter, corrupt, withdraw, falsify, or avoid any record, process, charter, gift, grant, conveyance, or contract; or shall knowingly and willfully take off, discharge, or conceal any issue, forfeited recognizance, or other forfeiture; or shall forge, deface, or falsify any document or instrument recorded or any registry, acknowledgment, or certificate; or shall alter, deface, or falsify any minutes, document, book, or any proceeding whatever of or belonging to any public office within this state; or if any person shall cause or procure any of these offenses to be committed, or to be in any manner concerned therein, he shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment and labor in the penitentiary for not less than two years nor more than ten years. *[O.C.G.A. §45-11-1(a)]*

> Whosoever, without authority and with the intention of converting to his own or another's use, willfully conceals any record, book, or document while on the premises of any public office or willfully removes any book, document, record, or other property from any such office shall be guilty of stealing such property. Proof of the concealment of such record or other office property while still on the premises shall be prima-facie evidence of intent to steal. *[O.C.G.A. §45-11-1(b)]*

For a list of defined terms, please refer to the attached Definitions page (**Attached hereto as Exhibit 'A'**).

EXHIBIT C

Page 1 of 9

**Please provide me any and all records related to the death of Kendrick Johnson, including but not limited to, the following:**

1.) Any and all records related to the 911 call made by Lowndes County High School to the Lowndes County Sheriff's Office regarding the death of Kendrick Johnson, including but not limited to:

   a.) Date and time the call was received. (911 printout data)

   b.) Nature of problem. (Computer Aided Dispatch [CAD] data)

   c.) Action taken by the 911 call answerer.

   d.) A complete copy of the magnetic tape recording of the above referenced call.

2.) A complete copy of the initial incident report regarding the death of Kendrick Johnson;

5.) Any and all Documents or Communications received by Lowndes County Sheriff's Office for the time period of January 10th, 2013 through the date of this request which mention or discuss Kendrick Johnson, "KJ", or any iteration thereof;

6.) Any and all Documents or Communications which reflect the date and time(s) that the Lowndes County Coroner, Bill Watson, was notified of and involved in the investigation of death of Kendrick Johnson, including but not limited to:

   a.) Any and all Documents or Communications which reflect the notification(s) by the Georgia Peace Officer maintaining jurisdiction over the Scene of Death of Kendrick Johnson to the Lowndes County Office of the Coroner as required by O.C.G.A. §45-16-24(a);

   b.) Any and all Documents or Communications which reflect the date and time that the Lowndes County Coroner, Bill Watson, arrived at the Scene of Death of Kendrick Johnson.

7.) Any and all E-mails which mention or discuss Kendrick Johnson, "KJ", or any iteration thereof, between Lowndes County Sheriff Chris Prine and Lowndes County Coroner Bill Watson, between the time periods of January 10th, 2013 through the present;

8.) Any and All Documents or Communications received from the Lowndes County Coroner's Office by the Lowndes County Sheriff's Office which mention or discuss Kendrick Johnson;

9.) Any and All Documents or Communications between the Georgia Bureau of Investigation and the Lowndes County Sheriff's Office which mention or discuss Kendrick Johnson, "KJ", or any iteration thereof, including, but not limited to:

   a.) Any and all E-mails between the Georgia Bureau of Investigation and the Lowndes County Sheriff's Office for the time period of January 10, 2013 through the date of this letter, which mention or discuss Kendrick Johnson.

   b.) Any and all Documents or Communications which mention or discuss the post-mortem examination or autopsy completed by the Georgia Bureau of Investigation on Kendrick Johnson pursuant to O.C.G.A. §45-16-25(d).

10.) Any and all Documents or Communications which record and/or reflect any and all personal property found on Kendrick Johnson at the Scene of Death.

O.C.G.A. §50-18-71(a) indicates that all Public Records, as defined in O.C.G.A. §50-18-70(b)(2) shall be open for personal inspection and copying. Further, O.C.G.A. §50-18-71(b)(1)(a) requires Agencies to produce all records responsive to a request within three (3) business days of a request and provides sanctions for non-compliance.

If you contend that any part of this request is ambiguous or confusing, please contact me immediately for purposes of clarification as to expedite the processing of this request.

I request that the person(s) who has custody of such records, and, who in good faith determines that a Georgia Open Records Act exemption apply(s), redacts such Documents or Communications and produce the remainder of such requested record(s) for inspection and copying as required by Georgia Law. If the custodian of any record(s) requested that all or part of such record is exempt from inspection or copying, the custodian should provide a letter stating the basis for the exemption that is contended and supply the full statutory citation to such exemption created or afforded by any Georgia Statute upon which the Lowndes County Office Sheriff's Office relies. I also ask that you release all separate portions of otherwise exempt material. Please waive any costs associated with this request, or first inform me about such costs as required by Georgia law.

As you know, the Law requires a response by you within three business days of your receipt of this letter and provides sanctions for non-compliance. I look forward to hearing from you. I can be reached at 850-681-6416 or via e-mail at MMingus@andrewslawoffice.com.

