IN THE SUPERIOR COURT OF LOWNDES COUNTY
STATE OF GEORGIA

LOWNDES COUNTY, GEORGIA
2016 FEB 29 PM 4:55

[Signature] Beth C. [illegible]
CLERK OF SUPERIOR STATE
JUVENILE [illegible]

| | |
|---|---|
| KENNETH JOHNSON and JACQUELYN JOHNSON, ) | |
| Plaintiffs, ) | |
| CABLE NEWS NETWORK, INC., ) | |
| Intervenor ) | |
| vs. ) | CIVIL ACTION FILE |
| CHRIS PRINE, as Sheriff of Lowndes County, ) Georgia, as well as, in his individual capacity capacity, and LOWNDES COUNTY SCHOOL ) DISTRICT, ) | NO: 2013-CV-1230 |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT OF KENNETH JOHNSON AND JACQUELYN JOHNSON

NOW COMES KENNETH JOHNSON and JACQUELYN JOHNSON, Plaintiffs in the above styled action, and who hereby sets forth this amended complaint to add the following causes of action against the Defendant CHRIS PRINE, in his official capacity as Sheriff of Lowndes County, Georgia, as well as, in his individual capacity, and demand for relief arising in connection therewith. Although this Complaint sets forth certain causes of action against the individuals and entities whose names or identities are recited herein below, this Complaint is not to be construed as a negation of Plaintiffs' claims against any other parties whose names or identities are not specifically set forth herein.

NOW COME KENNETH JOHNSON and JACQUELYN JOHNSON, plaintiffs in such action, prior to the entry of any pretrial order, and in the above styled action, comes and amend their complaint as follows:

1.

By adding to their complaint as their SIXTH, SEVENTH, EIGHTH, NINTH, TENTH ELEVENTH CAUSE OF ACTION as against Defendant CHRIS PRINE Paragraphs 75 through 92 the following:

### "SIXTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (pursuant to Title 42 U.S.C. "1983)

The Plaintiffs re-allege and incorporate herein, as if set forth in full, each and every allegation contained in the preceding paragraphs and further allege:

75. The Defendant CHRIS PRINE engaged in a conspiracy to cover up the misconduct of certain individuals, including but not limited to defendants BRANDON BELL, BRIAN BELL, and RICK BELL, and as a consequence, was directed toward the Plaintiffs, as described herein. As such, said defendants' conduct was intentional, unlawful, and malicious. It is so outrageous that it is not tolerated by civilized society.

76. As a direct and proximate result of said Defendant's conduct, the Plaintiffs suffered serious mental injuries and emotional distress that no reasonable person could be expected to endure or adequately cope with.

77. In their conduct, said Defendant acted intentionally, knowingly, with oppression, fraud and malice and in reckless and conscious disregard of the rights of the Plaintiffs. The Plaintiffs are, therefore, entitled to punitive and exemplary damages from each of the Defendant

in such amount as shall be necessary and appropriate to punish the Defendant and to deter them and anyone else from ever committing similar indecencies and acts of corruption, all of which is actionable pursuant to Title 42 U.S.C. Sec. 1983.

### SEVENTH CAUSE OF ACTION
### FAILURE TO PROPERLY HIRE, TRAIN, AND SUPERVISE
### (Pursuant to Title 42 U.S.C. Sec. 1983)

. The Plaintiffs re-allege and incorporate herein, as if set forth in full, each and every allegation contained in the preceding paragraphs and further allege:

78. At all material times, Defendant CHRIS PRINE owed a duty to the Plaintiffs to properly hire, train and supervise all individuals whom it placed in a position of responsibility relative to the proper execution of a criminal investigation, which he failed to do, and all of which is actionable pursuant to Title 42 U.S.C. Sec. 1983. .

79. The aforementioned duties include, but are not limited to: the hiring, retention, training and supervision of all agents, employees and representatives of said Defendant in connection with the criminal investigation; their association with other persons and entities to accomplish the performance of a proper investigation; the individual, proper and respectful performance of all steps of the related processes; and the ascertainment that all such duties were being fully and properly undertaken and performed.

80. Said Defendant's conduct, in his individual and official capacities, were so willful, wanton, and malicious that plaintiffs are entitled to punitive damages against them in their individual capacities.

### EIGHTH CAUSE OF ACTION
### CONSPIRACY TO COVER UP A FAILURE TO INVESTIGATE

**(Pursuant to Title 42 U.S.C. Secs. 1983 and 1985(3))**

. The Plaintiffs re-allege and incorporate herein, as if set forth in full, each and every allegation contained in the preceding paragraphs and further allege:

81. At all material times, Defendant CHRIS PRINE owed a duty to intervene and prevent or report the failure of defendant members of the Lowndes County Sheriff's Department, including but not limited to FRANK SIMMONS, JAMES THORTON, SHANNON SALTERS, RAY MCGRAW, JACK WINNINGHAM, WANDA EDWARDS, STRYDE JONES, AARON PRITCHETT, LOGAN HENDERSON, RANDY LIGHTSEY, MICHAEL ADAMS, JACK PRIDDY, KERRY QUINN, CHRISTI GRIFFIN, BRYCE WHITENER, CHRISTOPHER BURKE, TROY BLACK, HOWARD FISHER, MARK MASKULE, ROY HART, and JOHN MARION, to conduct a proper criminal investigation into the death of plaintiffs' decedent, Kendrick Johnson.

