# IN THE SUPERIOR COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| KENNETH JOHNSON and JACQUELYN JOHNSON, )<br><br>    Plaintiffs,          )<br><br>CABLE NEWS NETWORK, INC.,     )<br><br>    Intervenor          )<br>vs.              )<br><br>CHRIS PRINE, as Sheriff of Lowndes County, )<br>Georgia, as well as, in his individual capacity<br>capacity, and LOWNDES COUNTY SCHOOL )<br>DISTRICT,           )<br><br>    Defendants.     | CIVIL ACTION FILE<br><br>NO: 2013-CV-1230 |

## THIRD AMENDED COMPLAINT OF
## KENNETH JOHNSON AND
## JACQUELYN JOHNSON

NOW COME KENNETH JOHNSON and JACQUELYN JOHNSON, plaintiffs in such

action, prior to the entry of any pretrial order, and in the above styled action, comes and amend

their complaint as follows:

### TWELFTH CAUSE OF ACTION
### CONSPIRACY TO DEPRIVE PLAINTIFFS OF EQUAL PROTECTION OF THE LAWS
### OR OF EQUAL PRIVILEGES AND IMMUNITIES UNDER THE LAWS
### ( pursuant to Title 42 U.S.C. Secs. 1983 and 1985(3))

. The Plaintiffs re-allege and incorporate herein, as if set forth in full, each and every

allegation contained in the preceding paragraphs and further allege:

93. At all material times, the Defendant CHRIS PRINE, as the chief policymaker for the Sheriff's Department, owed a duty to conduct a proper criminal investigation into the death of plaintiffs' decedent, Kendrick Johnson, or more specifically, the misconduct of certain individuals, including but not limited to BRANDON BELL, BRIAN BELL, and RICK BELL.

94. Defendant CHRIS PRINE sought to engage in a conspiracy to hide or cover up the misconduct of persons responsible for the death of plaintiffs' decedent.

95. The aforesaid conspiracy on the part of members of the Lowndes County Sheriff's Department, including but not limited to Defendant CHRIS PRINE along with FRANK SIMMONS, JAMES THORTON, SHANNON SALTERS, RAY MCGRAW, JACK WINNINGHAM, WANDA EDWARDS, STRYDE JONES, AARON PRITCHETT, LOGAN HENDERSON, RANDY LIGHTSEY, MICHAEL ADAMS, JACK PRIDDY, KERRY QUINN, CHRISTI GRIFFIN, BRYCE WHITENER, CHRISTOPHER BURKE, TROY BLACK, HOWARD FISHER, MARK MASKULE, ROY HART, JOHN MARION, STEVE OWENS and WES TAYLOR, came about for purposes of preventing the proper investigation and prosecution of persons responsible for causing the death of plaintiffs' decedent, Kendrick Johnson.

96. In this regard, Defendant CHRIS PRINE conspired to violate plaintiffs' right to equal protection of the laws or of equal privileges and immunities under the law, all of which is actionable pursuant to Title 42 U.S.C. Sec. 1983.

97. Defendant CHRIS PRINE, and those under his supervision within the Lowndes County Sheriff's Department, were indifferent towards the constitutional rights of plaintiffs with respects to the equal enforcement of law which plaintiffs were entitled to receive.

98. Defendant CHRIS PRINE's failure to adequately train the aforesaid members of the Lowndes County Sheriff's Department, as stated above, is a custom of such regular and long-

standing nature that it constitutes a policy.

99. Defendant CHRIS PRINE's failure to properly supervise the aforesaid members of the Lowndes County Sheriff's Department in a way designed to prevent the formation of unlawful conspiracies, as stated above, is a custom of such regular and long-standing nature that it constitutes a policy.

100. Defendant CHRIS PRINE knew or should of known that members of the Lowndes County Sheriff's Department were not being properly supervised nor trained in the proper handling of a criminal investigation.

