IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KENNETH JOHNSON, ET AL. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO.: 7:16-cv-00141-WLS |
| BRIAN BELL, ET AL. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JAY FLOYD'S MOTION TO DISMISS BY WAY OF SPECIAL APPEARANCE**

COMES NOW Defendant Jay Floyd ("Floyd"), by way of special appearance and without waiving and specifically reserving all defenses available to him, and pursuant to Federal Rule of Civil Procedure 12(b) and 4(m) and Local Rule 7.1, files this memorandum of law in support of his motion to dismiss plaintiffs' complaint (Doc. 1), as amended (Doc. 72) (collectively referred to as the "complaint"), showing the Court as follows:

## I.   INTRODUCTION AND STATEMENT OF THE CASE

As plaintiffs alleged in their complaint, this purported "renewal" action "is based upon substantially the same cause of action as asserted in and brought by plaintiffs in the Superior Court of Lowndes County, Georgia, Case Numbers 2013 CV 1230, 2014 CV 997, 2014 CV 1592, and 2015 CV 706, and therefore is the result, at least as to some actions contained herein, of plaintiffs' voluntary dismissals as set forth and pursuant to O.C.G.A. §§ 9-11-41 and 9-2-63." (Doc. 1, p. 3.)  Turning to those previously dismissed actions, the only actions to which Floyd was a party are "2014 CV 997" and "2014 CV 1592," and plaintiffs voluntarily dismissed those actions on November 2, 2015.  (See Docs. 77-2, 3, 4, and 5.)  As shown below, because this

renewal action was not filed within six months after the dismissal of the 997 and 1592 actions, it is subject to dismissal. Assuming this case is properly filed against Floyd, it is still subject to dismissal based on plaintiffs' failure to serve him with legal process. Plaintiffs' complaint against Floyd therefore must be dismissed.

## II.     ARGUMENT AND CITATION OF AUTHORITY

### A.     Plaintiffs' Renewal Action Against Floyd Is Barred By The Applicable Statute Of Limitations

Georgia's renewal statute provides in pertinent part:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later….

O.C.G.A. § 9-2-61(a).

Here, the underlying actions that are relevant for purposes of this renewal action against Floyd are the 997 and 1592 actions. Plaintiffs voluntarily dismissed both of those actions on November 2, 2015. (Docs. 77-3 and 4.) Plaintiffs therefore had six months or until Monday, May 2, 2016, at the latest, to file the instant renewal action. Because plaintiffs did not file this action until August 17, 2016, the renewal action is untimely as to Floyd and is barred by the applicable two-year statute of limitations. See Gottschalk v. Woods, 329 Ga. App. 730, 736, 766 S.E.2d 130, 135 (2014) (finding that because plaintiff filed his suit after the six-month renewal period had expired, the trial court did not err in concluding that his claims were untimely under O.C.G.A. § 9–2–61(a) and thus that he failed to file a valid renewal action under the statute).

**B.    Plaintiffs' Renewal Action Is Barred By The Applicable Statute Of Limitations Based On Plaintiffs' Failure To Serve Floyd**

Plaintiffs filed the instant action on August 17, 2016.  Under Rule 4(m), service was required to be completed by November 15, 2016.  (Doc. 79 at 2.)  Plaintiffs failed to properly perfect service on defendants within that time-frame and filed a motion for extension of time to complete and perfect service.  (Doc. 42.)  A hearing on the motion was held on December 20, 2016.  (Doc. 63.)  On February 9, 2017, the Court granted plaintiffs' motion, and ordered that plaintiffs were to perfect service by February 23, 2017.  (Doc. 79 at 11.)  As of the date of the filing of his motion, however, plaintiffs have not served Floyd.  (See Declaration of Jay Floyd attached hereto as Exhibit 1, ¶ 2.)  Accordingly, under Rule 4(m) plaintiffs' complaint against him must be dismissed.[1]

### III.    CONCLUSION

As shown above, plaintiffs' renewal action as to Floyd was not filed within six months after the dismissal of the 997 and 1592 actions and therefore this action against him is barred by the applicable statute of limitations.  Assuming the renewal action is properly filed against Floyd, it is nevertheless subject to dismissal based on plaintiffs' failure to serve him with legal process.  Therefore, Floyd's motion to dismiss must be granted.

---

[1] Federal Rules of Civil Procedure Rules 37(b) and 41(b) also allow the Court to dismiss plaintiffs' complaint due to their failure to comply with the Court's Order. See, e.g., Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999) ("Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules."). See also Taylor v. Thompson, No. 1:06-CV-109WLS, 2008 WL 686234, at *1 (M.D. Ga. Mar. 7, 2008) (granting motion to dismiss for failure to comply with an order of the Court).

- 4 -

                                     Respectfully submitted,

                                     **FREEMAN MATHIS & GARY, LLP**

                                     */s/ Wayne S. Melnick*
                                     Theodore Freeman
                                     Georgia Bar No. 276350
                                     tfreeman@fmglaw.com
                                     Wayne S. Melnick
                                     Georgia Bar No. 501267
                                     wmelnick@fmglaw.com
                                     A. Ali Sabzevari
                                     Georgia Bar No. 941527
                                     asabzevari@fmglaw.com

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

                                   */s/ L. Warren Turner, Jr.*
                                     L. Warren Turner, Jr.
                                     Georgia Bar No. 719491
                                     warren@lwturnerlaw.com

P.O. Box 157
Valdosta, GA 31603
(229) 247-5005 (telephone)
(229) 247-6657 (facsimile)          *Attorneys for Defendant Jay Floyd*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JAY FLOYD'S MOTION TO DISMISS BY WAY OF SPECIAL APPEARANCE** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification to the following:

Chevene B. King, Jr.
The C.B. King Law Firm
PO Drawer 3468
Albany, Georgia 31706

Paul Threlkeld
Oliver Manner, LLP
P.O. Box 10186
Savannah, Georgia 31412

James L. Elliott
Elliott, Blackburn & Gooding, PC
3016 North Patterson Street
Valdosta, Georgia 31602

Timothy M. Tanner
Coleman Talley LLP
910 N. Patterson Street
Valdosta, Georgia 31602

This 28th day of February, 2017.

                */s/ Wayne S. Melnick*
                Wayne S. Melnick
                Georgia Bar No. 501267
                wmelnick@fmglaw.com

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia  30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
281242