IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KENNETH JOHNSON, et al., * | |
| * | |
| Plaintiffs, * | |
| * | |
| v. * | Civil Action |
| * | File No. 7:16-CV-00141-WLS |
| BRANDEN BELL, et al.. * | |
| * | |
| Defendants. * | |

## *SPECIAL APPEARANCE* MOTION TO DISMISS COMPLAINT AND AMENDED COMPLAINT OF DEFENDANTS MICHAEL ADAMS, HOWARD FISHER, ROY HART, STRYDE JONES, RANDY LIGHTSEY, MARK MASKULE, JACK PRIDDY, KERRY QUINN, BRYCE WHITENER AND JACK WINNINGHAM

Defendants Michael Adams, Howard Fisher, Roy Hart, Stryde Jones, Randy Lightsey, Mark Maskule, Jack Priddy, Kerry Quinn, Bryce Whitener and Jack Winningham (collectively, "these Defendants) file this Motion to Dismiss Complaint (Doc. 1) and Amended Complaint (Doc. 72) pursuant to FRCP 12(b)(4) and (5) and show the Court as follows.[1]

1. This case is a "renewal" under Georgia law (OCGA § 9-2-61) of several cases previously pending and dismissed by Plaintiffs in the Superior Court of Lowndes County, Georgia. (Doc. 1, p. 2).

---

[1] These Defendant make this special appearance without waiving, and expressly preserving, all defenses available to them under applicable law.

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 1 of 5

2. Lowndes County Sheriff Chris Prine was the only named defendant in Civil Action No. 2013CV1230 and the remaining eighteen (18) LCSO Defendants (including these Defendants) were among the thirty-eight (38) named defendants in Civil Action No. 2015CV706. [2]

3. Subsequent to Plaintiffs' dismissals of their Superior Court suits, the defendants in those cases (including these Defendants) filed Motions for Attorneys' Fees.  On August 18, 2016, the Superior Court informed counsel for the respective parties that the Court had determined that the pending Motions for Attorneys' fees should be granted and that attorneys' fees and expenses would be awarded to each of the movants.  Thereafter, the Superior Court scheduled hearings to determine the amounts of fees and expenses to be awarded. [3] The basis of the Superior Court's determination that attorneys' fees and expenses should be awarded was that the Plaintiffs' claims against the Defendants lacked substantial justification in that the same were substantially frivolous, substantially groundless or substantially vexatious within the meaning of OCGA § 9-15-14(b).

4. On August 17, 2016, Plaintiffs initiated this action by filing the Complaint (Doc. 1) with the Clerk of Court.  Plaintiffs waited 89 days to cause summonses to be issued by the Clerk of Court.

5. Just before midnight on November 15, 2016, the 90th day after filing, Plaintiffs' counsel filed a Motion (Doc. 42) to extend the time to serve all of the named defendants.

---

[2] The Civil Action Numbers referred to are the case numbers from the Superior Court of Lowndes County, Georgia.

[3] See Notice of Filing filed herewith as Exhibit 1.  The hearings to determine the reasonable and necessary attorneys' fees and expenses to be awarded are scheduled to continue during the week of March 6, 2017.  See Hearing Calendar filed herewith as Exhibit 2.

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 2 of 5

6. Ultimately, the Court granted Plaintiffs an extension of time until February 23, 2017 within which to complete service of process. (Doc. 79).

7. These Defendants are Lowndes County Sheriff's Deputies (Doc. 1). Lowndes County Sheriff Chris Prine is named as a defendant in this case. (Doc. 1, ¶ 9).

8. At various times between December 30, 2016 and February 23, 2017, Plaintiffs caused copies of a summons and the Complaint (Doc. 1) and/or the Amended Complaint (Doc. 72) to be delivered to these Defendants. [4]

9. The copies of a summons and Complaint and/or Amended Complaint that Plaintiffs caused to be delivered to these Defendants was delivered to each of them by a Lowndes County Sheriff's Deputy. Plaintiffs have acknowledged their use of Lowndes County Sheriff's Deputies to attempt to serve process upon the Lowndes County Sheriff and Lowndes County Sheriff's Deputies named as defendants in this action. (Doc. 83, ¶¶ 1-2).

