IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

KENNETH JOHNSON, et al.,          *
                                  *
        Plaintiffs,               *
                                  *
v.                                *   Civil Action
                                  *   File No. 7:16-CV-00141-WLS
BRANDEN BELL, et al..             *
                                  *
        Defendants.               *

---

### *SPECIAL APPEARANCE* MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND AMENDED COMPLAINT OF DEFENDANTS MICHAEL ADAMS, HOWARD FISHER, ROY HART, STRYDE JONES, RANDY LIGHTSEY, MARK MASKULE, JACK PRIDDY, KERRY QUINN, BRYCE WHITENER AND JACK WINNINGHAM

Defendants Michael Adams, Howard Fisher, Roy Hart, Stryde Jones, Randy Lightsey, Mark Maskule, Jack Priddy, Kerry Quinn, Bryce Whitener and Jack Winningham (collectively, "these Defendants) file this Memorandum of Law in Support of Motion to Dismiss Complaint (Doc. 1) and Amended Complaint (Doc. 72) pursuant to FRCP 12(b)(4) and (5) and show the Court as follows.[1]

---

[1] These Defendant make this special appearance without waiving, and expressly preserving, all defenses available to them under applicable law.

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 1 of 8

## **Procedural History**

This case is a "renewal" under Georgia law (OCGA § 9-2-61) of several cases previously pending and dismissed by Plaintiffs in the Superior Court of Lowndes County, Georgia. (Doc. 1, p. 2). Lowndes County Sheriff Chris Prine was the only named defendant in Civil Action No. 2013CV1230 and the remaining eighteen (18) LCSO Defendants (including these Defendants) were among the thirty-eight (38) named defendants in Civil Action No. 2015CV706. [2]

Subsequent to Plaintiffs' dismissals of their Superior Court suits, the defendants in those cases (including these Defendants) filed Motions for Attorneys' Fees. On August 18, 2016, the Superior Court informed counsel for the respective parties that the Court had determined that the pending Motions for Attorneys' fees should be granted and that attorneys' fees and expenses would be awarded to each of the movants. Thereafter, the Superior Court scheduled hearings to determine the amounts of fees and expenses to be awarded. The basis of the Superior Court's determination that attorneys' fees and expenses should be awarded was that the Plaintiffs' claims against the Defendants lacked substantial justification in that the same were substantially frivolous, substantially groundless or substantially vexatious within the meaning of OCGA § 9-15-14(b). Attorneys' fees and expenses of litigation awarded under OCGA § 9-15-14 in a prior action between the same parties shall be treated as court costs with regard to the filing of any subsequent action. OCGA § 9-15-14(g).

On August 17, 2016, Plaintiffs initiated this action by filing the Complaint (Doc. 1) with the Clerk of Court. Plaintiffs waited 89 days to cause summonses to be issued by the Clerk of Court for Adams (Doc. 38), Jones (Doc. 8), Whitener (Doc. 13) and Winningham (Doc. 22). Just

---

[2] The Civil Action Numbers referred to are the case numbers from the Superior Court of Lowndes County, Georgia.

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 2 of 8

before midnight on November 15, 2016, the 90th day after filing, Plaintiffs' counsel filed a Motion (Doc. 42) to extend the time to serve all of the named defendants.

These Defendants are Lowndes County Sheriff's Deputies (Doc. 1).  Lowndes County Sheriff Chris Prine is named as a defendant in this case.  (Doc. 1, ¶ 9). At various times between December 30, 2016 and February 23, 2017, Plaintiffs caused copies of a summons and the Complaint (Doc. 1) and/or the Amended Complaint (Doc. 72) to be delivered to these Defendants. [3]  The copies of a summons and Complaint and/or Amended Complaint that Plaintiffs caused to be delivered to these Defendants was delivered to each of them by a Lowndes County Sheriff's Deputy. Plaintiffs have acknowledged their use of Lowndes County Sheriff's Deputies to attempt to serve process upon the Lowndes County Sheriff and Lowndes County Sheriff's Deputies named as defendants in this action.  (Doc. 83, ¶¶ 1-2).

