IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| KENNETH JOHNSON, et al. | * | CASE NO. |
|    Plaintiffs, | * | |
| | * | 7:16-CV-00141-WLS |
| vs. | * | |
| | * | |
| BRIAN BELL, et al. | * | |
|    Defendants. | * | |

### MEMORMANDUM OF LAW IN SUPPORT OF DEFENDANT RYAN HALL'S MOTION TO DISMISS BY WAY OF SPECIAL APPEARANCE

COMES NOW, Defendant Ryan Hall, by and through his undersigned counsel, by way of special appearance and without waiving and specifically reserving all defenses available to him, pursuant to Rules 12(b) and 4(m) of the Federal Rules of Civil Procedure, and Local Rule 7.1, files this Memorandum of Law in support of his Motion to Dismiss by way of Special Appearance and respectfully asks this Court to dismiss Plaintiff's Complaint (Doc.1) and Amended Complaint (Doc. 72), and further shows this Honorable Court as follows:

### STATEMENT OF FACTS AND CITATION OF AUTHORITY

Plaintiffs filed this lawsuit as a renewal action stemming from a complaint filed in the Superior Court of Lowndes County, Georgia. Ryan Hall was a named defendant in the underlying Superior Court complaint. Said complaint was filed in Lowndes County Superior Court on January 12, 2015.

## I. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED AS TO RYAN HALL FOR LACK OF PROPER SERVICE AND LACK OF PERSONAL JURISDICTION IN THE UNDERLYING STATE ACTION

From January 12, 2015 through December 16, 2015, Plaintiff's failed to serve Ryan Hall with the Summons and Complaint filed in Lowndes County Superior Court. Plaintiff's failed to serve Ryan Hall with the numerous amended complaints later filed in Lowndes County Superior Court.

On December 17, 2015, Defendant Ryan Hall filed a Motion to Dismiss the Indictment as to Ryan Hall due to lack of service of the original complaint and subsequent amended complaints. Plaintiffs failed to respond to Ryan Hall's Motion to Dismiss for lack of service. Instead, Plaintiffs served Ryan Hall with portions of the original complaint and portions of the amended complaints just days before voluntarily dismissing their lawsuit on March 1, 2016.

Plaintiffs failed to exercise due diligence and act in a reasonable and diligent manner in perfecting service on Ryan Hall in the underlying state case which is the basis for the renewed complaint in this case. Corley v. Gilley, 205 Ga. App. 660 (1992); Livingston v. Taylor, 284 Ga. App. 638 (2007)

Proper service of a defendant must be perfected in order for a plaintiff to take advantage of the renewal statute and recommence a cause of action that was voluntarily dismissed. Plaintiffs failed to perfect proper service on Ryan Hall before voluntarily dismissing their state claim in Lowndes County Superior Court.

Any further action against Ryan Hall related to any claims within the renewed lawsuit, or any claims that could have been or should have been brought as a claim in the original state lawsuit, must be dismissed for lack of personal service and lack of personal jurisdiction based upon the circumstances outlined above.

## II. PLAINTIFFS COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS

Georgia's renewal statute provides that if a case was commenced within the original statute of limitations and the plaintiff voluntarily dismisses the case, the plaintiff may commence the case within six months after the dismissal, pursuant to O.C.G.A. § 9-2-61(a). Plaintiffs dismissed their underlying action on March 1, 2016. Plaintiffs filed this present action on August 17, 2016.

Defendant Ryan Hall was not served with the present action filed in this Court on August 17, 2016 until February 20, 2017, over seven months after the filing of the renewed complaint in this Court.

According to the docket, Plaintiffs filed an Amended Complaint with this Court. Defendant Ryan Hall has never been served with a copy of the Amended Complaint.

Georgia law extends the statute of limitations to include a recommencement of the action within six months after the dismissal. Plaintiffs renewal action is now barred as the six-month time limit allowed by Georgia law expired on September 1, 2016.

Georgia law provides that a new action must be commenced within six months in order to toll the statute of limitations after a voluntary dismissal. Under Georgia law, "commenced" means that service of process must be made.

"A renewed lawsuit under O.C.G.A. § 9-2-61(a) is an action de novo; therefore, the procedural requirements of filing a new complaint and <u>perfecting service</u> must be met anew. <u>Davis v. Bushnell</u>, 245 Ga. App 221, 222 (2000) (emphasis added)

Under Georgia law, service only relates back to the date of filing if diligence is shown and plaintiff carries the burden of demonstrating to the Court that service outside the five days was diligently performed and done as quickly as possible. <u>Zeigler vs. Hambrick</u>, 257 Ga. App. 356 (2002)  When a complaint is filed near the end of the statute of limitations period but service is not perfected until afterwards, the service only relates back where the plaintiff exercised due diligence in perfecting service. <u>Giles vs. State Farm Mut. Ins. Col</u>, 220 Ga. App. 314, 319 (2014)

In the present case, Plaintiffs cannot show the exercise of due diligence in waiting over an additional six months from the expiration of the original six months provided by Georgia law, in total over twelve months from the date of the voluntary dismissal of Plaintiff's original state case in Lowndes County Superior Court.

Furthermore, Plaintiffs admitted that the renewal action is barred by the six-month time limit allowed by Georgia law under the renewal statute.  Plaintiffs concede that their motion for extension of time (Doc. 42) would be futile, at least as to the state law claims. (Doc. 54, p. 1)

For the foregoing reasons, Defendant Ryan Hall's Motion to Dismiss must be granted.

## **CONCLUSION**

Based upon the foregoing reasons, Defendant Ryan Hall respectfully requests this Court dismiss Plaintiffs' Complaint. Defendant Ryan Hall also respectfully asks the Court that Defendant Hall be allowed to adopt and incorporate similar arguments offered by his Co-Defendants that are legally similarly situated in support of this motion.

Respectfully submitted, this 13th day of March, 2017.

       /s/ Byron D. Watson
      Georgia Bar No. 542470
      Attorney for Ryan Hall

101 East Central Avenue, Fourth Floor
Post Office Box 40
Valdosta, Georgia 31603
Telephone: (229) 247-0207
Facsimile: (229) 245-0693
byron@byronwatsonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing by filing the with the Court's CM/ECF electronic filing system and sending notice of filing to all attorneys of record.

This 13th day of March, 2017.

/s/ Byron D. Watson
Georgia Bar No. 542470
Attorney for Ryan Hall

101 East Central Avenue, Fourth Floor
Post Office Box 40
Valdosta, Georgia 31603
Telephone: (229) 247-0207
Facsimile: (229) 245-0693
byron@byronwatsonlaw.com