IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| KENNETH JOHNSON et al., | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| **vs.** | ) | FILE NO.: **7:16 -CV-141 (WLS)** |
| BRANDEN BELL, et al., | ) | |
| Defendants. | ) | |

**PLAINTIFFS RESPONSE TO DEFENDANT STEVE OWENS', D/B/A
OWEN'S TRANSPORT SERVICE, MOTION TO DISMISS**

COMES NOW Plaintiffs Kenneth Johnson and Jacquelyn Johnson, by and through their undersigned counsel, and in response to Defendant Steve Owens, d/b/a Owens Transport Service's Motion to Dismiss, submit the following for this Court's consideration:

Statement of Facts and Procedural Background

The plaintiffs hereby adopt this Defendant's Statement of Facts and Procedural Backgrounds, except as to the following:

1.Although a copy of the amended complaint which was filed in this Court may not have been served upon this defendant, the original or initial complaint, which stated that plaintiffs' action is "based upon substantially the same cause of action is asserted in" the state action, the state action asserted against this defendant an action under 42 U.S.C.§1983 as a part of one of their amendments to the state action prior to Plaintiff's voluntary dismissal on March 1, 2016. Consequently, the amended complaint in the instant federal is not the first time that this defendant was placed on notice that the plaintiffs were asserting a claim against him under 42

U.S.C.§1983.

2. To the extent that this Defendant argues that Plaintiffs' responses to interrogatories served upon them during the pendency of the state action demand a finding or constitute proof that "Mr. Owens was not sued for a civil rights violation" is in error. At the time that plaintiffs responded to this defendant's interrogatories, plaintiffs had not yet filed their final amended complaint in the state action. It was in this final amended complaint that plaintiffs asserted their claim against this defendant under 42 U.S.C.§1983. As a result, the final amended complaint effectively negated or nullified any response to interrogatories which had been previously stated and were in conflict with the assertions contained in the amended complaint.

3. Although this defendant was correct as to the issue of whether a proof of service was filed with the clerk's office for the Lowndes County Superior Court as of the date on which the instant motion to dismiss was filed, such as no longer the case. Since the date on which the instant motion was filed, a Sheriff's Entry of Service has been filed in the clerk's office for the Lowndes County Superior Court. This entry of service indicates that Defendant Steve Owens was personally served with a copy of the state action on January 5, 2016, approximately two (2) months before the plaintiffs' voluntary dismissal on March 1, 2016.

ARGUMENT AND CITATIONS OF AUTHORITY

I. THE ENTIRETY OF PLAINTIFFS' COMPLAINT IS NOT BARRED BY THE STATUTE OF LIMITATIONS.

A. <u>The Renewal Action as it Relates to Plaintiffs' Section 1983 Claims Are Not Barred by the Statute of Limitations</u>.

As defendant correctly points out, Georgia's renewal statute provides that if the case was commenced within the statute of limitations and the plaintiff voluntarily dismisses the action, the

plaintiff may recommence the case within 6 months after dismissal. See O.C.G.A.§§ 9-2-61 and 9-11-41. These statutes have been read to mean that service of process must be accomplished within 5 days of the filing of any renewal complaint, so long as the renewal complaint is "filed" within 6 months of the voluntary dismissal. However, the 5 day tolling provision as set forth in O.C.G.A.§ 9-11-4(c) applies to situations where the plaintiff is attempting to renew state law claims, as opposed to claims based on federal law. As to claims which are based on federal law, federal procedure controls and dictates the amount of time that a plaintiff has in which to perfect service of process. Accordingly, with regards to plaintiffs' state law claims, plaintiffs concede that the defendant's argument is correct in the absence of any finding that the plaintiffs demonstrated diligence in attempting to perfect service which ultimately occurred outside the aforementioned 5-day period. Plaintiffs do not concede that the defendant's argument applies to the renewal of federal law claims and, thus, plaintiffs' claim based upon §1983 in particular.

B. <u>While the Statute of Limitations May Bar Any New Federal Cause of Action, Any Federal Action That Was Asserted as an Amendment in the Original State Action Is Not.</u>

This defendant argues that because Georgia's two-year statute of limitations for personal injury governs and sets forth the statute of limitations for Section 1983 claims, that any such claim that was not asserted within 2 years of the death of plaintiffs' son (or January 14, 2013) is barred by the statute of limitations. This argument, however, ignores several key points.

