IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| KENNETH JOHNSON, et al. | : | |
| Plaintiffs, | : | Case No.: 7:16-cv-00141-WLS |
| vs. | : | |
| BRIAN BELL, et al. | : | |
| Defendants. | : | |

<u>DEFENDANT STEVE OWENS', D/B/A OWENS
TRANSPORT SERVICE, REPLY TO RESPONSE TO
MOTION TO DISMISS BY WAY OF SPECIAL APPEARANCE</u>

COMES NOW Defendant Steve Owens, d/b/a Owens Transport Service, by and through his undersigned counsel, and files this Reply to Response to Motion to Dismiss by way of Special Appearance. In support hereof, Mr. Owens shows this Honorable Court as follows.

I.   RESPONSE TO PLAINTIFFS' STATEMENT OF FACTS.

Plaintiffs argue a claim against Mr. Owens for a violation of 42 U.S.C. § 1983 was alleged in the state action in an amended complaint prior to the dismissal of the state action. (Doc. 96, pages 1-2). Respectfully, this is not the case. Attached hereto is a certified copy of the record from the state court action showing that the sixth amended complaint was the last complaint filed prior to the voluntary dismissal. A copy of the sixth amended complaint is attached along with

1

all other amended complaints. The Plaintiffs contend that this "final amended complaint" before the case was dismissed, i.e. the sixth amended complaint, included such a claim against Mr. Owens. However, the sixth amended complaint never mentions Mr. Owens and pertains to other defendants. No other complaint brings a § 1983 cause of action against Mr. Owens.

Next, the Plaintiffs allege service was made on Mr. Owens in the underlying action on January 5, 2016, just before the action was dismissed. (Doc. 96, page 2). This is correct, but service was not timely and there is no proof of diligence in trying to obtain valid service. Indeed, service was performed almost a year after the initial lawsuit was filed in Dekalb County on January 12, 2015.

II.  RENEWED STATE CLAIMS ARE ADMITTEDLY BARRED.

Plaintiffs concede their state claims are barred by the statute of limitations. (Doc. 96, page 3). Thus, both parties agree that any state claims against Mr. Owens should be dismissed.

III.  NO FEDERAL ACTIONS WERE ASSERTED IN UNDERLYING STATE ACTION AGIANST MR. OWENS AND ARE NOW TIME BARRED.

Plaintiffs agree the two year statute of limitations would bar any new federal causes of action. (Doc. 96, page 3). However, Plaintiffs contend that they filed an amendment to their complaint in the state action that alleged a § 1983 violation against Mr. Owens and that the cause of action would relate back for statute of

2

limitation purposes. (Id.). However, Plaintiffs did not file a claim against Mr. Owens in the state action pursuant to § 1983. (See, exhibits attached hereto). Thus, the new federal action is time barred because it was not brought in the underlying state action nor raised during the applicable statute of limitations.

Even if such claim were made in the state action, there would be no relation back. "The question of relation back of the amendment turns on fair notice of the *same general fact situation* from which the claim arises. It is apparent that the strict rule of no relation back of the amendment to the time of filing the original complaint because of the assertion of a new cause of action is no longer applicable unless the causes of the action are not only different but *arise out of wholly different facts*." Smith v. Wilfong, 218 Ga. App. 503, 505-06 (1995). Plaintiffs initially said they were not pursuing a claim for a civil rights violation in their interrogatory responses. Consequently, Mr. Owens never had notice of a claim under § 1983, and was told there was no such claim. Samples v. Barnes Group, Inc., 175 Ga. App. 253 (1985)("The original pleading did not give fair notice to appellee of the general fact situation out of which the claim set forth in the fourth amended complaint arouse"). Entirely different facts are used to support the new legal theory. Instead of suggesting the tort of emotional distress, Plaintiffs allege he was somehow a state actor and deprived them of unidentified civil rights.

Also, any renewed § 1983 action is time barred under the renewal statute. Plaintiffs contend, without citation to authority, "the 5 day tolling provision as set forth in O.C.G.A. § 9-11-4(c) applies to situations where the plaintiff is attempting to renew state law claims as opposed to claims based on federal law". (Doc. 96, page 3). But, Plaintiffs' action is only available through Georgia's renewal statute at O.C.G.A. § 9-2-61(a). Thus, the Federal Rules of Civil Procedure cannot act to toll a statute of limitations determined by state law. <u>Walker v. Armco Steel Corp.</u>, 446 U.S. 740 (1980). To hold otherwise would create improper disparate treatment between cases renewed in state court and those in federal court because different times for commencement would apply. <u>Ragan v. Merchants Transfer & Warehouse Co.</u>, 337 U.S. 530 (1949)(enforcement of state laws should not vary between federal and state courts, thus service should have been accomplished as per state law for statute of limitations purposes). State law directs that service more than five days after filing does not relate back to the time of filing unless due diligence in perfecting service was performed. <u>Giles v. State Farm Mut. Ins. Co.</u>, 330 Ga. App. 314 (2014). "A suit commences only after the filing of a petition and the proper service of process upon the defendant as required and authorized by law." <u>Thornburn Co. v. Allied Media</u>, 237 Ga. App. 800 (1999)(citations omitted). Plaintiffs have not shown due diligence in seeking to perfect service and, under

