IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| KENNETH JOHNSON, et al. | : | |
| Plaintiffs, | : | Case No.: 7:16-cv-00141-WLS |
| vs. | : | |
| BRIAN BELL, et al. | : | |
| Defendants. | : | |

DEFENDANT OWENS' RESPONSE TO PLAINTIFFS' NOTICE OF THEIR WITHDRAWAL OF OPPOSITION AND RESPONSES TO DEFENDANTS' MOTIONS TO DISMISS

COMES NOW Defendant Steve Owens, d/b/a Owens Transport Service, by and through his undersigned counsel and files this Response to Plaintiffs' Notice of Their Withdrawal of Opposition and Responses to Defendants' Motions to Dismiss and shows this Honorable Court as follows:

Procedural Background and Statement of Facts

Mr. Owens filed a motion to dismiss the complaint and amended complaint for a variety of reasons. (Docs. 78 and 98). The motion to dismiss is pending with the Court. Now, the Plaintiffs formally withdraw any opposition to the motions to dismiss and ask the Court to dismiss the case without prejudice. (Doc. 107).

Argument

Plaintiffs argue that the "renewal action is subject to dismissal" and the dismissal of the action should be without prejudice. (Doc. 107). They claim that the case of <u>Betty K. Agencies, LTD v. M/V Monada</u>, 432 F.3d 1333 (11th Cir. 2005), provides that "[d]ismissals under F.R.C.P. Rule 4 for failure to timely serve process are made without prejudice". (Doc. 107, page 2). This is not the holding of the case, however. A full reading of the case reveals that the Eleventh Circuit found the district court did not provide a sufficient record to justify a dismissal with prejudice for failure to perfect service. Thus, the case does not hold that a dismissal with prejudice is never warranted for failure to perfect service as argued by the Plaintiffs.

The <u>Betty K. Agencies</u> case discusses the basis for a dismissal with prejudice, including a dismissal under Rule 41(b) and a district court's "inherent power to manage its docket". <u>Betty K. Agencies, LTD</u>, 432 F.3d at 1337. The Court has authority to order a dismissal with prejudice, and Defendant Owens asks the Court to do so. Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Here, Defendant Owens moved to dismiss the complaints for a variety of reasons. Should the Court rule that dismissal is warranted for reasons other than "jurisdiction, improper venue, or failure to join a party", the dismissal should operate as an adjudication on the merits.

The Court may also dismiss with prejudice as part of its inherent power to control its docket. Under the <u>Betty K. Agencies, LTD</u> decision, the Court's inherent power to dismiss a case with prejudice should only be used when "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice". 432 F.3d at 1338 (citations and quotations omitted).

Plaintiffs are manipulating the rules of federal procedure in order to avoid a dismissal with prejudice. Plaintiffs could file a voluntary dismissal, but are aware that such a dismissal would operate as a dismissal with prejudice under Rule 41(a). Instead, Plaintiffs ask the Court to dismiss a case they concede should be dismissed. Plaintiffs intend to bring a third action based on the same underlying facts against the Defendants pursuant to the Georgia R.I.C.O. statute, and are fearful that a dismissal with prejudice would prevent the action. (Doc. 107, page 2). Given that the Plaintiffs withdrawal of opposition to the motions to dismiss actually creates a situation akin to a second voluntary dismissal or a stipulation of dismissal, this Court should dismiss the case with prejudice.

Plaintiffs are engaging in a pattern of delay by refusing to voluntarily dismiss their case, and by other litigious conduct in this case. Plaintiffs sought an extension to perfect service, but never provided proof of service as ordered by the Court after being given an extension. Plaintiffs concede the extension of service was pointless as the statute of limitations expired given the untimely service. Plaintiffs caused the Defendants to file motions to dismiss knowing that the statute of limitations expired. Plaintiffs contested Mr. Owens' motion to dismiss and he was forced to reply. As such, Plaintiffs' litigious conduct protracted the litigation. Plaintiffs requested and received an extension to perfect service, and now claim their own errors in service require the Court to dismiss the case without prejudice.

The case should be dismissed with prejudice as Mr. Owens incurred unnecessary legal fees defending this case. Lesser sanctions such as an award of attorney fees could be appropriate, but will not suffice as an award of attorneys fees is already being contemplated in the initial action filed by the Plaintiffs in Superior Court of Lowndes County. Further, given that the Plaintiffs are intent on filing a third action under Georgia R.I.C.O., despite a total absence of proof of a crime or conspiracy, a dismissal with prejudice could preclude further frivolous litigation. An award of attorney fees may not necessarily preclude another filing.

If the Court determines that a dismissal without prejudice is appropriate, Mr. Owens ask the Court to consider a dismissal with conditions that Plaintiffs pay

attorney fees before filing any additional actions based on the same facts underlying this action. <u>Versa Prods. v. Home Depot, USA, Inc.</u>, 387 F.3d 1325 (11th Cir. 2004)(conditions placed on voluntary dismissal were appropriate and did not amount to legal prejudice).

    Respectfully submitted, this the 19th day of May, 2017.

                                           <u>/s/ John Gee Edwards</u>
                                           John Gee Edwards
                                           Attorney for Mr. Owens
                                           State Bar No.: 241298

Address of Counsel:

108 East Valley Street
Valdosta, Georgia 31601
Phone: 229-242-1790
Fax: 229-242-5257
Email: johngeeedwards@gmail.com

<u>Certificate of Service</u>

I hereby certify that I have this day served a copy of the foregoing on counsel of record following by filing the same with the Court's CM/ECF electronic filing system.

This the 19th day of May, 2017.

/s/ John Gee Edwards
John Gee Edwards
Attorney for Mr. Owens
State Bar No.: 241298

Address of Counsel:

108 East Valley Street
Valdosta, Georgia 31601
Phone: 229-242-1790
Fax: 229-242-5257
Email: johngeeedwards@gmail.com

6