IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| KENNETH JOHNSON and<br>JACQUELYN JOHNSON, et al., | :<br>:<br>: | |
| Plaintiffs, | : | CASE NO.: 7:16-CV-141 (WLS) |
| | : | |
| v. | : | |
| | : | |
| BRIAN BELL, et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER**

**I.  Procedural History**

The instant action was filed on August 11, 2016, alleging a number of actions against a number of defendants related to the tragic death of seventeen-year-old Kendrick Lamar Johnson on January 10, 2013. (Doc. 1.) Under Federal Rule of Civil Procedure 4(m), service was required to be completed on November 15, 2016. The Johnsons, however, did not request summonses from the clerk's office until November 14, 2016 for most of the Defendants and until November 15, 2016 for Defendants Lowndes County High School District, Jay Floyd, and Fred Wetherington. (Docs. 3–41.) Plaintiffs' counsel believed he had 120 days to complete service, and had delayed service in the hopes of amending the Complaint prior to the Defendants' answers. (Doc. 42 at 1–2.) When he realized his error, counsel obtained the summonses "and proceeded to send to the defendants' attorneys copies of the complaint via FedEx Next Day Delivery." (*Id.* at 2.)

Plaintiffs filed a motion for an extension of time to complete service on November 15, 2016. (Doc. 42.) The Court set the motion for a hearing to take place on December 14, 2016, and invited Defendants to file responses by November 29, 2016 and Plaintiffs to file a response by December 6, 2016. (Doc. 45.) The hearing was later reset to December 20, 2016. (Doc. 51; *see* Docket.)

On December 6, 2016—the deadline for the reply—Plaintiffs filed a motion for extension of time. (Doc. 52.) The Court granted the Motion, but cautioned that in the future "motions for extensions must be made **no later than two business days before the expiration of the time period sought to be extended.**" (Doc. 53 at 1–2 (emphasis in original).) Plaintiffs were permitted to file a reply brief not later than December 12, 2016. (*Id.*) The day after the new deadline, Plaintiffs submitted yet another motion for an extension of time. (Docs. 54–55.) The Court denied the request for several reasons, including that the motion was not filed two business days before the due date. (Doc. 57.)

Following the hearing, on January 11, 2017, the Johnsons filed an amended complaint. (Doc. 72.) The Court granted Plaintiffs' motion for an extension of time to complete service on February 9, 2017. (Doc. 79.) It required that Plaintiffs complete service not later than February 23, 2017. (*Id.*)

By April 12, 2017, it was still unclear whether service was complete. The Court ordered Plaintiffs to make proof of service as to each Defendant not later than April 26, 2017. (Doc. 103.) The deadline came and went without any response from Plaintiffs. (*See* Docket.) On April 28, 2017, Plaintiffs announced they sought to dismiss the action without prejudice. (Doc. 107.)

Along the way, a number of motions to dismiss have piled up on the Court's docket. Defendants Michael Adams, Stryde Jones, Bryce Whitener, and Jack Winningham filed the first on January 20, 2017. (Doc. 73.) The same day, Defendants City of Valdosta, Larry Hanson, Ray McGraw, Frank Simmons (Doc. 74), Lowndes County High School, William Taylor, and Fred Wetherington (Docs. 75; 77) did the same. Plaintiffs' responses to these motions were due February 10, 2017. *See* M.D. Ga. L.R. 7.2. Plaintiff sent a letter to the Clerk of Court on February 13, 2017 incorrectly asserting the responses were due on February 13, 2017 and requesting a fourteen-day extension. *See* M.D. Ga. L.R. 6.3.[1] Despite

---

[1] As with the error in calculating the number of days to complete service, counsel's error here likely resulted from failing to stay current with the federal rules. A 2016 amendment to the Federal Rules of Civil Procedure removed a three-day extension given to parties when they were served with a motion electronically. Fed. R. Civ. P. 4(d) advisory committee's note to 2016 amendment.

its untimeliness, the request was granted. (*See* Docket.) And despite the extension, Plaintiffs failed to ever file a response. (*See id.*)

Defendant Steve Owens' motion to dismiss came next on February 9, 2017. (Doc. 78.) Plaintiffs also requested a fourteen-day extension from the Clerk of Court for this response, which was granted. (Doc. 92.) A response was filed on March 15, 2017. (Doc. 96.) Owens replied on March 28, 2017. (Docs. 98; 99.)