Sincerely,

Chevene B. King, Jr.
For Mr. and Mrs. Kenneth Johnson

CBKj/ph
Enclosures

# DEFINITIONS AND INSTRUCTIONS

1. The term "**Agency**" shall have the same meaning as in Code Section 50-14-1 and shall additionally include any association, corporation, or other similar organization that has a membership or ownership body composed primarily of counties, municipal corporations, or school districts of this state, their officers, or any combination thereof and derives more than 33 1/3 percent of its general operating budget from payments from such political subdivisions.

2. The term "**All communications**" means each and every communication as below defined that is known to you or about which you have any information.

3. The term "**All Documents**" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

4. The term "**Autopsy**" means the dissection of a dead body and the examination of bone, tissue, organs, and foreign objects for the purpose of determining the cause of death and circumstances surrounding the same, which procedure shall include as a minimum an External Examination and the examination of the brain, neck, and thoracic organs, and abdominal organs.

5. The term "**Chief Medical Examiner**" means the Chief Medical Examiner appointed pursuant to Code Section 35-3-153.

6. The term "**Communication**" means any oral or written statement, dialogue, colloquialism, discussion, conversation, agreement, or expression of any kind.

7. The term "**County Medical Examiner**" means the office that established in lieu of the office of coroner pursuant to Code Section 45-16-80 or any amendment to the constitution continued pursuant to the authority of Article XI, Section I, Paragraph IV of the Constitution.

8.  The term "**Division**" means the Division of Forensic Sciences of the Georgia Bureau of Investigations.

9.  The term "**Document**" means any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and interoffice telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, work sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographic, microfiche, videotape, records and motion pictures) and electronic, mechanical or electrical records or representations of any kind (including, without limitation, tapes, cassettes, discs and records). The term Document shall include all documents maintained in an electronic format including e-mails or other means of inter or intra office communication. All electronic data shall be produced in a searchable natural language format.

10. The term "**External Examination**" shall have the same meaning as O.C.G.A. §45-16-21(4) and shall mean an External Examination of a dead body but shall not include dissection of the body for any purpose except dissections which is necessary for and limited to procurement of blood or body fluids for toxicological or other analysis.

11. The term "**Inquest**" means an official judicial inquiry before a coroner and coroner's jury for the purpose of determining the cause death.

12. The Term **"Limited Dissection"** means the inclusion into or dissection of a dead body for diagnosis or evidence collection but does not include and individual examination of the:

(A) Brain;

(B) Neck organs;

(C) Thoracic organs; and

(D) Abdominal organs

but may include an examination of any but not all of the categories specified in subparagraphs (A) through (D) of this paragraph.

13. The term **"Local Medical Examiner"** means a person meeting the requirements and authorized to perform the duties specified in subsection (b) of Code Section 45-16-23.

14. The term **"Medical Examiner"** means:

(A) The Chief Medical Examiner;

(B) A regional Medical Examiner;

(C) A County Medical Examiner;

(D) A Local Medical Examiner; or

(E) Any person who is employed by the state and appointed as a Medical Examiner as of December 1, 1989, who continues to perform the duties and exercise the powers of a Medical Examiner under this article when such performance and exercise are within the scope of such employment.

15. The term **"Medical Examiners Inquiry"** shall mean an inquiry made by a Medical Examiner into the circumstances surrounding a death which is required to be reported under the provisions of Code Section 45-16-24, which inquiry may include, but is not required to include, a Scene Investigation, an External Examination, a limited Dissection, an Autopsy, or any combination thereof.

16. The Term **"Peace Officer In Charge"** shall mean any peace officer of the Georgia State Patrol or agent of the Georgia Bureau of Investigations, sheriff or sheriff's deputy, peace officer assigned to the coroner's office, county policeman, city policeman, or city detective who may be in charge of the investigation of any case involving a death covered by Code Sections 45-16-27 and 45-16-32.

17. The term **"Person"** means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other business enterprise, governmental body, group of natural persons or the entity. The term Person shall include any affiliate of such Person as described in the Securities Act of 1933 (Rule 501) an affiliate shall mean the specified Person that directly or indirectly, through one or more intermediaries, controls or is controlled by or is under common control with the Person specified.

18. The term **"Public record"** shall have the same definition as defined in O.C.G.A. §50-18-70(b)(2) and means all Documents, papers, letters, maps, books, tapes, photographs, computer based or generated information, data, data fields, or similar material prepared and maintained or received by an Agency or by a private Person or entity in the performance of a service or function for or on behalf of an Agency or when such Documents have been transferred to a private person or entity by an Agency for storage or future governmental use.

19. The term **"Scene Investigation"** means an examination by the Medical Examiner or Medical Examiner's investigator of the area surrounding a dead body or area where a death or agonal event occurred.

20. The term **"You"** and **"Your"** means the party or parties to whom this request is addressed, including its division, departments, subsidiaries, affiliates, predecessors, present or former offers, directors, owners, agents, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in which it is a partner.

21.     As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.