82. To the extent that such failure on the part of said defendant involved a conspiracy to hide or cover up the involvement of persons responsible for the death of Kendrick Johnson, Defendant CHRIS PRINE, along with FRANK SIMMONS, JAMES THORTON, SHANNON SALTERS, RAY MCGRAW, JACK WINNINGHAM, WANDA EDWARDS, STRYDE JONES, AARON PRITCHETT, LOGAN HENDERSON, RANDY LIGHTSEY, MICHAEL ADAMS, JACK PRIDDY, KERRY QUINN, CHRISTI GRIFFIN, BRYCE WHITENER, CHRISTOPHER BURKE, TROY BLACK, HOWARD FISHER, MARK MASKULE, ROY HART, JOHN MARION and WES TAYLOR joined in said conspiracy, or, in the alternative, conspired amongst themselves to hide or cover up the failure of defendant members of the Lowndes County Sheriff's Department, including but not limited to JAMES THORTON, SHANNON SALTERS, RAY MCGRAW, JACK WINNINGHAM, WANDA EDWARDS,

STRYDE JONES, AARON PRITCHETT, LOGAN HENDERSON, RANDY LIGHTSEY, MICHAEL ADAMS, JACK PRIDDY, KERRY QUINN, CHRISTI GRIFFIN, BRYCE WHITENER, CHRISTOPHER BURKE, TROY BLACK, HOWARD FISHER, MARK MASKULE, ROY HART, JOHN MARION and WES TAYLOR, to conduct a proper criminal investigation into the death of plaintiffs' decedent, Kendrick Johnson, all of which is actionable pursuant to Title 42 U.S.C. Secs.1983 and 1985(3).

83. Said Defendant's conduct, in his individual and official capacities, was so willful, wanton, and malicious that plaintiffs are entitled to punitive damages against them in their individual capacities.

## NINTH CAUSE OF ACTION
## CONSPIRACY TO DEPRIVE PLAINTIFFS OF THEIR DUE PROCESS RIGHT TO ACCESS TO THE COURTS
### (Pursuant to Title 42 U.S.C. Secs. 1983 and 1985(3))

. The Plaintiffs re-allege and incorporate herein, as if set forth in full, each and every allegation contained in the preceding paragraphs and further allege:

84. At all material times, Defendant CHRIS PRINE owed a duty to intervene and prevent or report the failure of members of the Lowndes County Sheriff's Department, including but not limited to JAMES THORTON, SHANNON SALTERS, RAY MCGRAW, JACK WINNINGHAM, WANDA EDWARDS, STRYDE JONES, AARON PRITCHETT, LOGAN HENDERSON, RANDY LIGHTSEY, MICHAEL ADAMS, JACK PRIDDY, KERRY QUINN, CHRISTI GRIFFIN, BRYCE WHITENER, CHRISTOPHER BURKE, TROY BLACK, HOWARD FISHER, MARK MASKULE, ROY HART, and JOHN MARION, to conduct a proper criminal investigation into the death of plaintiffs' decedent, Kendrick Johnson.

85. To the extent that such failure on the part of said members of the Lowndes County

Sheriff's Department involved a conspiracy to deprive plaintiffs of their due process right to have access to the courts to litigate the underlying misconduct of not only those persons who were responsible for the death of plaintiffs' decedent, Kendrick Johnson, but also defendant members of the Lowndes County Sheriff's Department, including but not limited to Defendant CHRIS PRINE, for their conspiracy to prevent the proper prosecution of such individuals, FRANK SIMMONS, JAMES THORTON, SHANNON SALTERS, RAY MCGRAW, JACK WINNINGHAM, WANDA EDWARDS, STRYDE JONES, AARON PRITCHETT, LOGAN HENDERSON, RANDY LIGHTSEY, MICHAEL ADAMS, JACK PRIDDY, KERRY QUINN, CHRISTI GRIFFIN, BRYCE WHITENER, CHRISTOPHER BURKE, TROY BLACK, HOWARD FISHER, MARK MASKULE, ROY HART, JOHN MARION and WES TAYLOR joined in said conspiracy, or, in the alternative, conspired amongst themselves deprive plaintiffs of their due process right to litigate the aforesaid misconduct, all of which is actionable pursuant to Title 42 U.S.C. Sec. 1983.

86. Said Defendants' conduct, in their individual capacities, were so willful, wanton, and malicious that plaintiffs are entitled to punitive damages against them in their individual capacities.