101. Defendant CHRIS PRINE failed to establish policies regarding the lawful and proper method of conducting criminal investigations.

102. Defendant CHRIS PRINE, by virtue of his own direct involvement in the mishandling of the investigation into the death of Kendrick Johnson, established a policy that members of the Lowndes County Sheriff's Department were guided by and carried out his example as "departmental policy."

103. Defendant CHRIS PRINE knew or should have known that the failure to establish policies on the proper manner in which to conduct criminal investigations, as well as, by his own example, would result in a depravation of plaintiffs' constitutional rights.

104. Defendant CHRIS PRINE's failure to establish policies on the proper manner in which to conduct criminal investigations was the "moving force" of the deprivation of plaintiffs' 14th Amendment rights to equal protection and due process under the United States Constitution.

105. When Defendant CHRIS PRINE allowed the investigation into the death of Kendrick Johnson to be thwarted, mishandled and misdirected for purposes of protecting the

persons responsible for Kendrick Johnson's death, he deprived plaintiffs of rights, privileges and immunities secured by the Constitution and the laws of the United States.

106. When Defendant CHRIS PRINE ordered or directed that the investigation into the death of Kendrick Johnson to be thwarted, mishandled and misdirected for purposes of protecting the persons responsible for Kendrick Johnson's death, he deprived plaintiffs of rights, privileges and immunities secured by the Constitution and the laws of the United States.

107. When Defendant CHRIS PRINE conspired with others so that the investigation into the death of Kendrick Johnson would be thwarted, mishandled and misdirected for purposes of protecting the persons responsible for Kendrick Johnson's death, he deprived plaintiffs of rights, privileges and immunities secured by the Constitution and the laws of the United States.

108. As a result of Defendant CHRIS PRINE's foregoing misconduct, plaintiffs'rights under the United States Constitution were violated and resulted in emotional and psychological injuries, as well as a denial of access to the courts.

THIRTEENTH CAUSE OF ACTION
CONSPIRACY TO DEPRIVE PLAINTIFFS OF EQUAL PROTECTION OF THE LAWS OR OF EQUAL PRIVILEGES AND IMMUNITIES UNDER THE LAWS
( pursuant to Title 42 U.S.C. Secs. 1983 and 1985(3))

The Plaintiffs re-allege and incorporate herein, as if set forth in full, each and every allegation contained in the preceding paragraphs and further allege:

109. Defendant CHRIS PRINE, and those under his supervision within the Lowndes County Sheriff's Department, were indifferent towards the constitutional rights of plaintiffs with respects to the equal enforcement of law which plaintiffs were entitled to receive.

110. Defendant CHRIS PRINE's failure to adequately train the aforesaid members of the Lowndes County Sheriff's Department, as stated above, is a custom of such regular and long-

Mar.01.2016 03:49 PM   The C. B. King Law Firm    2298836382        PAGE. 15/ 25

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the Third Amended Complaint of Kenneth Johnson and Jacquelyn Johnson to the following counsel of record, via United States Mail, properly addressed with sufficient postage affixed thereon:

L. Warren Turner, Jr.
P.O. Box 157
Valdosta, GA 31603-0157
*warren@lwturnerlaw.com*

Wayne S. Melnick
FREEMAN MATHIS & GARY
100 Galleria Pkwy. S.E. Ste. 1600
Atlanta, GA 30339-5948
*wmelnick@fmglaw.com*

James Elliott
ELLIOTT, BLACKBURN & GOODING, P.C.
3016 N. Patterson St.
Valdosta, GA 31602-1711
*jelliott@ebbglaw.com*

This 1 day of March, 2016.

Chevene B. King, Jr.
Georgia Bar No. 420105
Attorney for Plaintiffs

P.O. Box 3468
Albany Ga 31706-3468
(229) 436-0524 / (229) 883-6382 (fax)
*thecbkinglawfirm@bellsouth.net*