10. Service upon Sheriff's Deputies by another Sheriff's Deputy in a case in which the ***Sheriff and Sheriff's Deputies are parties*** is not permitted and is improper service. FRCP 4(c)(2) provides that "Any person who is at least 18 years old and ***not a party*** may serve a summons and complaint" (emphasis supplied).

11. Under Georgia law, process shall be served by the sheriff or sheriff's deputy or by "a person who is ***not a party*** [and] not younger than 18 years of age …" (emphasis supplied). OCGA § 9-11-4(c)(1) and (4).

---

[4] Defendants Troy Black, Christopher Burke, Wanda Edwards, Christi Griffin, Logan Henderson, John Marion, Aaron Pritchett, Chris Prine and James Thornton were not served on or before February 23, 2017, the last day for service pursuant to the Court's Order (Doc. 79) extending the time for service. Defendants Black et al. have pending a Motion to Dismiss for lack of service. See Doc. 87.

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 3 of 5

12. Parties may not serve process. Any such service is not permitted and is improper. See *Abrams v. Abrams* 239 Ga. 866 (1977) (holding that sheriffs are disqualified to perform their official duties in cases in which they have an interest; service made by a party is void). Plaintiffs' purported service of these Defendants is void. Plaintiffs and their counsel have been on notice that Plaintiffs' purported service is void at least since January 20, 2017. [5]

13. Plaintiffs' purported service of these Defendants is void and is out of time under Georgia law applicable to renewal actions.

14. These Defendants respectfully request that the Court enter an Order dismissing Plaintiffs' Complaint and Amended Complaint.

This 3rd day of March, 2017.

                                            ELLIOTT, BLACKBURN & GOODING, PC

                                            /s/ James L. Elliott
                                            James L. Elliott
                                            GA Bar No. 244244

Elliott, Blackburn & Gooding, PC
Attorneys at Law
3016 North Patterson Street
Valdosta, GA 31602
Phone: (229) 242-3333
Fax: (229) 242-0696
jelliott@ebbglaw.com

---

[5] On January 20, 2017, Defendants Adams, Jones, Whitener and Winningham filed a Motion to Dismiss (Doc. 73). Among the grounds for dismissal urged, they showed the Court that Sheriff's deputies are disqualified to serve process in cases in which the sheriff has an interest and that any such purported service is void. Plaintiffs did not timely respond to that Motion to Dismiss nor have they ever responded. That Motion to Dismiss (Doc. 73) stands unopposed and should be granted. A proposed Order (Doc. 88, Attachment 1) has been submitted to the Court for consideration.

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 4 of 5

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing the following by filing the same with the Court's CM/ECF electronic filing system:

CHEVENE B. KING, JR.
THE C.B. KING LAW FIRM
POST OFFICE DRAWER 3468
ALBANY, GA 31706

PATRICK T. O'CONNOR
PAUL THRELKELD
OLIVER MANER, LLP
P.O. BOX 10186
SAVANNAH, GA 31412

TIMOTHY M TANNER
910 N PATTERSON ST
VALDOSTA, GA 31601

THEODORE FREEMAN
WAYNE S. MELNICK
ARASH ALI SABZEVARI
661 FOREST PKWY
FOREST PARK, GA 30297

DEVON ORLAND
40 CAPITOL SQUARE, S.W.
ATLANTA, GA 30334-1300

JOHN GEE EDWARDS
108 E VALLEY ST
VALDOSTA, GA 31601

This 3rd day of March, 2017.

                ELLIOTT, BLACKBURN & GOODING, PC

                /s/ James L. Elliott
                James L. Elliott
                GA Bar No. 244244

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 5 of 5