Following the filing of their Motion (Doc. 42) to extend the time to serve defendants, Plaintiffs conceded in Plaintiffs' Second Motion for Extension of Time (Doc. 54) that any service thereafter would be futile as to the state law claims which were filed on behalf of Plaintiffs individually, as well as to any claims in which service of process had not been perfected or accomplished.  (Doc. 54, p. 1).  Plaintiffs conceded this because they could not show the diligence required by state law in perfecting service following commencement of a renewal action under OCGA § 9-2-61.

Thus, Plaintiffs have admitted their failure to satisfy the service requirements of Georgia law when commencing and serving a renewal action. Only after making that admission did

---

[3] Defendants Troy Black, Christopher Burke, Wanda Edwards, Christi Griffin, Logan Henderson, John Marion, Aaron Pritchett, Chris Prine and James Thornton were not served on or before February 23, 2017, the last day for service pursuant to the Court's Order (Doc. 79) extending the time for service.  Defendants Black et al. have pending a Motion to Dismiss for lack of service.  See Doc. 87.

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 3 of 8

Plaintiffs cause copies of summonses and complaints to be delivered to these Defendants. And that delivery was made upon these Lowndes County Sheriff's Deputies by other Lowndes County Sheriff's Deputies in a case in which they and the Lowndes County Sheriff are named as defendants.

## Argument and Authorities

Service upon Sheriff's Deputies by another Sheriff's Deputy in a case in which the ***Sheriff and Sheriff's Deputies are parties*** is not permitted and is improper service. FRCP 4(c)(2) provides that "Any person who is at least 18 years old and ***not a party*** may serve a summons and complaint" (emphasis supplied). Under Georgia law, process shall be served by the sheriff or sheriff's deputy or by "a person who is ***not a party*** [and] not younger than 18 years of age …" (emphasis supplied). OCGA § 9-11-4(c)(1) and (4).

Here, the Lowndes County Sheriff is named as a party. All of these Defendants are Lowndes County Sheriff's Deputies. Service of these Defendant Sheriff's Deputies was purportedly accomplished by a Lowndes County Sheriff's Deputy. Such purported service is not permitted by FRCP 4 or OCGA § 9-11-4. Parties are presumed to have an interest in the cases in which they are named. Sheriff's Deputies, when acting in their capacity as such, are acting for the Sheriff who has appointed them pursuant to Georgia law. Parties may not serve parties. Any such service is not permitted and is improper. See also ***Abrams v. Abrams*** 239 Ga. 866 (1977) (holding that sheriffs are disqualified to perform their official duties in cases in which they have an interest; service made by a party is void). Plaintiffs' purported service of these Defendants is void.

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 4 of 8

Plaintiffs and their counsel have been on notice that Plaintiffs' purported service is void at least since January 20, 2017. [4]

Plaintiffs previously dismissed and re-filed this case outside the applicable statute of limitations.  Georgia's renewal statute provides in pertinent part:

> "When any case has been *commenced* in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be *recommenced* in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . ."  O.C.G.A. § 9-2-61(a) (emphasis added).

The question is thus "when the instant lawsuit was 'commenced' as contemplated by the renewal statute."   Georgia law provides that, in order to obtain the benefit of tolling of the statute of limitations which is what the renewal statute is designed to provide, an action is not "commenced" until service of process has been made and service that is perfected after expiration of the statute of limitations will relate back to the date of filing of the complaint only in two conditions: (i) when the plaintiff perfected service within five days of the filing of the complaint; and (ii) when the plaintiff otherwise diligently attempted to perfect service.  *See Johnson v Am. Meter Co.*, 412 F. Supp.2d 1260, 1263 (N.D. Ga. 2004) (collecting Georgia renewal cases recognizing and applying this rule); *Morris v. Haren*, 52 F.3d 947, 949 (11th Cir. 1995) (applying state definition of commencement to renewal action filed in federal court); *and see also Cambridge Mut. Fire Ins. Co. v. Claxton*, 720 F.2d 1230, 1233 (11th Cir. 1983); *Wade v. Whalen*, 232 Ga.