The first point is that O.C.G.A.§9-11-15(c) allows a plaintiff to amend his or her complaint to add claims and have them "relate back" to the original filing date, so long as the claim arises from the same set of facts as originally pled. Consequently, and assuming that all of the section 1983 violations occurred on the date of Kendrick Johnson's death, §9-11-15 would permit plaintiffs to assert those claims through an amendment that was filed later that 2 years

from the date of the aforementioned death. See Cole v. Atlanta Gas Light Co., 144 Ga.App. 575 (1978).

The second point is that to the extent that plaintiffs are asserting that there were section 1983 violations following the date of Kendrick Johnson's death, such as the conspiracy to cover up the true manner of death, as well as, the identity of the persons responsible, then the date on which the statute of limitations begins to run would depend on factors such as the date on which any conduct in furtherance of the effort to cover-up takes place. The point is, defendant's argument that the §1983 claims expired 2 years from Kendrick Johnson's death is an inappropriately narrow construction of the events and a distortion as to when the statute of limitations began to run.

C.  Defendant's Argument That "Any New State Causes of Action Are Barred by the Statute of Limitation," Depends on the Statute of Limitations for That Particular Cause of Action.

If the defendant is arguing that the plaintiffs have asserted a new cause of action that is governed by O.C.G.A.§9-3-33, there is no dispute. However, if, as in this case, plaintiffs have asserted a claim for the loss of their son's services, this is a claim that is deemed to be one pertaining to a loss of property, as opposed to a personal injury or wrongful death action. As a consequence, it is governed by a 4 year statute of limitations. Hence, to the extent that Kendrick Johnson disappeared at approximately 1:00 p.m. on January 10, 2013 and whose body was discovered on the following morning of January 11, 2013, it is not clear as to what time he actually died and, thus, on which date. If he died after 12:00 a.m. on January 11, 2013, the statute of limitations for plaintiffs' claim for such loss would expire 4 years later or on January 11, 2017, which is the date on which plaintiffs filed their amended complaint in the federal action.

II. **PLAINTIFFS' COMPLAINT AGAINST THIS DEFENDANT IS NOT REQUIRED TO BE DISMISSED FOR FAILURE TO JOIN IT WITH THE COMPLAINT AGAINST HARRINGTON'S FUNERAL HOME.**

This defendant argues that Harrington's funeral home was sued by plaintiffs for allegedly committing the acts that Defendant Owens is also accused of committing, i.e., disposing of the clothing and internal organs of Kendrick Johnson. This argument fails in one very significant respect. The plaintiffs hired Antonio Harrington and his funeral home to properly handle the remains of their son and for purposes of providing funeral arrangements. Consequently, there was a contractual relationship between the Plaintiffs and Harrington's Funeral Home. That was not the case with regards to Defendant Owens. The services of Defendant Owens was a choice and contract that was made between the Lowndes County Sheriff's Department and Steve Owens, d/b/a Owens Transport Service. Moreover, the plaintiffs have not alleged that Steve Owens and Antonio Harrington collaborated or had an agreement to mishandle the remains of plaintiffs' son. Until there is some proof that the damage caused to plaintiffs by each such defendant was the same, any such argument by this defendant is misplaced, or at a minimum, premature.

III. **AS TO THIS DEFENDANT'S ARGUMENT THAT THE PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED BECAUSE THE ACTION IS VOID FOR FAILURE TO DEMONSTRATE SERVICE OF PROCESS IN THE UNDERLYING STATE ACTION, THIS ARGUMENT HAS BEEN ADDRESSED.**

This argument has been addressed in Part IA of this response. Accordingly, this argument is without merit inasmuch as the return of service in the underlying state action has been filed with the clerk of the Superior Court of Lowndes County. It should also be noted that failure to make proof of service does not affect the validity of service. O.C.G.A.§ 9-11-4(h). In this regard, it has been held that in your regular or incomplete return is not void, but even an averment of

service evidently constitute sufficient basis for completing process. Roberts v. Roberts, 226 Ga. 203 (1970). Moreover, since the return imports verity, *the defendant has the burden of showing improper service*, which this defendant has yet to fulfill or satisfy. See Yelle v. U.S. Suburban Press, Inc., 216 Ga.App. 46 (1995).