Walker and Ragan, the state statute of limitations applies and any renewal is time barred.

Lastly, even applying the Federal Rules of Procedure, service was not effected within 90 days and no diligence on the part of the Plaintiffs was performed to ensure late service. Thus, because service was outside of the 90 day window under Rule 4(m), it does not relate back to toll the statute of limitations.

IV.    NEW STATE CAUSES OF ACTION.

Plaintiffs argue they "asserted a claim for the loss of their son's services" that is "a loss of property" and governed by a four year statute of limitations. (Doc. 96, page 4). Plaintiffs refer to such a cause of action in their amended complaint and claim they are "entitled to recover for the laws [sic] of said child's services pursuant to O.C.G.A. § 19-7-1(a)". This Code Section relates to tort recovery for homicide and wrongful death of a child. Harden v. United States, 485 F.Supp. 380 (S.D. Ga. 1980), *rev'd on other grounds*, 688 F.2d 1025 (5th Cir. 1982). O.C.G.A. § 9-3-33 governs torts like wrongful death and Plaintiffs cannot now bring new actions against Mr. Owens over two years after he provided transportation for the remains of the deceased. Western & A.R.R. v. Bass, 104 Ga. 390 (1897)(wrongful death treated as personal injury action subject to two year statute of limitations); In re Air Crash Disaster, 879 F.Supp. 1196 (N.D. Ga.

5

1994)(Georgia two year statute of limitations barred wrongful death and survival claims arising from plane crash).

Moreover, there is no evidence or allegation Mr. Owens ever did anything to cause the death of the Plaintiffs' son. Plaintiffs speculate that Mr. Owens acted inappropriately *after* their son passed away when he transported the body of the deceased. Plaintiffs' prior responses to interrogatories confirm that they only believe Mr. Owens was involved in a conspiracy to cover up the nature of the cause of death of the deceased. (Doc. 67, Exh. 1, response 1). Plaintiffs do not contend Mr. Owens caused a wrongful death and any action for loss of services should be dismissed.

V.   THE FUNERAL HOME SHOULD BE JOINED AS A PARTY.

Harrington's Funeral Home was sued by the plaintiffs for allegedly committing the acts that Mr. Owens has also been accused of committing, i.e. disposing of the clothing and internal organs of the deceased. Mr. Owens denies doing this and asks the Court to dismiss the case for failure to join Harrington Funeral Home as a party. Attached hereto are certified copies of the complaints from that litigation. If the complaint is not dismissed for failure to join the funeral home as a party, then Mr. Owens asks that the Court order the funeral home to be joined under Federal Rules of Civil Procedure, Rules 19 and 20.

VI.     FAILURE TO SERVE MR. OWENS IN THE STATE ACTION.

Plaintiffs claim service on Mr. Owens over a year after the lawsuit was filed was effective, but service was after the statute of limitations ran and Plaintiffs did not diligently pursue service.  "[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity." Holmes v. Georgia, 2010 U.S. Dist. LEXIS 137275, case no. 10:07-CV-202 (WLS)(M.D. Ga. 2010)(quotation and citation omitted).  Failure to use reasonable diligence and waiting a year to perfect service does not toll the statute of limitations.  Jackson v. Piper Aircraft Corporation, 147 Ga. App. 178 (1978).  Thus, any renewal action should be dismissed for failure to promptly perfect service in the underlying state action.  Osborne v. Hughes, 200 Ga. App. 558, 559 (1991)("renewal statute applies only to actions that are valid prior to dismissal" and "[t]o constitute a 'valid action,' the complaint must be personally served on the defendant"); Hobbs v. Arthur, 246 Ga. 359 (1994)(finding original suit void if serve not perfected).