Also on February 9, 2017, the Court extended Plaintiffs' time to complete service, which resulted in fresh waves of motions to dismiss on February 24, 2017 (Doc. 87 (Defendants Aaron Pritchett, Roy Black, Christi Griffin, Logan Henderson, James D. Thornton, Christopher Prine, John Marion, and Wanda Edwards)), February 28, 2017 (Doc. 89 (Defendant Jay Floyd)), March 1, 2017 (Docs. 90; 91 (Defendants Branden Bell, Brian Bell, and Rick Bell and Defendants City of Valdosta, Larry Hanson, Ray McGraw, and Frank Simmons)), March 3, 2017  (Doc. 93 (Defendants Michael Adams, Howard Fisher, Roy Hart, Stryde Jones, Randy Lightsey, Mark Maskule, Jack Priddy, Keery Quinn, Bryce Whitener, and Jack Winningham)), March 10, 2017 (Doc. 94 (Defendants Amy Braswell, Rodney Bryan, Steve Callahan, Maryanne Gaffney-Kraft, Wes Horne, Lindsay Marchant, Kristen Perry, and Steve Turner)), and March 13, 2017 (Doc. 95 (Defendant Ryan Hall)). Plaintiffs failed to respond to any of these motions. (*See* Docket.)

On April 28, 2017, Plaintiffs filed a Notice of Their Withdrawal of Opposition and Responses to Defendants' Motions to Dismiss. (Doc. 107.) While the motion is titled as plural, Plaintiffs has only made one response to the pending motions to dismiss. (Doc. 96.) He requests that this action be dismissed for failure to make timely service under Federal Rule of Civil Procedure 4 so that he may bring another action against Defendants in state court under Georgia's Racketeer Influenced and Corrupt Organizations Act (R.I.C.O.). (Doc. 107.) Defendant Steve Owens responded on May 19, 2017. (Doc. 108.) Plaintiffs never replied. (*See* Docket.)

## II.    Federal Rule of Civil Procedure 4 and Dismissals with Prejudice

Under Federal Rule of Civil Procedure 4(m), an action must be dismissed without prejudice for failing to make timely service. Plaintiffs are required to make proof of service,

3

which they have failed to do in this case. *See* Fed. R. Civ. P. 4(l)(1). There is no evidence in the record that service was timely completed. Accordingly, the claims against Defendants Branden Bell, Brian Bell, Rick Bell, Ryan Hall, Chris Prine, Frank Simmons, William Taylor, James D. Thornton, Lowndes County High School District, Fred Wetherington, Jay Floyd, Ray McGraw, Jack Winningham, Wanda Edwards, Stryde Jones, Aaron Pritchett, Logan Henderson, Randy Lightsey, Michael Adams, Jack Priddy, Kerry Quinn, Christi Griffin, Bryce Whitener, Christopher Burke, Roy Black, Howard Fisher, Mark Maskule, Roy Hart, John Marion, Wes Horne, Kristen Perry, Lindsay Marchant, Steve Callahan, Amy Braswell, Steve Turner, Maryanne Gaffney-Kraft, Rodney Bryan, Larry Hanson, City of Valdosta, and any John or Jane Does are hereby **DISMISSED WITHOUT PREJUDICE**. The motions to dismiss filed by those Parties (Docs. 73; 74; 77; 87; 89; 90; 91; 93; 94; 95) are **DENIED AS MOOT**.

Only Owens requests additional relief. First, he notes that his Motion to Dismiss raised more issues than failure to serve and, he asserts, at least one of those issues could entitle him to be dismissed with prejudice. (Doc. 108 at 3.) Presumably Owens is referring to his allegations that Plaintiffs failed to state a claim upon which relief could be granted. (*See* Doc. 78-1 at 10, 15.)[2] He asks the Court to decide those issues. But "[s]ervice of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). In the absence of service, it is therefore improper for the Court to adjudicate an action on its merits. *Jackson v. Warden, FCC Coleman-USP*, 259 F. App'x 181, 183 (11th Cir. 2007) (reversing a dismissal with prejudice for failing to state a claim when defendants had not been properly served).

Second, Owens suggests that either under Federal Rule of Civil Procedure 41(b) or *sua sponte* through its inherent powers, the Court should dismiss the action with prejudice. Rule 41(b) provides three prongs through which a case may be dismissed: for failing to

---

[2] Owens seems to suggest that a dismissal on any ground other than those specified in Rule 41(b)— lack of jurisdiction, improper venue, and failure to join a party under Rule 19—is an adjudication on the merits. (Doc. 108 at 3.) His reading of the rule is too narrow. Rule 41(b) does not alter traditional standards for when a dismissal is with or without prejudice. *Costello v. United States*, 365 U.S. 265, 286 (1961).

prosecute, failing to comply with the civil rules, and failing to comply with a court order. The plain language of Rule 41(b) appears to suggest that a case may only be dismissed after a motion by a defendant. However, the Eleventh Circuit has recognized that the Court may *sua sponte* dismiss an action for the same reasons. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). A dismissal under these circumstances is "an extreme sanction that may be properly imposed only when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Id.* at 1338 (quoting *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995)).