### TENTH CAUSE OF ACTION
### CONSPIRACY TO DEPRIVE PLAINTIFFS OF EQUAL PROTECTION OF THE LAWS OR OF EQUAL PRIVILEGES AND IMMUNITIES UNDER THE LAWS AND TO PROPERLY INVESTIGATE BASED UPON RACIAL ANIMUS
### ( pursuant to Title 42 U.S.C. Secs. 1983 and 1985(3))

. The Plaintiffs re-allege and incorporate herein, as if set forth in full, each and every allegation contained in the preceding paragraphs and further allege:

87. At all material times, the Defendant CHRIS PRINE owed a duty to conduct a proper criminal investigation into the death of plaintiffs' decedent, Kendrick Johnson, or more specifically, the misconduct of certain individuals, including but not limited to defendants BRANDON BELL, BRIAN BELL, and RICK BELL.

88. To the extent that plaintiffs are African-Americans, said defendants sought to engage in a conspiracy to hide or cover up the misconduct of persons responsible for the death of plaintiffs' decedent, as well as, the misconduct of deprive plaintiffs of members of the Lowndes County Sheriff's Department, including but not limited to Defendant CHRIS PRINE, for their conspiracy to prevent the proper investigation and prosecution of any such individuals, Defendant CHRIS PRINE, along with FRANK SIMMONS, JAMES THORTON, SHANNON SALTERS, RAY MCGRAW, JACK WINNINGHAM, WANDA EDWARDS, STRYDE JONES, AARON PRITCHETT, LOGAN HENDERSON, RANDY LIGHTSEY, MICHAEL ADAMS, JACK PRIDDY, KERRY QUINN, CHRISTI GRIFFIN, BRYCE WHITENER, CHRISTOPHER BURKE, TROY BLACK, HOWARD FISHER, MARK MASKULE, ROY HART, JOHN MARION, STEVE OWENS and WES TAYLOR conspired to violate plaintiffs' right to equal protection of the laws or of equal privileges and immunities under the law based upon and motivated by plaintiffs' race, all of which is actionable pursuant to Title 42 U.S.C. Sec. 1983.

89. Said Defendant's conduct, in their individual capacities, were so willful, wanton, and malicious that plaintiffs are entitled to punitive damages against him in his individual capacities."

### ELEVENTH CAUSE OF ACTION
### FAILURE TO PROPERLY HIRE, TRAIN, AND SUPERVISE
### (Negligence)

. The Plaintiffs re-allege and incorporate herein, as if set forth in full, each and every allegation contained in the preceding paragraphs and further allege:

90. At all material times, Defendant CHRIS PRINE owed a duty to the Plaintiffs to properly hire, train and supervise all individuals whom it placed in a position of responsibility relative to the proper execution of a criminal investigation, which, due to negligence, he failed to do.

91. The aforementioned duties include, but are not limited to: the hiring, retention, training and supervision of all agents, employees and representatives of said Defendant in connection with the criminal investigation; their association with other persons and entities to accomplish the performance of a proper investigation; the individual, proper and respectful performance of all steps of the related processes; and the ascertainment that all such duties were being fully and properly undertaken and performed.

92. Said Defendant's conduct, in his individual and official capacities, were so willful, wanton, and malicious that plaintiffs are entitled to punitive damages against them in their individual capacities."

2.

Plaintiffs also amend each and every count and cause of action previously alleged by asserting that said causes of action are actionable claims pursuant to Title 42 U.S.C. Sec. 1983.

WHEREFORE, except as amended herein, plaintiffs reassert and reallege all allegations and prayers of their Complaint and the previous amendments thereto.

This 29th day of February, 2016.

                                    THE C.B. KING LAW FIRM

                                    BY: _____
                                         Chevene B. King, Jr.
                                         Attorney for Plaintiffs

Prepared by:                              State Bar No.: 420105
Chevene B. King, Jr.
Post Office Drawer 3468
Albany, GA 31706
(229)436-0524

## CERTIFICATE OF SERVICE

I hereby certify that I have served PLAINTIFFS' SECOND AMENDED COMPLAINT by U.S. Mail on the following counsel of record:

Patrick O'Connor.
Oliver Maner, LLP
PO Box 10186
Savannah, GA 31412

James L Elliott
Elliott, Blackburn & Gooding, PC
3016 N. Patterson Street
Valdosta, GA 31602

George T. Talley
Coleman Talley, LLP
PO Box 5437
Valdosta, GA 31603 B5437

Paul Threlkeld
Oliver Manor, LLP
PO Box 10186
Savannah, GA 31412

L. Warren Turner, Jr.
Post Office Box 157
Valdosta, GA 31603

Brice Ladson
Ladson Law Firm, PC
PO Box 2819
Richmond Hill, GA 31324

Ron S. Boyter
Assistant Attorney General
40 Capitol Sq., S.W.
Atlanta, GA 30334 B1300

John Gee Ewards
108 East Valley Street
Valdosta, GA 31601

This 29th day of February 2015.

THE C.B. KING LAW FIRM

BY: _____
Chevene B. King, Jr.
Attorney for Plaintiffs
State Bar No.: 420105

Prepared by:
Chevene B. King, Jr.
Post Office Drawer 3468
Albany, GA 31706
(229)436-0524