---

[4] On January 20, 2017, Defendants Adams, Jones, Whitener and Winningham filed a Motion to Dismiss (Doc. 73). Among the grounds for dismissal urged, they showed the Court that Sheriff's deputies are disqualified to serve process in cases in which the sheriff has an interest and that any such purported service is void.  Plaintiffs did not timely respond to that Motion to Dismiss nor have they ever responded.  That Motion to Dismiss (Doc. 73) stands unopposed and should be granted.  A proposed Order (Doc. 88, Attachment 1) has been submitted to the Court for consideration.

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 5 of 8

App. 765, 765, 504 S.E.2d 456, 458 (1998) (holding that the commencement date of an action will relate back only if the plaintiff can show "that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible"), *overruled on other grounds in Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314, 320-321, 765 S.E.2d 413 (2014).

If "service is perfected more than five days after the filing of the complaint and after the statute of limitations has run, service will relate back only if the plaintiff diligently attempted to perfect service." *Claxton*, 720 F.2d at 1233; *see also Morris*, 52 F.3d at 949. In order to show diligence in attempting service, the plaintiff must "show that he acted in a reasonable and diligent manner" to "effectuate proper service as quickly as possible." *Johnson*, 412 F. Supp.2d at 1263-1264; *Wade*, 232 Ga. App. at 765, 504 S.E.2d at 458. "Diligence is measured from the time of filing the renewal action, not from the ending date of the six-month period under the renewal statute." *Johnson*, 412 F. Supp.2d at 1264. "As the burden rests on the plaintiff to ensure diligent service, she must provide specific dates or details to show diligence and cannot rely on conclusory statements." *Zeigler v. Hambrick*, 257 Ga. App. 356, 357, 571 S.E.2d 418 (2002) (affirming a finding of a lack of diligence where the plaintiff failed to provide any evidence that she took any steps to ensure that her renewal action was served, such as by making inquiries at the marshal's office or by requesting a special process server).

Plaintiffs cannot and do not show the required diligence. To the contrary, Plaintiffs concede no timely effort whatsoever was made to serve any of the defendants. Plaintiffs' first attempt at service on any of movants here was 135 days after suit was filed. Because this action was filed after the expiration of the two-year statute of limitations, because service did not occur within five days of filing, and because Plaintiffs cannot and did not show diligent efforts to

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 6 of 8

effectuate service and instead admit to the contrary, they cannot avail themselves of the renewal statute to toll the two-year statute of limitations and all of their claims are time barred.  The purported service of these Defendants is out of time under applicable Georgia law and the Complaint and Amended Complaint should therefore be dismissed.

## <u>Conclusion</u>

Plaintiffs' purported service of these Defendants is void and is out of time under Georgia law applicable to renewal actions.  These Defendants respectfully request that the Court enter an Order dismissing Plaintiffs' Complaint and Amended Complaint.

This 3rd day of March, 2017.

ELLIOTT, BLACKBURN & GOODING, PC


 /s/ James L. Elliott
James L. Elliott
GA Bar No. 244244

Elliott, Blackburn & Gooding, PC
Attorneys at Law
3016 North Patterson Street
Valdosta, GA 31602
Phone: (229) 242-3333
Fax: (229) 242-0696
jelliott@ebbglaw.com

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 7 of 8

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing the following by filing the same with the Court's CM/ECF electronic filing system:

CHEVENE B. KING, JR.
THE C.B. KING LAW FIRM
POST OFFICE DRAWER 3468
ALBANY, GA 31706

PATRICK T. O'CONNOR
PAUL THRELKELD
OLIVER MANER, LLP
P.O. BOX 10186
SAVANNAH, GA 31412

TIMOTHY M TANNER
910 N PATTERSON ST
VALDOSTA, GA 31601

THEODORE FREEMAN
WAYNE S. MELNICK
ARASH ALI SABZEVARI
661 FOREST PKWY
FOREST PARK, GA 30297

DEVON ORLAND
40 CAPITOL SQUARE, S.W.
ATLANTA, GA 30334-1300

JOHN GEE EDWARDS
108 E VALLEY ST
VALDOSTA, GA 31601

This 3rd day of March, 2017.

ELLIOTT, BLACKBURN & GOODING, PC


 /s/ James L. Elliott
James L. Elliott
GA Bar No. 244244

In the United States District Court for the Middle District of Georgia Valdosta Division
Civil Action File No. 7:16-CV-00141-WLS

Page 8 of 8