IV. DEFENDANTS CLAIM THAT THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, IS WITHOUT MERIT.

This defendant argues that the plaintiffs' complaint as relates to their section 1983 claims do not state a constitutional claim, and therefore, are subject to dismissal under Rule 12(b)(6). In response, the plaintiffs argue that the defendants have engaged in a conspiracy to interfere or deny plaintiffs access to the courts. To the extent that Defendant Owens was hired by the Lowndes County Sheriff's Department or the Lowndes County Coroner's Office or the City of Valdosta and its Police Department, and in the course of that relationship participated in the aforementioned conspiracy, this defendant has become a state actor.

With regards to this defendant's argument that plaintiffs have failed to identify a specific constitutional right or that they have suffered an actual or threatened injury, these arguments are also without merit. Denial of access to the courts is a constitutional right and injury.

V. THE DEFENDANTS ARGUMENT THAT PLAINTIFFS' CLAIMS ARE BARRED BECAUSE PLAINTIFFS FAILED TO TIMELY PERFECT SERVICE OF PROCESS IN ACCORDANCE WITH FEDERAL LAW AND LACK OF PERSONAL JURISDICTION AS A RESULT IS ANOTHER ARGUMENT WITHOUT MERIT.

In regards to the foregoing argument, this defendant fails to acknowledge that the Court granted the plaintiffs additional time in which to perfect service of process upon the defendants in this action. Service of process as to this defendant was accomplished within the time frame

that was set forth in the Court's order. Consequently, and at least with respect to the federal claims brought against this defendant, this defendant's argument that plaintiffs' section 1983 claims are barred against him are without merit for the reasons previously set forth above.

VI. THE DEFENDANT'S ARGUMENT THAT THE AMENDED COMPLAINT SHOULD BE STRICKEN AS TO HIM BECAUSE IT WAS FILED BEFORE HE WAS SERVED WITH THE INITIAL COMPLAINT IS A MATTER THAT CAN BE CURED, BUT SHOULD NOT BE FATAL. INSOFAR AS ITS APPLICATION TO THIS DEFENDANT.

VII. THE DEFENDANT'S ARGUMENT THAT NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED BECAUSE GEORGIA LAW DOES NOT RECOGNIZE SUCH A CAUSE OF ACTION APPEARS TO BE AN ARGUMENT THAT IS SUPPORTED BY CASE AUTHORITY, AND AS A CONSEQUENCE, IS NOT DISPUTED.

VIII. THE DEFENDANT'S ARGUMENT THAT THE PLAINTIFFS CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED BECAUSE THE CONDUCT COMPLAINED OF WAS NOT DIRECTED TOWARDS THE PLAINTIFFS IS AN ARGUMENT WITHOUT MERIT.

The plaintiffs contend that the mishandling of their son's remains, was directed towards them in an effort to dissuade them from pursuing an investigation into the manner of their son's death, as well as, their attempt to identify those who were responsible. Hence, plaintiffs contend that they are in a position to demonstrate that this effort to interfere with their investigation or to obstruct justice was malicious. Therefore, this argument is without merit.

IX. THE DEFENDANTS ARGUMENT THAT THIS ACTION SHOULD BE DISMISSED BECAUSE COST IN THE UNDERLYING ACTION HAVE NOT BEEN PAID, IS WITHOUT MERIT.

This argument is without merit inasmuch as no court order has issued indicating an amount that has been awarded to any defendant for attorneys fees pursuant to O.C.G.A.§ 9-15-14. Hence, this argument is without merit.

<u>Conclusion</u>

Based on the foregoing, the plaintiffs respectfully as this Court to deny this defendant's motion to dismiss their complaint.

This 15th day of March, 2017.

          THE C.B. KING LAW FIRM

          BY: <u>/s/Chevene B. King, Jr.</u>
            Chevene B. King, Jr.
            Attorney for Plaintiffs

Prepared by:
Chevene B. King, Jr.
Post Office Drawer 3468
Albany, GA  31706
(229)436-0524
State Bar No.:  420105