VII.    FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE
        GRANTED.

Plaintiffs are bringing a claim pursuant to § 1983 insofar as "the defendants have engaged in a conspiracy to interfere or deny plaintiffs access to the courts". (Doc. 96, page 6).  Plaintiffs offer no authority, support or factual basis for how

7

they were denied access to the courts, or how "[d]enial of access to the courts is a constitutional right and injury". (Id.). Plaintiffs claim "based upon information and belief, the aforesaid clothing disappeared while in the possession of Defendant STEPHEN WESLEY OWENS and as such, said defendant disposed of said clothing as part of the aforesaid conspiracy to hide or cover up the true circumstances surrounding Kendrick Johnson's death". Plaintiffs never identify what information or beliefs support these allegations and testified they had no evidence that Mr. Owens did anything or was involved in a conspiracy.

The only time the complaints assert a cause of action under § 1983 against Mr. Owens is in the "preliminary statement" of the amended complaint which states claims under §§ 1983 and 1985 "against EACH AND EVERY DEFENDANT named herein to seek redress for the aforesaid violation of rights of KENDRICK LAMAR JOHNSON and the significant damages he suffered". The complaint later claims an action under 42 U.S.C. §§ 1983 and 1985 is being brought only against the school and its employees. (Doc. 1, page 5). The amended complaint vaguely claims "each of the defendants are liable…due to a civil conspiracy…to interfere with their due process and equal protection rights under the Constitution for the State of Georgia". (Doc. 72, page 4).

The complaints never assert Mr. Owens was a state actor, or how he became one. Plaintiffs now allege in their response to the motion to dismiss, without

8

authority or any factual basis, if Mr. Owens was hired by a local government office, he became a state actor if he joined a conspiracy to deny plaintiffs access to the courts. (Doc. 96, page 6). Contrary to Plaintiffs' assertions, independent contractors with governmental entities are not state actors for § 1983 purposes. Fletcher v. State, 858 F.Supp. 169 (M.D. Fla. 1994)("State regulation, substantial state funding, or a contractual relationship with a state government do not provide a sufficient nexus for state action."). A private action only becomes state action when the state "exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the [government]". Nat'l Broadcasting Co. v. Communications Workers of America, 860 F.2d 1022, 1025 (11th Cir. 1988)(citations and quotations omitted). "Mere approval of or acquiescence in the initiatives of a private party is not sufficient". Id. (citations and quotations omitted).

The plaintiff must allege facts to establish their claims beyond the level of speculation. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court must examine the legal conclusions and factual allegations of the complaint for plausibility. Id. at 678-79. Claims resting on a "thread-bare" recital of elements, with naked legal conclusions, and "unadorned" accusations do not pass the plausibility test. Id. at 678. Here, there is no assertion, much less evidence, that Mr. Owens was a state actor. In fact, there are sworn responses to interrogatories

where the Plaintiffs said he was not a state actor. Nor is there a sufficient averment in the complaints to demonstrate a constitutional right(s) was infringed by Mr. Owens, how he joined a conspiracy, or what act or omission caused a deprivation.

VIII. PLAINTIFFS' CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED.

Plaintiffs claim "they are in a position to demonstrate that this effort to interfere with their investigation or to obstruct justice was malicious". (Doc. 96, page 7). Plaintiffs offer no evidence as to how these allegations are supported in the complaints or based in evidence.

IX. UNPAID COSTS WILL SOON BE OUTSTANDING.

"[A]ny unpaid costs in a previous action which are unknown after a good faith inquiry but discovered after the filing of a new action must be paid within a reasonable time to preserve jurisdiction." Michaels v. Kroger Co., 193 Ga. App. 40, 41 (1989), *quoting*, Daugherty v. Norville Indus., 174 Ga. App. 89, 91 (1985) and Kroger Co. v. Michaels, 183 Ga. App. 62 (1987). Thus, assuming plaintiffs do not pay the costs after they are fully determined by the state court, this action should be dismissed as an invalid renewal action.

<u>Conclusion</u>

For the reasons herein and those reasons in Mr. Owens' motion to dismiss, he asks that the complaints against him be dismissed by the Court.

Respectfully submitted, this the 28th day of March, 2017.

/s/ John Gee Edwards
John Gee Edwards
Attorney for Mr. Owens
State Bar No.: 241298

Address of Counsel:

108 East Valley Street
Valdosta, Georgia 31601
Phone: 229-242-1790
Fax: 229-242-5257
Email: johngeeedwards@gmail.com

Certificate of Service

I hereby certify that I have this day served a copy of the foregoing on counsel of record following by filing the same with the Court's CM/ECF electronic filing system.

This the 28th day of March, 2017.

/s/ John Gee Edwards
John Gee Edwards
Attorney for Mr. Owens
State Bar No.: 241298

Address of Counsel:

108 East Valley Street
Valdosta, Georgia 31601
Phone: 229-242-1790
Fax: 229-242-5257
Email: johngeeedwards@gmail.com