The prongs in this case largely collapse on each other. Plaintiffs have been slow in prosecuting the case, but only as the result of their failure to comply with Court orders and rules. Plaintiffs failed to comply with Federal Rule of Civil Procedure 4(m) by not completing service within ninety days and with the Court orders requiring service to be completed by February 23, 2017 and for proof to be made of that service. (*See* Docs. 79; 103.) However, "[m]ere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). And mere negligence and confusion fully explain Plaintiffs' delay. The Court has already recognized that Plaintiffs did not complete service within the first ninety days because of counsel's ignorance of a 2015 change to Rule 4(m) which reduced the number of days to complete service from 120 to 90. (Doc. 79 at 4–5.) As to the Court's orders to complete service in February and to make proof of that service, Plaintiffs explained a myriad of problems with completing service in a February filing. (Doc. 83.) Plaintiffs were negligent in waiting until the final days of service to bring their problems to the Court's attention (*see* Doc. 84), but Owens has presented no evidence that the conduct was willful or otherwise justifies the extreme sanction of a dismissal with prejudice.

Plaintiffs also defied the Court's order to request extensions of time no later than two business days before the expiration of the time period sought to be extended. The Court has already addressed that issue by denying Plaintiffs' request for an extension of time. (*See* Doc. 57.) No further sanction is justified.

5

Owens additionally argues that the action should be dismissed with prejudice because—he asserts—Plaintiffs are manipulating the federal rules. Rule 41(a)(1)(A) permits a voluntary dismissal by a plaintiff without a court order either (1) before the opposing party serves either an answer or a motion for summary judgment or (2) if all parties consent. However, "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). Owens asserts that a voluntary dismissal by the Plaintiffs would operate as an adjudication on the merits here because of Plaintiffs' previous dismissal in state court. To get around that bar, Owens asserts, Plaintiffs have failed to make service in order to get the second dismissal they desire.

Assuming for the sake of this motion that Plaintiffs' previous dismissal in state court would make any voluntary dismissal here with prejudice, Owens' argument is still without merit. Again, "[m]ere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct." *Zocaras*, 465 F.3d at 483. The record is replete with evidence that Plaintiffs attempted to complete service in this action, but because of alleged noncompliance with the federal rules and other problems, they were unable to ever adequately do so. (*See* Docs. 73-1 at 5 (service made by a Sheriff's deputy which is allegedly prohibited by Rule 4(c)(2)); 79 at 3 (noting Plaintiffs' attempt to make service to Defendants' attorneys through FedEx); 90 at 2 (attempting to serve Defendant's wife); 83 (acknowledgement by Plaintiffs that they had failed to complete service and requesting emergency assistance).)[3] It stretches credulity to suggest Plaintiffs manipulated the rules by intentionally failing to complete service in order have their case dismissed. Rule 41(a)(1)(B) provides no basis to dismiss this case with prejudice

Owens attempts to buttress his argument by noting that "Plaintiffs are intent on filing a third action under Georgia R.I.C.O., despite a total absence of proof of a crime or conspiracy, [and] a dismissal with prejudice could preclude further frivolous litigation." Plaintiffs have made no R.I.C.O. claims in this action and, in any event, the Court does not

---

[3] The Court never had occasion to decide the legal merits of these arguments. But it suffices to show that all Parties admit Plaintiffs attempted to complete service.

6

consider the "proof" supporting Plaintiffs' allegations at this stage of litigation. The Court has no basis to find a future action would be frivolous.

Finally, Owens requests that "[i]f the Court determines that a dismissal without prejudice is appropriate, Mr. Owens ask[s] the Court to consider a dismissal with conditions that Plaintiffs pay attorney fees before filing any additional actions based on the same facts underlying this action." (Doc. 108 at 4–5.) He asserts attorney's fees are an appropriate "lesser sanction." However, the Court concludes Owens has only shown Plaintiffs acted negligently. Because it cannot conclude Plaintiffs engaged in a clear pattern of delay or willful contempt, there is no basis to consider a lesser sanction. To the extent Owens is seeking attorney's fees under Rule 11, he has failed to make a separate motion as required by the rule. *See* Fed. R. Civ. P. 11(c)(2).

Accordingly, the claims against Defendant Steve Owens are hereby **DISMISSED WITHOUT PREJUDICE**. His motion to dismiss (Doc. 78) is **DENIED AS MOOT**.

**SO ORDERED**, this 13th day of June, 2017.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**